Chester Ray Wiseman (Pine)
(Name)
P.O. Box 799002 480 Alta Road
(Address)
San Diego, Ca. 92179-9002
(City, State, Zip)
K-65722
(CDC Inmate No.)

2254 ____ 1983 ✓
FILING FEE PAID
Yes ____ No ✓
IFP MOTION FILED
Yes ✓ No ____
COPIES SENT TO
Court ✓ ProSe ____

FILED
JUL 14 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

# United States District Court
## Southern District of California

Chester Ray Wiseman Pine,
(Enter full name of plaintiff in this action.)

Plaintiff,

v.

Robert J. Hernandez, et. al.
Sylvia H. Garcia,
E. Contreras,
E. Marrero,
(Enter full name of each defendant in this action.)

Defendant(s).

'08 CV 1272 LAB NLS
Civil Case No. ____________
(To be supplied by Court Clerk)

Complaint Under the Civil Rights Act 42 U.S.C. § 1983

**A. Jurisdiction**

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

**B. Parties**

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, Chester Ray Wiseman Pine (print Plaintiff's name), who presently resides at R.J. Donovan Correctional Facility F2-8-102 ad.seg. (mailing address or place of confinement), were violated by the actions of the below named individuals. The actions were directed against Plaintiff at R.J. Donovan Correctional Facility (institution/place where violation occurred) on (dates) 12-27-06 (Count 1), 3-10-08 (Count 2), and ____ (Count 3)

2. Defendants: (Attach same information on additional pages if you are naming more than 4 defendants.)



CK

See attached Parties

Defendant _______ (name) resides in _______ (County of residence),
and is employed as a _______ (defendant's position/title (if any)). This defendant is sued in
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law:

Defendant _______ (name) resides in _______ (County of residence),
and is employed as a _______ (defendant's position/title (if any)). This defendant is sued in
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law:

Defendant _______ (name) resides in _______ (County of residence),
and is employed as a _______ (defendant's position/title (if any)). This defendant is sued in
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law:

Defendant _______ (name) resides in _______ (County of residence),
and is employed as a _______ (defendant's position/title (if any)). This defendant is sued in
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law:

# PRAYER FOR RELIEF

Wherefore, plaintiff pray that this honorable court grant him the following relief sought:

1). Order defendants #(1), #(2), #(3), #(12), to individually pay monetary damages to plaintiff, in the amount of $75,000.00. each;

2). Order defendants #(4), #(5), #(7), #(8), #(9), #(11), to individually pay monetary damages to plaintiff, in the amount of $50,000.00. each;

3). Order defendant #(10), to individually pay monetary damages to plaintiff, in the amount of $30,000.00.;

4). Order defendant #(6), to individually pay monetary damages to plaintiff in the amount of $25,000.00.;

5). Grant plaintiff punitive damages to punish the defendants in the amount of $1,000,000.00. for their unlawful actions and failures to act;

6). Grant plaintiff nominal damages for the violations of his most fundamental civil rights by the defendants, rights guaranteed by both the federal and state constitutions;

7). Grant plaintiff injunctive relief to prevent the defendants from denying plaintiff law library access, access to legal assistance, due process and access to the courts, during the pendency of this case;

8). Grant plaintiff cost of this action.

and fees resulting from this cause of action;

9). Grant this 42 USC §1983 Civil Rights action in all ten of its provisions; and

10). Grant plaintiff any other or further such relief this court deems appropriate under the circumstances surrounding this case in the interest of and to the ends of justice.

Respectfully Submitted

Dated: June 21, 2008.

Chester Ray Wiseman Pine

Chester Ray Wiseman Pine
Plaintiff In Pro Se:

# PARTIES

Chester Ray Wiseman Pine. is at all times herein mentioned. the plaintiff in this cause of action. a state prisoner under the care. custody and control of the California Department of Corrections and Rehabilitation. resides at R.J. Donovan Correctional Facility Ad.seg. F2-8-102. 480 Alta Road. San Diego. California and hereafter shall be known as plaintiff.;

Robert J. Hernandez. is at all times herein mentioned. the Warden of R.J. Donovan Correctional Facility. a defendant in this cause of action. is employed by the California Dept. of Corrections and Rehabilitation, at R.J.D.C.F. 480 Alta Road. San Diego. California and hereafter shall be known as defendant #C1).;

Sylvia H. Garcia. is at all times herein mentioned, Chief Deputy Warden of R.J. Donovan Correctional Facility. a defendant in this cause of action. is employed by California Dept. of Corrections and Rehabilitation, at R.J.D.C.F 480 Alta Road. San Diego. California and hereafter shall be known as defendant #C2).;

E. Contreras. is at all times herein mentioned, the Associate Warden of R.J. Donovan Correctional Facility, a defendant in this cause of action. is employed by the California Dept. of Corrections and Rehabilitation. at R.J.D.C.F. 480 Alta Road. San Diego. California and hereafter shall be known as defendant #C3).;

E. Marrero. is at all times herein mentioned, the Facility 3 Captain of R.J. Donovan Correctional Facility. a defendant in this cause of action. is employed by the

California Dept. of Corrections and Rehabilitation. at R.J.D.C.F. 480 Alta Road. San Diego. California and hereafter shall be known as defendant #(4).;

B. Morris. is at all times herein mentioned. the Facility 2 Captain. at R.J. Donovan Correctional Facility, a defendant in this cause of action, is employed by the California Dept. of Corrections and Rehabilitation. at R.J.D.C.F. 480 Alta Road. San Diego. California and hereafter shall be known as defendant #(5).;

A. Warran. is at all times herein mentioned. the R&R ad.seg. legal property correctional officer at R.J. Donovan Correctional Facility. a defendant in this cause of action. is employed by the California Dept. of Corrections and Rehabilitation. at R.J.D.C.F. 480 Alta Road. San Diego. California and hereafter shall be known as defendant #(6).;

M. Clardy, is at all times herein mentioned, the Principal of education. at R.J. Donovan Correctional Facility, a defendant in this cause of action, is employed by the California Dept. of Corrections and Rehabilitation, at R.J.D.C.F. 480 Alta Road. San Diego. California and hereafter shall be known as defendant #(7).;

Cheryl Van Cleave. is at all times herein mentioned, the Vice Principal of education. at R.J. Donovan Correctional Facility. a defendant in this cause of action. is employed by the California Dept. of Corrections and Rehabilitation. at R.J.D.C.F. 480 Alta Road. San Diego. California and hereafter shall be known as defendant #(8).;

A. Peterson. is at all times herein mentioned, the Senior Librarian. of R.J. Donovan Correctional Facility, a defendant in this cause of action. is employed by the California Dept. of Corrections and Rehabilitation, at R.J.D.C.F. 480 Alta Road. San Diego. California and hereafter shall be known as defendant #(9).;

K. Sterling. is at all times herein mentioned. the facility 3. and Ad. seg. law Librarian. at R.J. Donovan Correctional Facility. a defendant in this cause of action, is employed by the California Dept. of Corrections and Rehabilitation. at R.J.D.C.F. 480 Alta Road. San Diego, California. and hereafter shall be known as defendant #(10).;

Robert Cobb. is at all times herein mentioned. the Litigation Coordinator of R.J. Donovan Correctional Facility. a defendant in this cause of action. is employed by the California Dept. of Corrections and Rehabilitation. at R.J.D.C.F. 480 Alta Road. San Diego. California and hereafter shall be known as defendant #(11).;

D.K. Mcbride. is at all times herein mentioned, the Associate Warden of R.J. Donovan Correctional Facility, a defendant in this cause of action. is employed by the California Dept. of Corrections and Rehabilitation, at R.J.D.C.F. 480 Alta Road. San Diego. California and hereafter shall be known as defendant #(12).

Each defendant named above are at all times herein mentioned state officials. state correctional personnel. and state personnel dealing with state prisoners and as such their actions or failures to act, as

both an individual and/or state prison official or state prison personnel, was committed while acting under color of law.

Each defendant named herein are both individuals and state prison officials. Plaintiff is each defendant named above in their individual capacities. and "not" in the capacities of state officials.

See attached Count 1:

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated:

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

# Count 1:

The following civil rights have been violated:

Plaintiff was denied, prevented, delayed, and deprived of his rights to due process, access to a law library, legal assistance, access to the courts, equal protection under the laws, and subjected to cruel and unusual punishment.

Supporting facts:

1). On December 26, 2006, plaintiff was transferred to R.J. Donovan Correctional Facility (R.J.D.C.F.), from California State Prison-Los Angeles County (C.S.P.-L.A.C.), with pending litigation in both state and federal courts, state No. 06502207, State No. MC017759, federal No. 06-89122.

2). On December 27, 2006, plaintiff made prison officials aware that he had pending litigation, due court dates, deadlines, and requested access to a law library, or legal assistance, to prepare documents for filing to the courts. Prison officials made plaintiff aware that there was no facility 3 (SNY) law library, or legal assistance for (SNY) inmates.

3). On January 27, 2007, assigned (SNY) facility 3 law librarian defendant #(10) Ms. K. Sterling, failed or refused to return plaintiff's original court orders (Proof of pending litigation), and due court deadlines, and further denied him any legal assistance in the preparation and filing of legal papers.

4). On February 2, 2007, plaintiff explained to defendant #(10) Ms. K. Sterling, that he had some

legal papers he needed copied for the courts as soon as possible, and to delay, deny, prevent or deprive plaintiff of due process and access to the courts, failed or refused to collect his legal documents to be copied and filed to the courts in a timely manner.

5). On March 10, 2007, defendant #(10) Ms. K. Sterling, came to housing unit building (#11), to pick up and drop off legal papers, and knowingly, willingly, and prejudicely, refused to accept plaintiff's court orders to up-date his law library (JE) (Judicial Exception) user status, for which there was still no facility 3 law library for CSNY) inmates, nor would defendant #(10) provide any legal assistance or answer any of his legal questions.

6). Because plaintiff was denied all direct access to a prison law library, during the times mentioned above, to research, obtain legal assistance by trained-skilled legal personnel as required, his civil rights action in state court case No. MC017759, his action in federal court case No. 06-89122, and state court case No. 06502207, were dismissed by these courts.

7). Defendant #(1) Mr. Robert J. Hernandez, as warden of R.J.D.C.F. has the power, responsibility, and legal duty, to ensure all prisoners/inmates have access to a law library or legal assistance, at

the prison or institution under the direct supervision of the warden. Defendant #(1) Robert Hernandez, has failed or refused to ensure all prisoners/inmates at R.J.D.C.F. facility 3 (SNY) yard, during December 2006 through March 2008, had access to an adequate law library or legal assistance, by trained-skilled legal personnel as mandated. While having the power and legal duty to ensure all prisoners/inmates at R.J.D.C.F. access to a law library or legal assistance. has failed or refused to do so, as both an individual and state official.

8). Defendant #(2) Sylvia H. Garcia, as chief deputy warden, has a responsibility, the power and legal duty to ensure all inmates confined at R.J.D.C.F. access to an adequate law library or legal assistance by trained skilled legal personnel. As such defendant #(2) did know or reasonably should have known, that inmates on facility 3 (SNY) had NO law library in December 2006 and no access to legal assistance, as mandated for inmates without law library access. And as chief deputy warden of R.J.D.C.F. had failed or refused to ensure inmates on facility 3 (SNY) yard, access to an adequate law library or access to legal assistance by trained-skilled legal personnel, as both an individual and state prison official.

9). Defendant #(3) E. Contreras, as associate

warden of R.J.D.C.F. did know or reasonably should have known, that facility 3 (SNY) inmates were being denied all direct access to a law library, legal assistance and access to the courts. And while having the power and legal duty to ensure all inmates/prisoners access to a law library or legal assistance by trained-skilled legal personnel, has failed or refused to do so, as both a state prison official and an individual.

(10). Defendant #(4) E. Marrero, as facility 3 (SNY) yard captain, has a legal duty and responsibility, to ensure that all (SNY) inmates on facility 3 have access to an adequate law library or legal assistance by trained-skilled legal personnel, to assist inmates in the preparation and filling of meaningful papers to the courts, as mandated. As such defendant #(4) E. Marrero, did know or reasonably should have known, that R.J.D.C.F. facility 3 (SNY) yard had no law library access for (SNY) inmates in December, 2006, January, 2007, February 2007, March 2007, and April 2007, and did not provide any legal assistance by trained-skilled legal personnel, as mandated for prisoners denied access to a law library. While having the power and legal duty to ensure all inmates on facility 3 (SNY) yard have access to an adequate law library, or legal assistance by trained-skilled legal personnel and access to the courts. As both an individual and state prison official defendant #(4) has failed or refused to do so.

11). Defendant #(7) Micheal Clardy, as R.J.D.C.F. education principal, has a legal duty, and responsibility to ensure all inmates at R.J.D.C.F. access to an adequate law library, or legal assistance by trained-skilled legal personnel. As such defendant #(7) did know or reasonably should have known, inmates on facility 3 (SNY) yard were being denied all direct access to an adequate law library, and legal assistance by trained-skilled legal personnel, to assist prisoners in the preparation and filing of legal papers for the courts. While having the power and legal duty to ensure all inmates access to a law library, due process, legal assistance and access to the courts, defendant #(7) has failed or refused to do so, as both an individual and state prison official.

12). Defendant #(8), Cheryl Van Cleave, as R.J.D.C.F. vice principal over education, has a legal duty to ensure all inmates access to a law library or legal assistance. As such defendant #(8) also has a responsibility to assign a competent librarian, to assist inmates in the preparation and filing of legal documents to the courts. While having the power and legal duty to ensure all inmates on all facilities at R.J.D.C.F. access to a law library or access to legal assistance by trained-skilled legal personnel, to ensure all inmates access to the courts, has failed or refused to do so, as an individual and as a state prison official.

13). Defendant #(9) A. Peterson. as R.J.D.C.F. senior librarian. has a responsibility and legal duty to ensure that all librarians at R.J.D.C.F. are adequately trained to assist inmates in the preparation and filing of legal papers to the courts and to ensure all inmates access to a law library or legal assistance by trained skilled legal personnel as mandated. While having the power and legal duty to ensure all inmates access to the courts, defendant #(9) did know or reasonably should known that all (SNY) inmates on facility 3, had no law library access or legal assistance by trained-skilled legal personnel in December 2006, January 2007, February 2007, March 2007, and April 2007, and had failed or refused to correct the unlawful civil rights violations as both an individual and a state prison official.

14). See attached declaration of Plaintiff Chester Ray Wiseman Pine, which explained the denials as they continued to occure and attached exhibits "A", "B", "C", "D", "E", and "F."

//// //// //// ////

//// //// //// ////

//// //// //// ////

//// //// //// ////

See attached Count 2:

Count 2: The following civil right has been violated: ____________________
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

Count 3: The following civil right has been violated:
(E.g., right to medical care, access to courts,

## Count 2:

The following civil rights have been violated:

Plaintiff was denied, prevented, delayed, deprived of his rights to due process, access to his legal property, access to a law library, access to legal assistance, access to the courts, equal protection under the laws and subjected to undue cruel and unusual punishment.

Supporting facts:

14). On March 7, 2008, via telephonic appearance Superior Court Judge honorable Yuri Hofmann, ordered plaintiff to serve all defendants with a summons, complaint, exhibits, proof of service, acknowledgment of summons, to be filed to the court with the next court hearing set for April 7, 2008, 10:00 am Dept. 60. in case No. 37-2007-00074747-CU-MC-CTL.

15). On March 8, 2008, plaintiff took his court ordered documents to facility 3 law librarian to be copied for service on the defendants as ordered by the court on March 7, 2008.

16). On March 8, 2008, plaintiff was placed in ad.seg. administrative segregation for alleged safety concerns, and all of his personal and legal property was rolled up and sent to R&R ad.seg. property for storage.

17). On March 10, 2008, plaintiff was released and placed right back into ad.seg. for alleged emeny concerns, inwhich CDC lieutenant Sanchez initiated and caused a false lock up order for enemy concerns that did not exists.

18). On March 10, 2008, and March 12, 2008, plaintiff made both written and verbal requests for his legal property, access to a law library or legal assistance, due to court due deadlines to no avail.

19). On March 12, 2008, plaintiff filed an inmate 602 appeal/grievance directly to the warden of R.J.D.C.F. defendant #(1) with a letter attached for the warden, explaining the false lock up order for alleged enemy that did not exist, nor did he have any disciplinary actions pending to justify ad. seg. placement. That 602 inmate appeal has still not been responded to at this point nor has any of the attached proof of a false lock up order been returned to plaintiff to exhaust his administrative remedy.

20). On March 17, 2008, via telephonic appearance, Superior Court Judge honorable Brian C. Yep, ordered plaintiff to serve each defendant a summons, complaint, exhibits, acknowledgment of summons, receipt of summons, and to present proof of service to the court and on April 28, 2008, the hearing set for 8:30 am, in Dept. A16, to dismiss the unserved defendants. case No. MC018554.

21). On March 17, 2008, plaintiff made a verbal request to ad. seg. sergeant J. Payne for his legal property to no avail, even after explaining he had litigation in progress prior to being placed in ad. seg. housing and imminent court due dates.

22). On March 17, 2008, plaintiff made another

written request to the R.J.D.C.F. Central Library requesting the return of legal documents given to defendant #(10) for copies, to serve the defendants as ordered on March 7, 2008, and to have access to a law library or legal assistance to no avail.

23). On April 3, 2008, via telephonic appearance in case No. 07C03491, ad. seg. sergeant J. Payne, was present and listened in as Superior Court Judge honorable Carlos P. Baker Jr. ordered plaintiff to serve the defendant with a summons, complaint, and to send the case citations mentioned to the court within (7) days to allow the court to use the citation in deciding the pending motion. At the conclusion of the hearing, ad. seg. sergeant J. Payne, immediately called R&R ad. seg. property and requested all of plaintiff's legal property and he received it shortly thereafter, but was unable to get the correct exhibits, to serve defendants in case No. MC018554, as ordered by the court on March 17, 2008.

24). On April 7, 2008, plaintiff made ad. seg. staff and ad. seg. sergeant Miller B.N. aware that he had a court date set for 4-7-2008, in Dept. 60, at 10:00 am and a standing order to produce via telephonic appearance, during the pendency of the litigation in case No. 37-2007-00074747-CU-MC-CTL, R.J.D.C.F. litigation coordinator defendant #(11)

Robert Cobb was phoned to verify the order to produce and court hearing set for 4-7-2008. Dept. 60. 10:00 am, in which defendant #(11) denied such an order to produce existed. Plaintiff was again denied all access to the court and failed to appear for reasons beyond his control and forced to write the court to explain so his civil rights action would not be dismissed.

25). On April 18, 2008, plaintiff was finally granted law library access, at which time defendant #(10) K. Sterling, became highly upset and abusive towards plaintiff, for gaining law library access and he was no longer on Judicial Exception (JE) library user status. Defendant #(10) had refused to come to ad. seg. to allow ad. seg. inmates law library access, to punish plaintiff for being named as a defendant in one of his civil rights actions, case No. 74747-CU-MC-CTL. and to prejudice him and the outcome of the proceedings.

26). On April 18, 2008, plaintiff made both written and verbal requests directly to R&R ad. seg. property officer A. Warran, defendant #(6) requesting his legal property, to obtain the correct legal papers to serve the defendants with the summons, complaint, exhibits, and other legal documents as ordered by the court. Defendant #(6) A. Warran, requested to see a court order or proof of pending litigation, in which plaintiff

presented court orders, court due dates, and court deadlines for 3 three different courts. to no avail. Defendant #(6) still refused to bring plaintiff's legal property, to prevent, delay, deprive and intentionally, deny him access to the courts, to prejudice him and the outcome of the court proceedings, as both an individual and as a State prison official.

27). On April 28, 2008, plaintiff made ad.seg. prison officers aware that he had a court date set for 4-28-2008, Dept. A16, at 8:30 am, and a standing court order, for him to appear via telephonic appearance, during the pendency of the case. in case No. MC018554. Plaintiff was again denied his right to be heard by the court and to appear via telephonic appearance as order by the court, resulting in plaintiff's civil rights action being dismissed by the court, where the court stated: (there being no appearance, and proof of service of any defendants, the court orders the case dismissed without prejudice). This is/was the direct result of the defendant's unlawful and unconstitutional actions and conduct and failures to act, as both individuals and state prison officials.

28). On or about May 5, 2008, defendant #(5) facility 2 captain B. Morris, was making rounds from cell to cell talking to inmates. Plaintiff stopped defendant #(5) to explain the problems he was having with obtaining

his legal property, legal court ordered telephonic appearances, access to a law library, or legal assistance and access to the courts, while showing court due dates court orders and imminent court deadlines, Defendant #(5) B. Morris, stated to plaintiff, that he had to get a cellie (cell mate), and move over to building 6 and then he could have all the access to a law library he wanted. Plaintiff explained to defendant #(5) that access to the courts was a right not a privilege, and as facility 2 captain defendant #(5) had a responsibility, the power and a legal duty, to ensure all prisoners/inmates on facility 2 access to a law library, access to legal assistance, due process, access to the courts, equal protection and a right to be free from cruel and unusual punishment for not having a cell mate. Defendant #(5) B. Morris, had nothing to say and just walked away.

29). On or about May 6, 2008, plaintiff filed an inmate 602 appeal/grievance against defendant #(6) A. Warran, for refusing to get his legal property and denying him due process and access to the courts, causing his civil rights action (s) to be dismissed by the courts, and to prevent him from preparing and refiling to the courts. Defendant #(6) explained to plaintiff that R&R was/is being refitted to keep mice out of the property being stored and he would not be getting any legal property for at least two or three weeks.

Plaintiff explained to defendant #(6) that as a result of being denied his legal property, one of his civil rights actions had been dismissed by the court. Defendant #(6) then stated to plaintiff (if thats the case you don't need your legal property) and then walked away from plaintiff.

30). On April 15, 2008, plaintiff filed a citizen's complaint against Defendant #(10) law librarian Ms. K. Sterling, for continued failures or refusals to come to facility 2 ad.seg. to allow ad.seg. inmates/prisoners with imminent court deadlines, access to a law library, legal assistance, due process and access to the courts. Plaintiff had made several written and verbal requests for law library access or legal assistance to no avail.

31). On May 9, 2008, defendant #(5) B. Morris, was again making rounds from cell to cell and was again stopped by plaintiff. Plaintiff explained that he was / is still being denied his legal property, law library access, access to legal assistance, due process, and access to the courts, when litigation was in progress prior to being placed in ad.seg. by state prison correctional officials and state prison personnel. Defendant #(5) asked plaintiff if he'd talked to the ad.seg. legal officer, in which plaintiff explained that not only had he talked to the ad.seg. legal officer, but the ad.seg. legal officer had made copies of his court deadlines; to grant him Judicial

Exception (JE) law library user status, and was still being denied access to the courts. Defendant #(5) then stated to plaintiff (you still don't have a cellie?). Plaintiff immediately told defendant #(5) B. Morris, that here his civil rights were being violated by prison officials' failures or refusals to follow CDCR policies, rules, regulations and procedures, to intentionally prejudice him and the outcome of his proceedings, as a form of cruel and unusual punishment, for not having a cellie in ad.seg. and all you want to know is why didn't plaintiff have a cell mate, so he could be moved to building 6. or another building. Defendant #(5) walked away from plaintiff with no response.

32). On May 12, 2008, plaintiff filed a citizen's complaint against defendant #(5) B. Morris, for the abuse of power/authority and failures to act, to preserve his civil rights, to access his legal property, due process, access to a law library, legal assistance, access to the courts, equal protection under the laws, and subjecting him to cruel and unusual punishment, for not having a cell mate in ad.seg., while acting as an individual and state prison official.

33). On May 15, 2008, defendant #(8) Cheryl Van Cleave, interviewed plaintiff in ad.seg. concerning the citizen's complaint filed by plaintiff against defendant #(10) Ms. K. Sterling. Defendant #(8)

explained to plaintiff that after a check of the records it was determined that defendant #(10) had indeed refused to come to ad.seg., to allow ad.seg. inmates law library access and no legal assistance was provided. Defendant #(8) then assured plaintiff he would receive law library access, even if another librarian had to come from another yard. At that time plaintiff showed defendant #(8) he had two imminent court deadlines in two different courts, as proof he should have been granted Judicial Exception (JE) law library user status. in which defendant #(8) made copies of the filed court documents and concluded the interview.

34). On May 20, 2008, plaintiff sent letters to defendants #(1), #(2), #(12), explaining the continued, ongoing problems and denials and violations of his civil rights, to possess legal property, due process, law library, legal assistance, access to the courts, equal protection, and being subjected to cruel and unusual punishment, for not having a cellie in ad.seg. while housed in ad.seg. to no avail.

35). On or about May 26, 2008, plaintiff mailed a confidential letter with the citizen's complaint filed against defendant #(5), to defendant #(1), explaining how the inmate appeals coordinator's office, had refused to file and process the citizen's complaint against

higher ranking prison officials. Plaintiff further requested that defendant #C1) correct the unlawful actions of CDC staff, in the R.J.D.C.F. appeals coordinator's office, to attempt to change the issue complained of and to attempt to deny him procedural due process and exhaustion of administrative remedies, on the citizen's complaint.

36). On June 3, 2008, via telephonic appearance, Superior Court Judge honorable Carlos P. Baker Jr. granted plaintiff's pending motion, in case No. 07CO3491. At the conclusion of the hearing plaintiff made a verbal request to the ad.seg. lieutenant, who was present during the court appearance via telephone, for his legal property, at which time a call was made to R&R.

37). On June 4, 2008, ad.seg. sergeant Miller B.N. brought plaintiff out of his cell to receive his legal property. Plaintiff made ad.seg. sergeant Miller B.N. aware that none of his law books were with his legal property. Ad.seg. sergeant Miller B.N. requested that plaintiff cuff up, because defendant #C5) captain B. Morris wanted to see him. In violation of CDCR regulations, rules, policies, procedures, and plaintiff's right to procedural due process, defendant #C5) made an improper attempt to interview plaintiff

regarding the letter and citizen's complaint plaintiff sent to defendant #C1), concerning the abuse of authority by defendant #C5). Plaintiff made defendant #C5) aware, that the complaint was a bypass complaint and did not require an informal response, rather a formal response by a higher ranking official other then captain. Defendant #C5) attempted to further interview plaintiff on the issue of law library access, which was not an issue. but the issue the R.J.D.C.F. appeals coordinator's office had raised, as a reason to reject the citizen's complaint for abuse of authority. Plaintiff again made the defendant #C5) B. Morris, aware the interview was improper. Defendant #C5) asked plaintiff if he had sent a letter to the warden? Plaintiff said yes and defendant #C5) stated to him that he (defendant #C5)), was there to interview plaintiff concerning the letter. Plaintiff further made defendant #C5) aware the interview was unlawful, improper, had required a response from a higher ranking state prison official, and his rights to procedural due process on the citizen's complaint also sent with the letter were being violated and plaintiff had nothing more to say. Ad.seg. sergeant Miller B.N. then took plaintiff to collect his legal property and

on to his cell with his legal property.

38). On June 4, 2008, defendant #(5) B. Morris, intentionally abused his (defendant #(5)), authority by personally causing plaintiff to become double cell inmate status, as reprisal for plaintiff's refusal to be improperly interviewed, in violation of his rights to procedural due process and exhaustion of administrative remedies. and to inflict cruel and unusual punishment upon plaintiff, with disciplinary actions. Exhibits are attached.

39). On June 12, 2008, plaintiff received a CDC 115 false report, alleging that on June 5, 2008, he was taken and placed into a holding cell to talk to other inmates about being a cell mate and had refused to take a cellie. Plaintiff requested an investigative employee (IE), filed an inmate 602 appeal on reprisal, in which the appeals coordinator's office returned, alleging reprisal was not the issue, to attempt denial of administrative remedies, and plaintiff obtained declarations from prisoners/inmates who were in the holding cells on June 5, 2008, to support that plaintiff was never taken out of his cell on June 5, 2008, as alleged in the CDC 115 violation report for disciplinary actions. Defendant #(5) B. Morris intentionally abused authority, to try to cause plaintiff to receive a futher (SHU) term for

being a program failure, after three CDC 115's for disciplinary infractions plaintiff did not have, to further inflict undue cruel and unusual punishment to plaintiff, for exercising his rights. Supporting exhibits are attached, as proof of violations of his civil rights complained of herein and the retaliation against plaintiff by defendant #(5), for exercising his civil rights to procedural due process, and access to the courts, who acted as both an individual and state official. See attached exhibit "L".

40). On June 6, 2008, plaintiff received the granted response of the citizens complaint filed April 15, 2008, against defendant #(10), which is attached as exhibit "I" proof and admission of denials of his civil rights to access a law library and access to the courts.

41). On June 13, 2008, plaintiff resubmitted his citizen's complaint which had been granted, but he was still being denied law library access. and had legal papers ready to be copied for filing to the courts, since June 4, 2008, and his (JE) law library user status was not being honored and would have been expired on June 20, 2008.

42). On or about June 14, 2008, plaintiff received a letter from defendant #(12) in

response to his letter, complaining about his rights to access a law library, legal assistance, due process and access to the courts being violated by state prison officials, acting in their individual and official capacities. Defendant #(12) D.K. Mcbride, responded with CCR title 15 §3120 (a); 3122 (a); and 3084.1 (a), which is attached, as proof, that defendant #(12) did know or reasonably should have known, of CDCR rules, regulations, policies and procedures regarding inmate law library access. Yet while having the power and legal duty, to ensure all CDC personnel under the direct supervision of defendant #(12) associate warden D.K. Mcbride, were adequately trained to follow CDCR rules, regulations, policies, and procedures and to further ensure all inmates/prisoners on facility 2 access to a law library and to be free from undue cruel and unusual punishment, has failed or refused to do so, as both an individual and state official.

Plaintiff submits, that attached exhibits "G," "H," "I," "J," "K," "L," and "M," supports count 2 and the civil rights violations complained of therein.

Plaintiff also submits, that he believes, that he is entitled to monetary compensation, for the actual injury caused by the defendants,

unlawful actions and unconstitutional conduct, to cause plaintiff's civil rights action (s) to be dismissed by the courts; the infliction of cruel and unusual punishment for exercising his rights; and the undue mental anguish and further depression and stress, inflicted by the defendants, to make plaintiff suffer unjustly; and for the violations of his civil rights, by individuals acting under color of law, as both an individual and state prison official.

Plaintiff further submits, that additional exhibits and proof of further exhaustion "of additional administrative remedies," may be submitted by plaintiff later, as additional proof of exhaustion of additional remedies.

I, Chester Ray Wiseman Pine, plaintiff does now hereby declare under penalty of perjury, that the attached exhibits and foregoing is true and correct to the best of my own personal knowledge and belief and that this declaration was executed on this 21st day of June 2008, at San Diego, California.

Respectfully Submitted

Dated: 6-21-2008.

[signature]
Chester Ray Wiseman Pine
Declarant/Plaintiff In Pro Se:

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

## D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ● Yes ☐ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: Chester Ray Wiseman (Pine)
Defendants: California Dept. of Corrections et. al.
(b) Name of the court and docket number: U.S. District Court for the Central District. Mailed for filing on 6-18-2008.
(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] Now filed in the U.S. District Court for the Central District.
(d) Issues raised:
Denial of access to a law library "during prison lock downs" and denial of access to a law library while on disciplinary "C status" due process, legal assistance and court access.
(e) Approximate date case was filed: Mailed to be filed 6-18-08.
(f) Approximate date of disposition: N/A.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ■ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

Plaintiff has exhausted all of his administrative remedies, in both claims one and two which is attached as exhibits "A", "B", "C", "H", "I". The citizen's complaint for count one was granted in part second level and the citizen's complaint against the same defendant was granted at the first level of review. for claim two of this civil rights action and submitted for further review after continued violations after being granted.

# EXHIBIT COVER PAGE

A

EXHIBIT

## DESCRIPTION OF THIS EXHIBIT:

A true copy of the inmate 602 appeal to exhaust administrative remedies.

## NUMBER OF PAGES TO THIS EXHIBIT: 9 PAGES.

JURISDICTION: (Check only one)

- [ ] CDCR Administrative Appeal
- [ ] California Victim Compensation And Government Claims Board
- [ ] Municipal Court
- [x] Superior Court
- [x] Appellate Court
- [ ] State Supreme
- [■] United States District Court
- [ ] United States Circuit Court
- [ ] United States Supreme Court

RECEIVED 2/13/07 RICHARD J. DONOVAN CORR. FAC. APPEALS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region: 1. RJD 2.

Log No. 1. 07-450 2.

Category: ~~Staff Complaint~~ Access/Law

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Chester Wiseman | K-65722 | Unassigned | F3-B11-133 |

A. Describe Problem: See Madtid v. Gomez, 150 F.3d 1030 (9th cir. 1998) "Prisoner's possess right of access to the courts not only to persue appeals from criminal convictions, but also to assert Civil Rights Act." See also Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, "fundamental constitutional right to access to the courts requires that the state provide 'adequate law libraries or adequate assistance from persons trained in law.' Id at 828, 97 S.Ct. 1498 "If the state denies a prisoner reasonable access to a law

If you need more space, attach one additional sheet. See attached sheet.

B. Action Requested: That this matter be immediately investigated by the appropriate staff member(s) and either grant law library access or provide legal assistance as required by law and grant my request that my state and federal court orders be returned

Inmate/Parolee Signature: Chester Wiseman Date Submitted: 1-28-07

C. INFORMAL LEVEL (Date Received: ________)

Staff Response:

Staff Signature: Date Returned to Inmate:

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: Date Submitted:

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: RJD-07-450

First Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: FEB 13 2007 Due Date: MAR 28 2007

Interviewed by: J. Mahan on 2/28/07

See attached

Staff Signature: C. Van [signature] Title: AVP Date Completed: 3-6-0

Division Head Approved: [signature] Returned MAR 09 2007

Signature: Title: [signature] Date to Inmate:

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 da receipt of response.

This is a staff complaint of misconduct persuant to title 15 § 33 (a); 3004(a), (b), (c), and penal code § 832.5, and title 15 § 3291(b), Se Milton v. Morris, 767 F.2d 1443, 1447 (9th cir. 1985) "Right of acces violated by denial of access to law library and legal assistance" See attached

Signature: [signature] Date Submitted: 3-20-0

Second Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: APR 04 2007 Due Date: MAY 02 2007

☐ See Attached Letter

Signature: [signature] Date Completed: 5-22-0

Warden/Superintendent Signature: [signature] Date Returned to Inmate: JUN 01 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of recei response.

1). there is a (5) person limit in the law library, over 1000 inmates on faci '3'. 2). Inmates are not allowed to assist each other in the law library facility '3'. 3). the librarian will not hire any clerks who have a legal background to assist inmates in the law library. 4). Only allows 2 ho weekly potential library access. 5). Out dated and incomplete law b and tries to charge inmates for copies of cases to read in the library

Signature: Date Submitted:

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

☐ See Attached Letter

Date:

CDC 602 (12/87)

Attached Sheet to 602 Appeal

library. the state must provide that prisoner with legal assistance." Chriceol v. Phillips. 169 F.3d 313 (5th cir. 1999). Prisoners clearly have a constitutionally protected right to access to the courts and any interference with a prisoner's right to access to the courts, such as delay. may result in a constitutional deprivation." Petrick v. Maynard. 11 F.3d 491 (10th cir. 1993). "Prisoners' constitutional right to access to the courts requires prison authorities to assist inmates in perparation and filling of meaningful legal papers by providing prisoners with adequate law library; affirmative obligations are impossed on states to insure all inmates access to the courts and assistance in preparing and filling of legal papers." Canterino v. Wilson. 562 F. Supp. 106, 110-12 (W.D. Ky. 1983)(inmates without library access must be given access to legally-trained personnel). "Rather when inmates have no access to a law library they must be provided with assistance by trained-skilled and independent legal personnel." Walters v. Thompson. 615 F. Supp. 330. 340 (N.D. Ill. 1985).

A. Describe Problem: On 1-12-07. I personally handed law librarian Ms. Sterling, a motion to be copied along with two court orders from both the state and federal courts and requested PLU library user status. She stated she needed to make copies of the court orders for her record. On or about 1-26-07. I received the copies of the motion and envelopes, but I never received the two original court orders that I'd given to her when I requested PLU law library user status. On or about 1-27-07 I requested the return of my original court orders for my records. Ms. Sterling refused to see me or return my court documents to me, but sent me a judicial exceptions sheet which had/has nothing to do with the return of my state and federal court deadlines. (court orders). I am already being denied direct access to a law library in violation of due process, equal protection of the law and my right to access to the courts by state prison officials acting under color of authority and Ms. Sterling is either mentally unable to handle jobs or inadequate. or both.

- over -

Ms. Sterling has failed and/or refused to provide adequate legal assistance to persons unlawfully being denied direct access to a law library while acting under color of law. She is either inadequately trained by the state or incompetent when it comes to legal assistance for inmates denied all access to a prison law library. I've tried to ask her and talk to her about legal matters and her response is to become upset with no justifiable cause. I cannot accept that as a response to my legal questions because its not an answer its a distraction.

I have a right to be treated fairly and with respect by all staff and employes which includes Ms. Sterling the F3 librarian. The undue denial of due process and delays in returning the legal copies to me also denies me access to the courts and equal protection under the law. See the cases cited herein that supports my claim. See also the attached exhibts.

Respectfully Submitted

[signature] K-65722

1-28-07.

# INMATE APPEAL ROUTE SLIP

To: EDUC

Date: February 13, 2007

From: INMATE APPEALS OFFICE

Re: Appeal Log Number RJD-3-07-00450 By Inmate WISEMAN, K65722

Please assign this appeal to appropriate staff for FIRST level response.

Appeal Issue: LEGAL
Due Date: 03/28/2007
Special Needs:

STAFF INSTRUCTIONS: Per Director's Rule 3084.5(f) (2) first level appeal review requires a personal interview with the inmate unless the appeal is granted. This policy is not within the institution's jurisdiction and cannot be waived. Director's Rule 3084.5(f) (3) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return appeal to the Appeals Office. All first level appeals require signature of the Division Head. Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.

Inmate Appeals Coordinator
Richard J. Donovan Correctional Facility

DATE: March 6, 2007

NAME: Wiseman, C.

CDC NO: K65722

APPEAL NO: RJD-3-07-00450 FIRST LEVEL REVIEW

APPEAL DECISION: PARTIALLY GRANTED

APPEAL ISSUE: You would like to have access to the Law Library, copying machine court forms and other Law Library materials. You also want your original copies returned to you.

APPEAL RESPONSE: In reaching a decision on this issue, a thorough review of your appeal was conducted. Mr. J. Mahan interviewed you on February 28, 2007. You told him that you need to prepare forms for court. You haven't been able to access the library.

The good news is that the Facility III Law Library has opened and you may obtain forms and some research material. However, there is not a copying machine in the Facility III Law Library, so you will still have to wait for your copies to be delivered to the Facility III Law Library, where you may pick up them.

Based on the aforementioned facts, your First Level Appeal is PARTIALLY GRANTED.

C. VanCleave

C. VAN CLEAVE
Academic Vice-Principal

3-6-07
Date

[signature]

E. CONTRERAS
Associate Warden, Facilities 1,3,
And Education

3/7/07
Date

Attached page to second level response

On 3-10-07, Sgt. Ms. Stearlling came to the building and Knowingly, willingly, and prejudicely refused to accept my legal papers (court orders) to update my PLU status and refused to listen to what I had to say or ask.

On 3-12-07, Ms. Stearlling refused to accept the case copies so that I would not be charged for them and refused to accept my court order for updating my library user status (PLU) on facility 3, and acts in an unprofessional manner while dealing with inmate

Title 15§ 3391(a), Employee Conduct states in part: Employees shall be alert, courteous, and professional in their dealings with inmates, parolees, fellow employees, visitors and members of the public. Inmates and parolees shall be addressed by their proper names, and never by derogatory or slang reference.

See Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, "Interference with a prisoner's right to access to the courts, such as a delay, may result in a constitutional deprivation." Constitutional violation can be shown only where failure of prison authorities to satisfy Bounds requirements results in actual prejudice with respect to inmates' conteplated or existing litigation). See Lewis v. Casey, 116 S.Ct. 2174 (1996) Id at 2180.

Ferril v. Parker Group INC., 168 F.3d 468 (11th cir. 1999), "a plaintiff bringing a civil rights claim may be compensated for intangible, psychological injuries as well as financial property or physical harm." See also Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358 (1991)" State officials held subject to personal libility for damages under 42 U.S.C.§ 1983 based on officials acts, where § 1983 actions were brought against officials in their individual capacity." Wright v. California, (2004) 122 Cal. App. 4th 659, 19 Cal. Rptr. 3d 92, "In addition to filing a Board of Control Claim, prisoners must exhaust administrative remedies by completing the 602 appeal process, prior to filing a state tort lawsuit, even where the relief sought is money damages."

Additional Action Requested

That the allegations of misconduct against F3 libraran Ms. Stearling be investigated forthwith and that Ms. Stearlling be replaced by adequate legally trained personnel (competent) and that Ms. Stearlling compensate me for the wilful denials of due process and access to the courts, the amount of $15,000.00.

Dear Warden K. Hernandez,

On 3-20-07, I resubmitted this 602 Staff complaint to the appeals coordinator for second level response. The first level review was misconscrued as access to library and the category reflects that staff crossed out staff complaint and replaced it with Access/Law. The first level response also reflects, I would like to have access to the law library, copying court forms and other law library materials. The fact still remains that this is a staff complaint against the misconduct of F3 law librarian Ms. Stearling persuant to title 15 § 3391 (a); 3004 (a) (b), (c), and penal code section 832.5. and it was sent to the appeals coordinator with a Rights and Responsibilit form attached, which was never returned with the 602.

I am being denied due process and my right to appeal pursuant to title 15 § 3084.1 (a). My second level review is being denied and I'm being denied my right to appeal the misconduct of Ms. Stearling as I'd originally filed. See Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358 (1991) " State officials held subject to personal libility for danges under 42 U.S.C. § 1983 based on official act where § 1983 actions were brought against officials in their individual capacity"

I am being denied exhuastion of administrative remedies on the issue of staff misconduct by prison officials acting under color of authority.

As warden of R.J. Donovan, you are responsible for the conduct or misconduct of those under your direct authority, including Ms. Stearling and the appeals coordinator, who has failed or refused to review my complaint on the second level of review. I'm asking that you ensure that this staff complaint be corrected and reviewed on the issue of staff complaint not law library access.

Respectfully Submitted
Chad Wiseman K-65722

F3-B11-105
3-29-07

# INMATE APPEAL ROUTE SLIP

To: APPEALS

Date: April 4, 2007

From: INMATE APPEALS OFFICE

Re: Appeal Log Number RJD-3-07-00450 By Inmate WISEMAN, K65722

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue: LEGAL
Due Date: 05/02/2007
Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.

Inmate Appeals Coordinator
Richard J. Donovan Correctional Facility

# INMATE APPEAL ASSIGNMENT NOTICE

To: INMATE WISEMAN, K65722
Current Housing: F31100000000105L

Date: April 4, 2007

From: INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER: RJD-3-07-00450

ASSIGNED STAFF REVIEWER: APPEALS
APPEAL ISSUE: LEGAL
DUE DATE: 05/02/2007

Inmate WISEMAN, this acts as a notice to you that your appeal has been sent to the above staff for SECOND level response. If you have any questions, contact the above staff member. If dissatisfied, you have 15 days from the receipt of the response to forward your appeal for THIRD level review. Third level appeals are to be mailed directly to:

Chief of Inmate Appeals
Department of Corrections
P. O. Box 942883
Sacramento, CA 94283-0001

Inmate Appeals Coordinator
Richard J. Donovan Correctional Facility

State of California Department of Corrections and Rehabilitation

# Memorandum

**Date:** May 22, 2007

**To:** NAME: WISEMAN

CDC #: K65722

Richard J. Donovan Correctional Facility at Rock Mountain

**Subject:** SECOND LEVEL APPEAL RESPONSE LOG NO.: RJD-07-450

**APPEAL ISSUE:**

You are appealing the issue that you do not have access to the Facility 3 Library.

**APPEAL RESPONSE:**

A review of the Richard J. Donovan Correctional Facility "Effective Communication List of Inmates with a Test of Adult Basic Education Reading Score of 4.0 or Less" reveals that the inmate does not require assistance in order to ensure effective communication.

Mr. Wiseman, in reaching a decision on this issue, a through review of your appeal has been conducted. The Facility 3 Library is open on Tuesdays from 0900 to 1100 hours and 1300 to 1500 hours and on Wednesdays from 0900 to 1100 hours. There is limited access to the Facility 3 Library. This institution is currently canvassing to hire another Librarian so that the Facility 3 Library can extend its hours of operation. Your second issue is in regard to Ms. Sterling not being able to assist you in your legal matters. Mr. Wiseman, may I remind you that Ms. Sterling is a Librarian and not an attorney. It is not required that we provide you with any legal assistance. We are only required to provide you with the necessary resources to work on any legal issue that you may have with the courts. Your complaint against Ms. Sterling is unfounded and without merit.

**APPEAL DECISION:**

**Your appeal is partially granted.**

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

Chief Deputy Warden (A)
California Department of Corrections and Rehabilitation
Richard J. Donovan Correctional Facility at Rock Mountain

# EXHIBIT COVER PAGE

B

EXHIBIT

**DESCRIPTION OF THIS EXHIBIT:**

Proof of exhaustion to Board of Control

**NUMBER OF PAGES TO THIS EXHIBIT:** 6 **PAGES.**

**JURISDICTION: (Check only one)**

- ☐ CDCR Administrative Appeal
- ☐ California Victim Compensation And Government Claims Board
- ☐ Municipal Court
- ☒ Superior Court
- ☐ Appellate Court
- ☐ State Supreme
- ☐ United States District Court
- ☐ United States Circuit Court
- ☐ United States Supreme Court

Approved for use with Judicial Council forms Jan 1997

State of California
Board of Control

# GOVERNMENT CLAIM

SBOC-GC-0002 (Rev. 6/00)

Please read "Instructions for Filing a Claim"

If you are filing this claim beyond six months from the incident date, please see instructions for filing a late claim application on the opposite page.

G____________________

## Section 1: Claimant Information

Name of Claimant: Chester Ray Wiseman (Pine)

Telephone Number (include area code): ( )

Mailing Address: R.J. Donovan Corr. Facility P.O. Box 799003

City: San Diego

State: Ca.

Zip Code: 92179-9003

## Section 2: Claim Information

Is the claim filed on behalf of a minor? ☐ Yes ☒ No If yes, please indicate: Relationship to the minor______ Date of birth of the minor________

Name of State Agency against which this claim is filed:

Incident Date: Month Day Yr. 07

Dollar Amount of Claim: $15,000.00

If the amount exceeds $10,000, indicate type of civil case: ☐ Limited Civil Case ☒ Non-Limited Civil Case

Explain how the dollar amount claimed was computed. (Attach three copies of the supporting documentation for the amount claimed with this form.)

Describe the specific damage or injury incurred as a result of the incident.

The willful denial of due process and denial of access to the courts caused undue delays in filing my habeas corpus to the court. See Bound v. Smith, 430 U.S. 817, "Interference with a prisoner's right to access to the courts, such as delay may result in a constitutional deprivation, See also Ferril v. Parker Group INC, 168 F.3d 468.

Location of the incident (If applicable, include street address, city or county, highway number, post mile number and direction of travel.)

R.J. Donovan Correctional Facility, facility 3-B11
P.O. Box 799003 F3-B11-133
480 Alta Rd.
San Diego, California 92179-9003

Preferred Hearing Location (If an appearance is necessary): ☐ Sacramento ☐ Los Angeles ☐ Oakland ☒ San Diego

Explain the circumstances that led to the alleged damage or injury. State all facts that support your claim against the State of California, and why you believe the State is responsible for the alleged damage, or injury. If known, provide the name(s) of the State employee(s) who allegedly caused the injury, damage or loss. (If more space is needed, please attach additional sheets.)

On or about Feb. 21 2007, facility(3) law librarian Ms. Stearling refused to collect my legal papers to be copied for mailing to the courts, On or about Feb 27 2007, law librarian Ms. Stearling again refused to collect any of my legal papers to be copied for mailing to the courts, to knowingly, willingly, and prejudicely deny and deprive me of my constitutional and civil rights to due process and access to the courts, to delay or prevent me from filing meaningful papers to the court, while acting under color of authority.

State of California
Board of Control

# GOVERNMENT CLAIM

SBOC-GC-0002 (Rev. 6/00) Reverse

Submit completed claim form and three copies to:
STATE BOARD OF CONTROL
GOVERNMENT CLAIMS BRANCH
P.O. Box 3035
Sacramento, CA 95812-3035

## Section 3: Insurance Information (must be completed if claim involves a motor vehicle)

Has the claim for the alleged damage/injury been filed or will it be filed with your insurance carrier?

☐ Yes ■ No

Policy Number

Telephone number (include area code) ( )

Mailing Address N/A

City

State

Zip Code

Name of insurance carrier N/A

Amount of Deductible $

Are you the registered owner?

☐ Yes ■ No

Make:________ Model:________ Year:________

## Section 4: FOR STATE AGENCY USE ONLY (must be completed by the State agency presenting claim)

Name of State agency

Budget Act Appropriation or Item Number and the appropriate Schedule if applicable.

Name of fund or account

Name of agency budget officer or representative

Title

CALNET Number

Signature of agency budget officer or representative

Date

## Section 5: Representative Information (must be completed if claim is being filed by an attorney or authorized representative)

Name of Attorney/Representative N/A

Telephone Number (include area code) ( )

Mailing Address N/A

City

State

Zip

## Section 6: Notice and Signature

ection 72 of the Penal Code provides that "every person who, with intent to defraud, presents for allowance or for payment to any State Board or Officer, or to any ounty, town, city, district, ward, or village, board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is ilty of a felony."

Chest Ray Wiseman Pine K-65722

ignature of Claimant

4-25-07

Date

hester Ray Wiseman (Pine)

gnature of Attorney/Representative

Date

# Government Claims Form

California Victim Compensation and Government Claims Board
P.O. Box 3035
Sacramento, CA 95812-3035

1-800-955-0045 • www.governmentclaims.ca.gov

State of California

For Office Use Only
Claim No.:

## Is your claim complete?

| | |
|---|---|
| ☐ | *New!* Include a check or money order for $25 payable to the State of California. |
| ☐ | Complete all sections relating to this claim and sign the form. Please print or type all information. |
| ☐ | Attach receipts, bills, estimates or other documents that back up your claim. |
| ☐ | Include two copies of this form and all the attached documents with the original. |

## Claimant Information

1. Last name: (Pine) Wiseman — First Name: Chester — MI: R.
2. Tel:
3. Email:
4. Mailing Address: R.J. Donovan, Corr. Facility P.O. Box 799003 — City: San Diego — State: Ca. — Zip: 92179-9003
5. Best time and way to reach you:
6. Is the claimant under 18? ☐ Yes ■ No — If YES, give date of birth: 3 (MM) 18 (DD) 60 (YYYY)

## Attorney or Representative Information

7. Last name: — First Name: — MI:
8. Tel:
9. Email:
10. Mailing Address: — City: — State: — Zip:
11. Relationship to claimant:

## Claim Information

12. Is your claim for a stale-dated warrant (uncashed check) or unredeemed bond? ☐ Yes ☐ No
State agency that issued the warrant: — If NO, continue to Step 13
Dollar amount of warrant: — Date of issue: MM DD YYYY
Proceed to Step 22

13. Date of Incident:
Was the incident more than six months ago? ☐ Yes ■ No
If YES, did you attach a separate sheet with an explanation for the late filing? ☐ Yes ☐ No

14. State agencies or employees against whom this claim is filed:
R. J. Donovan Correctional Facility, Facility (3) law librarian

15. Dollar amount of claim: $15,000.00.
If the amount is more than $10,000, indicate the type of civil case: ■ Limited civil case ($25,000 or less) ☐ Non-limited civil case (over $25,000)

Explain how you calculated the amount:
This amount was calculated based on the willful misconduct of law librarian Ms. Stearling, to knowingly: willfully and prejudicely, deny and deprive me of my constitutional & civil rights to due process and access to the courts, while acting under color of authority.

Location of the incident:

R.J. Donovan Correctional Facility, Facility (3) building (11)

Describe the specific damage or injury:

Facility (3) law librarian Ms. Stearling, knowingly, wilfully and prejudicely refused to collect my legal papers for copies to file to the courts and denied me due process and access to the courts to delay my filings.

Explain the circumstances that led to the damage or injury:

Law librarian Ms. Stearling knowingly wilfully, and prejudicely refused to collect my legal papers for copying to file to the courts. Same as above

Explain why you believe the state is responsible for the damage or injury: See the following case citings.

Madrid v. Gomez, 150 F.3d 1030 (9th cir. 1998); Johnson v. Avery, 393 U.S. 483; Chriceol v. Phillips, 169 F.3d 313; Patrick v. Maynard, 11 F.3d 491.

Does the claim involve a state vehicle? ☐ Yes ☒ No

If YES, provide the vehicle license number, if known:

## to Insurance Information

N/A

Name of Insurance Carrier

Mailing Address | City | State | Zip

Policy Number: | Tel:

Are you the registered owner of the vehicle? ☐ Yes ☐ No

If NO, state name of owner:

Has a claim been filed with your insurance carrier, or will it be filed? ☐ Yes ☐ No

Have you received any payment for this damage or injury? ☐ Yes ☐ No

If yes, what amount did you receive?

Amount of deductible, if any:

Claimant's Drivers License Number: | Vehicle License Number:

Make of Vehicle: | Model: | Year:

Vehicle ID Number:

## ice and Signature

I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

Christer Nay Wiseman Pine K-65722 | 4-25-07

Signature of Claimant/or Representative | Date

Mail the original and two copies of this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 3035, Sacramento, CA, 95812-3035. Forms can also be delivered to the Victim Compensation and Government Claims Board, 630 K Street, Sacramento.

## State Agency Use Only

*Name of State Agency* | *Fund or Budget Act Appropriation No.*

*Name of Agency Budget Officer or Representative* | *Title*

*Signature* | *Date*

# AFFIDAVIT FOR WAIVER OF GOVERNMENT CLAIMS FILING FEE AND FINANCIAL INFORMATION FORM

*(Request for Permission to Proceed In Forma Pauperis)*

California Victim Compensation and Government Claims Board
P.O. Box 3035
Sacramento, CA 95812-3035

1-800-955-0045 • www.governmentclaims.ca.gov

State of California

For Office Use Only

Claim No.:

***I request a fee waiver so that I do not have to pay the $25 fee to file a government claim with the Victim Compensation and Government Claims Board. I cannot pay any part of the fee.***

## Claimant Information

**1** (Pine) Wiseman — Chester — R.
Last name — First Name — MI

**2** Tel:

**3** Claim Number (if known):

## Employment Information

**4** My occupation: N/A
My employer: N/A

Employer's Mailing Address — City — State — Zip

My spouse's or partner's employer: N/A

Employer's Mailing Address — City — State — Zip

**5** If you are an inmate in a correctional facility, please attach a certified copy of your trust account balance, enter your inmate identification number below and skip to step 23.

*Inmate Identification Number:* K-65722

## Financial Information

**6** I am receiving financial assistance from one or more of the following programs. ☐ Yes ☒ No

**If no, proceed to step 7. If yes, check all that apply, then skip to step 24.**

- ☐ SSI and SSP: Supplemental Security Income and State Supplemental Payments Programs
- ☐ CalWORKS: California Work Opportunity and Responsibility to Kids Act
- ☐ Food Stamps
- ☐ County Relief, General Relief (GR), or General Assistance (GA)

**7** Number in my household and my gross monthly household income, if it is the following amount or less:

| | | Number | Monthly family income |
|---|---|---|---|
| A | ☐ | 1 | $969.79 |
| B | ☐ | 2 | $1,301.04 |
| C | ☐ | 3 | $1,632.29 |
| D | ☐ | 4 | $1,963.54 |
| E | ☐ | 5 | $2,294.79 |
| F | ☐ | 6 | $2,626.04 |
| G | ☐ | 7 | $2,957.29 |
| H | ☐ | 8 | $3,288.54 |
| I | ☐ | There are more than 8 people in my family. Add $331.25 for each additional person. | |

Number: ______ Total Income: ______

**If you checked a box in step 7 A through I, complete steps 9 through 15. Then skip to step 24.**

**8** My income is not enough to pay for the common necessities of life for me and the people in my family, and also pay the filing fee. ☒ Yes ☐ No

**If yes, fill in steps 9 through 24.**

## thly Income and Expenses

| | | | |
|---|---|---|---|
| My gross monthly pay is: | $ 0 | 10 My income changes each month: | Yes No |

Number of persons living in my home: N/A | N/A | 12 Other money I get each month

| | Name | Age | Relationship | Monthly Income | | Source: | |
|---|---|---|---|---|---|---|---|
| A | | | | $ 0 | A | | $ 0 |
| B | | | | $ 0 | B | | $ 0 |
| C | | | | $ 0 | C | | $ 0 |
| D | | | | $ 0 | D | | $ 0 |
| E | | | | $ 0 | E | | $ 0 |
| F | | | | $ 0 | F | | $ 0 |

My total gross monthly household income: $ 0

13 Total other money: $ 0

14 My monthly income: $ 0

My payroll deductions are:

| | | | | | |
|---|---|---|---|---|---|
| A | | $ 0 | E | | $ 0 |
| B | | $ 0 | F | | $ 0 |
| C | | $ 0 | G | | $ 0 |
| D | | $ 0 | H | | $ 0 |

17 My total payroll deduction amount is: $ 0

My monthly take home pay is $

19 My net monthly income: $ 0

I own or have interest in the following property:

| | | |
|---|---|---|
| A | Cash | $ 0 |
| B | Checking and savings (List banks): | |
| | 1) | $ 0 |
| | 2) | $ 0 |
| | 3) | $ 0 |
| | 4) | $ 0 |

C Cars, other vehicles, and boats (List make and year)

| | Property | Value | Loan Balance |
|---|---|---|---|
| 1) | | $ | $ 0 |
| 2) | | $ | $ 0 |
| 3) | | $ | $ 0 |

D Real estate (List addresses) 0

| | | | |
|---|---|---|---|
| 1) | | $ | $ 0 |
| 2) | | $ | $ 0 |

0

My monthly expenses are:

| | | |
|---|---|---|
| A | Rent or house payment | $ 0 |
| B | Food and household supplies | $ 0 |
| C | Utilities and telephone | $ 0 |
| D | Clothing | $ 0 |
| E | Laundry and cleaning | $ 0 |
| F | Medical and dental | $ 0 |
| G | Insurance | $ 0 |
| H | School, child care | $ 0 |
| I | Transportation and auto expenses | $ 0 |

J Installment payments (specify)

| | | |
|---|---|---|
| 1) | | $ 0 |
| 2) | | $ 0 |
| 3) | | $ 0 |

Total installment payments: $ 0

K Wage assignment or withholdings $ 0

L Spousal or child support $ 0

M Other:

| | | |
|---|---|---|
| 1) | | $ 0 |
| 2) | | $ 0 |

Total other expenses: $ 0

Total monthly expenses: $ 0

have attached other information that supports this application on a separate sheet. Yes No

## ture Section

*declare under penalty of perjury under the laws of the state of California that the information on this form and all the attachments is true and correct.*

[signature] | 4-25-07

*ignature of Claimant* | *Date*

C-0010 8/04

C A L I F O R N I A
VCGCB
Victim Compensation & Government Claims Board

STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson

JOHN CHIANG
State Controller
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

KAREN McGAGIN
Executive Officer

Chester R Wiseman K65722
PO Box 799003
San Diego, CA 92179

May 18, 2007

RE: Claim G567525 for Chester R Wiseman, K65722

Dear Chester Wiseman,

The Victim Compensation and Government Claims Board (VCGCB) received your claim on April 27, 2007.

Based on its review of your claim, Board staff believes that the court system is the appropriate means for resolution of these claims, because the issues presented are complex and outside the scope of analysis and interpretation typically undertaken by the Board. The claim has been placed on the consent agenda. The VCGCB will act on your claim at the June 21, 2007 hearing. You do not need to appear at this hearing. The VCGCB's rejection of your claim will allow you to initiate litigation should you wish to pursue this matter further.

If you have questions about this matter, please mention letter reference 99 and claim number G567525 when you call or write your claim technician/analyst at (800) 955-0045.

Sincerely,

Government Claims Division
Victim Compensation and Government Claims Board

cc: B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Ltr 99 Complex Issue Reject

C A L I F O R N I A
VCGCB
Victim Compensation & Government Claims Board

STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson
JOHN CHIANG
State Controller
Board Member
MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member
KAREN McGAGIN
Executive Officer

Chester R Wiseman K65722
PO Box 799003
San Diego, CA 92179

June 25, 2007

RE: Claim G567525 for Chester R Wiseman, K65722

Dear Chester Wiseman,

The Victim Compensation and Government Claims Board rejected your claim at its hearing on June 19, 2007.

If you have questions about this matter, please mention letter reference 123 and claim number G567525 when you call or write your claim technician or analyst at (800) 955-0045.

Sincerely,

Anita Ahuja, Program Manager
Government Claims Division
Victim Compensation and Government Claims Board

cc: B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Warning

Subject to certain exceptions, you have only six months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6. You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately. PLEASE CONSULT GOVERNMENT CODE SECTION 955.4 FOR PROPER SERVICE OF SUMMONS AND COMPLAINT.

Ltr 123 Claim Rejection

Received 6-29-07.

# EXHIBIT COVER PAGE

C

EXHIBIT

## DESCRIPTION OF THIS EXHIBIT:

Proof of director's level response.

## NUMBER OF PAGES TO THIS EXHIBIT: 1 PAGES.

JURISDICTION: (Check only one)

- [ ] CDCR Administrative Appeal
- [ ] California Victim Compensation And Government Claims Board
- [ ] Municipal Court
- [x] Superior Court
- [x] Appellate Court
- [ ] State Supreme
- [ ] United States District Court
- [ ] United States Circuit Court
- [ ] United States Supreme Court

Approved for use with Judicial Council forms Jan 1997

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: OCT 0 3 2007

In re: Wiseman, K-65722
Richard J. Donovan Correctional Facility
at Rock Mountain
P.O. Box 799006
San Diego, CA 92179-9005

IAB Case No.: 0701158 Local Log No.: RJD 07-00450

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner Michael H. Jensen, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I APPELLANT'S ARGUMENT: It is the appellant's position Ms. Sterling, Librarian, has not treated him with respect and has refused to return two original documents he have her to copy. The appellant indicates that when he requested the return of his documents Ms. Sterling refused to talk with him or return his court documents. The appellant complained that he was not being provided access to the law library and not being provided legal assistance in lieu of the access to the law library. The appellant requests the matter be investigated and that he either be granted law library access or provided legal assistance. The appellant also requests the return of his state and federal documents.

II SECOND LEVEL'S DECISION: The reviewer found that there is presently limited access to the law library based upon the need to fill library staff vacancies. The Second Level of Review (SLR) indicated that once this occurs the law library hours will be extended. The appellant was reminded that Ms. Sterling was a Librarian, not an attorney, and her requirement was to provide the appellant with necessary resources to work on any legal issue that he may have with the courts, not to provide him legal advice. The SLR rejected the appellant's complaint against Ms. Sterling. The appeal was considered granted in part.

III DIRECTOR'S LEVEL DECISION: Appeal is denied.

A. FINDINGS: The appellant failed to provide any evidence that his claimed lack of access to the law library has resulted in his being denied access to the court, had an adverse affect on any pending litigation, or was different from any other inmate at Richard J. Donovan Correctional Facility at Rock Mountain (RJD).

The appellant stated in his appeal, "I have the right to be treated fairly and with respect by all staff and employees which includes Ms. Sterling the FS Librarian." The Director's Level of Review (DLR) agrees that both the law and California Code of Regulations, Title 15, Section (CCR) 3391 state that staff shall be respectful to inmates. The appellant indicated that Ms. Sterling treated him unfairly. In reading the appellant's appeal complaint he refers to Ms. Sterling as "either mentally unable to handle jobs or inadequate, or both. He subsequently stated, "She is either inadequate or incompetent when it comes to legal assistance for inmates denied all access to a prison law library." The appellant is reminded that CCR 3004(b) states staff members also deserve to be treated with respect.

The appellant's complaint against Ms. Sterling has been reviewed by the DLR. There does not appear to be a violation of the appellant's rights by Ms. Sterling. Whereas the appellant contends she will not provide him legal assistance, as a Librarian there is no requirement she personally do so. The appellant failed to include any support to his claim Ms. Sterling disrespected him or denied him access to the court or duplication services. There is no evidence the appellant has not been provided reasonable access to the law library. The DLR shall not modify the SLR.

B. BASIS FOR THE DECISION:
CCR: 3001, 3084.1, 3120, 3122, 3161
CDC Operations Manual Section: 14010.19, 53060.10

C. **ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, RJD
Appeals Coordinator, RJD

# EXHIBIT COVER PAGE

D

EXHIBIT

## DESCRIPTION OF THIS EXHIBIT:

Proof of additional 602 on law librarian and law library.

## NUMBER OF PAGES TO THIS EXHIBIT: 1 PAGES.

JURISDICTION: (Check only one)

- [ ] CDCR Administrative Appeal
- [ ] California Victim Compensation And Government Claims Board
- [ ] Municipal Court
- [x] Superior Court
- [x] Appellate Court
- [ ] State Supreme
- [ ] United States District Court
- [ ] United States Circuit Court
- [ ] United States Supreme Court

Approved for use with Judicial Council forms Jan 1997

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*February 20, 2007*

***WISEMAN, K65722***
*F3110000000133U*

Log Number: RJD-3-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

***You have submitted an appeal that duplicates a previous appeal upon which a decision has been rendered or is pending (CCR 3084.3(c)(2)).***

***THIS IS A DUPLICATE OF APPEAL LOG #07-450.***

Appeals Coordinator
Richard J. Donovan Correctional Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

# EXHIBIT COVER PAGE

E

EXHIBIT

**DESCRIPTION OF THIS EXHIBIT:**

A true copy of the duplicate 602 appeal.

**NUMBER OF PAGES TO THIS EXHIBIT:** 3 **PAGES.**

JURISDICTION: (Check only one)

- [ ] CDCR Administrative Appeal
- [ ] California Victim Compensation And Government Claims Board
- [ ] Municipal Court
- [x] Superior Court
- [x] Appellate Court
- [ ] State Supreme
- [ ] United States District Court
- [ ] United States Circuit Court
- [ ] United States Supreme Court

Approved for Use with Judicial Council forms Jan 1997

07-450 DUPLICATE

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. ____
2. ____

Log No.
1. ____
2. ____

Category
Law library

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Chester Wiseman | K-65722 | Unassigned | F3-B11-133 |

A. Describe Problem: On 2-2-07, law librarian Ms. Sterling returned (2) court orders, that she had failed to return to me, on 1-26-07, when legal copies were returned. I explained to Ms. Sterling, that I had (2) writs state & federal that I needed copied for filing. Ms. Sterling told me to get dressed and she would call me out to get the documents, and walked away. I was already dressed when I went to the door to get the court orders being returned. See

If you need more space, attach one additional sheet. attached page continued.

B. Action Requested: That this matter be investigated, corrected to allow me direct access to the law library, that Ms. Stearling be replaced by competent staff and that Ms. Stearling pay me the amount of $15,000.00 for the continued violations of my rights

Inmate/Parolee Signature: Chester Wiseman Date Submitted: 2-10-07

C. INFORMAL LEVEL (Date Received: 2/10/07)

Staff Response: Mr. Wiseman you have access to library services - On 2/6-2/11 you received copy services me purchase of envelopes for your legal work to be mailed. Due to safety & security of the custody asked me to leave on the day in question -

Staff Signature: Sterling Date Returned to Inmate: 2/13/07

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Wilson v. Yaklich, 148 F.3d 596 (6th cir. 1998), "access to the courts to be afforded inmates must be adequate, effective and meaningful." I am still being denied all legal assistance, law library access (case law) and due process, and access to the courts for the above reasons

Signature: Chester Wiseman Date Submitted: 2-14-07

CDC Appeal Number:

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

(Attached page continued 602)

Ms. Stearling falled or refused to return, to get the legal documents, "needing to be copied for the courts", and filing, denying me due process, equal protection, and access to the courts, while acting under color of authority. This unlawful action delayed my filing to courts.

Milton v. Morris, 767 F. 2d 1443, 1447 (9th cir. 1985), "Right of access violated, by denial of access to the law library and legal assistance."

Chriceol v. Phillips, 169 F.3d 313 (5th cir. 1999), Prisoners clearly have a constitutionally protected right to access to the courts, and interference with a prisoner's right to access to the courts, such as <u>delay</u>, may result in a constitutional deprivation."

Patrick v. Maynard, 11 F.3d 491 (10th cir. 1993), "Prisoner's constitutional right ~~to~~ access to the courts, require prison authorities, to "assist," "inmates," in preparation and filing of meaningful legal papers, by providing prisoners with adequate law library; affirmative obligations are imposed ~~to ensure~~ on states to ensure all inmates, access to the courts and assistance in preparing and filing of legal papers.

See Hafer v. Melo, 502 U.S. 21, 116 L.Ed 2d 301, 112 S.Ct. 358 (1991), "State officials held subject to personal ~~[illegible]~~ liability for damages under 42 U.S.C. § 1983 based on official acts, where § 1983 actions were brought against officials in their ~~[illegible]~~ individual capacity.

Canterino v. Wilson, 562 F. Supp. 106, 110-12 (W.D. Ky. 1983) (inmates without library access must be provided access to legally-trained personnel).

Ferril v. Parker Group INC. 168 F.3d 468 (11th cir. 19

over

a plaintiff bringing a civil rights claim may be ompenstated for intangible psychological injuries. as well s financial property or physical harm."

Bounds v. Smith. (1977) 430 U.S. 817. 97 S.Ct. 1491, "The idamental constitutional right to the court requires, that ite provide adequate law libraries or adequate assistance m persons trained in law." Id at 828. 97 S.Ct. at 1498. If the state denies a prisoner reasonable access to law library. the state must provide that prisoner gal assistance. See Casey v. Lewis. 43 F.3d 1261 h cir. 1994); Lewis v. Casey. 518 U.S. 343. 350, 116 S.Ct. 74 (1996).

See also Hossman v. Spradin. 812 F.2d 1019, 1022 th cir. 1987). "We require only, that the plaintiff ticulate" to some degree, the basis for his claim at his access to the courts was significantly.... paired."

And Wright v. California. (2004) 122 Cal. App. 4th 659, Cal. Rptr. 3d 92. "In addition to filing a Board of Control aim. prisoners must exhaust administrative remedies, completing the 602 appeal process, prior to filing a ate tort lawsuit. even where the relief sought is oney damages."

The F3 law librarian Ms. Stearling, has continued to eny me due process, access to the courts, and delay y filings to the courts. 1-12-07 received legal pers to be copied and returned them to me on 1-26-07 ithout the original court orders. On 2-2-07 failed or efused to collect my writs and exhibits to be copied r filing, to delay or deny me access to the ourts, after denying me due process. I am already eing denied law library access. but now also adequate gal assistance and legal copies for filing to the courts.

APPENDIX " "

# EXHIBIT COVER PAGE

E

EXHIBIT

Description of this Exhibit:

Proof of litigation pending during the time petitioner was denied access to an adequate law library and proof of denial of legal assistance and proof that petitioner made the federal court aware of the constitutional & civil rights violations.

Number of pages to this Exhibit: 8 pages.

JURISDICTION: (Check only one)

- [ ] Municipal Court
- [x] Superior Court
- [x] Appellate Court
- [ ] State Supreme Court
- [ ] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

Approved for use with Judicial Council forms (Jan. 1, 1997)

Office of the Clerk
UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
95 Seventh Street
San Francisco, California 94103-1526

Cathy A. Catterson
Clerk of Court

(415) 556-9800

December 14, 2006
Corrected - December 19, 2006

Chester R. Wiseman (Pine)
C.S.P. - L.A.C. CS-231 K-65722
44750 60th Street West
Lancaster, CA 93539-4610

Re: Complaint of Judicial Misconduct No. 06-89122

Dear Mr. Wiseman:

We have received the complaint of judicial misconduct filed pursuant to 28 U.S.C. § 351(a) against Magistrate Judge Turchin and District Judge Takasugi. Docket Number 06-89122 has been assigned to this matter.

Pursuant to the Rules of the Judicial Council of the Ninth Circuit Governing Complaints of Judicial Misconduct or Disability, a copy of the complaint has been forwarded to Chief Judge Schroeder, Chief Judge Stotler, Chief Magistrate Judge Zarefsky and Magistrate Judge Turchin and District Judge Takasugi.

Very truly yours,

Cathy A. Catterson

CAC/gb

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**
**P.O. Box 193939**
**95 Seventh Street**
**San Francisco, CA 94119-3939**

May 18, 2007

Chester Ray Wiseman
No. K 65722
R.J. Donovan Correction Facility
P.O. Box 799003
San Diego, CA 92179-9003

Dear Mr. Wiseman:

This court is in receipt of your material received January 9, 2006.

This court is unable to determine the nature of your request and therefore, unable to process your material since you have no appeal currently pending in this court. If you are seeking judicial relief you must first file your action in the U.S. District Court. We are a court of limited jurisdiction which means in order to file a case in this court, you must appeal from a final appealable judgment or order from the U.S. District Court.

Please be advised when submitting material to this court for processing you must currently have a case pending in this court and always provide our U.S. Court of Appeals docket number.

Therefore, your materials are being returned in the event you wish to pursue your case in the district court.

Sincerely,

Corina Orozco

Corina Orozco
Deputy Clerk

3-6-07,

Dear Courthouse Clerk

Re: Complaint of Judicial Misconduct
No. 06-89122

Dear Ms. Cathy A. Catterson, I am the complaintant [of] the above action. The prison where I am confined R. J. [D]onovan in San Diego, California, does not have a facility 3 [(]SNY) adequate law library and has been without any [l]aw library at all, until on or about February 18, 2007. I [d]o not have any legal assistance here, by trained-skilled [p]ersonnel as required in Bounds v. Smith (1977) 430 U.S. 817, [9]7, S.Ct. 1491; See also Petrick v. Magnard, 11 F.3d 991 (10th [c]ir. 1993); Canterino v. Wilson, 562 F. Supp. 106, 110-12 (W.D. Ky. 1983); Walters v. Thompson, 615 F. Supp. 330, 340 N.D. Ill. 1985); See e.g. Harrington v. Holshouser, 741 F.2d. 66, [6]9,-70 (4th cir. 1984); Ramo v. Lamm, 639 F.2d 559, 584-85 [(]10th cir. 1980); Madtid v. Gomez, 150 F.3d 1030 (9th cir. 199[8]) I am unable to pursue a Petition for Review of a Disposition by the Chief Judge, because I have no legal assistance, the law library is inadequate and the only access that I had to that library, was on 2-27-2007. I cannot be able to adequately prepare and obtain copies in a timely manner. I would like to know the correct review procedure, to challenge a judge's ruling, other then a complaint of judicial misconduce procedure.? Please advise me on the appropriate way to persue this issue.

RECEIVED
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

MAR 09 2007

FILED ____
DOCKETED ____ DATE INITIAL

Respectfully Submitted
Chester Ray Wiseman Pine

Chester Ray Wiseman (Pine) #K-65722
R.J. Donovan Corr. Facility
P.O. Box 799003 F3-B11-133
San Diego. Calif. 92179-9003

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 29 2006

John A. Clarke, Executive Officer/Clerk
By M

COURTHOUSE ADDRESS:
42011 4th Street West Lancaster, Ca. 93534

PLAINTIFF:
Chester Ray Wiseman (Pine) K-65722

DEFENDANT:
California Dept. of Corrections et. al.

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
MC017759

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 4-11-07 | Time: 8:30 am | Div./Dept.: A17 |
|---|---|---|

Pursuant to California Rules of Court, rule 212, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 200 et seq.

Dated: NOV 30 2006

[signature]
Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Lancaster, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

John A. Clarke, Executive Officer/Clerk

Dated: NOV 30 2006

By: M. Redd
Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number MC017759

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below.

| | ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| | ALAN S. ROSENFIELD | A-16 | 4010 | | | | |
| | | | | | | | |
| | | | | | | | |
| X | FRANK Y. JACKSON | A-17 | 4210 | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on NOV 30 2006

JOHN A. CLARKE, Executive Officer/Clerk

By M. REDD, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 1800 et seq. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:
Chester Ray Wiseman (Pine) K-65722
C.S.P.-L.A.C. C5-231
44750 60th Street West
Lancaster, California 93536

STATE BAR NUMBER

*Reserved for Clerk's File Stamp*

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
42011 4th Street West Lancaster, Ca. 93534

PLAINTIFF:
Chester Ray Wiseman (Pine) K-65722

DEFENDANT:
California Dept. of Corrections et. al.

**STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)**

CASE NUMBER:
MC017759

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☒ Settlement Conference
- ☐ Other ADR Process *(describe)*: ______________________

Dated: 12-10-06

| | | |
|---|---|---|
| Chester Ray Wiseman (Pine) | Chester Ray Wiseman Pine | [signature] |
| Name of Stipulating Party<br>☒ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ **Additional signature(s) on reverse**

| Short Title | Case Number |
| --- | --- |
| | |

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

# EXHIBIT COVER PAGE

A true copy of a memorandum of the law library schedule starting May 11, 2007

G

EXHIBIT

**DESCRIPTION OF THIS EXHIBIT:**

**NUMBER OF PAGES TO THIS EXHIBIT:** 1 **PAGES.**

JURISDICTION: (Check only one)

- ☐ CDCR Administrative Appeal
- ☐ California Victim Compensation And Government Claims Board
- ☐ Municipal Court
- ☐ Superior Court
- ☒ Appellate Court
- ☐ State Supreme
- ☐ United States District Court
- ☐ United States Circuit Court
- ☐ United States Supreme Court

Approved for use with Judicial Council forms Jan 1997

tate of California

Department of Corrections and Rehabilitation

# Memorandum

Date : May 11, 2007

To : Captain Morrero, Facility 3
C. Van Cleave, Vice Principal

From : K. Sterling, LTA (Safety)
A. Peterson, Senior Librarian

Subject : Facility 3 Library

Per our discussion it is my understanding Facility 3, a Level VI, Sensitive Need Yard (SNY) the safety and security of inmates does not allow for housing units to mix outside of the designated housing units (11-13; 12 -14; 15 - Gym) scheduled yard time and the library's schedule (Tuesday 0900 – 1100 & 1300 – 1500; Wednesday 0900 – 1100).

In accordance with the above mentioned housing units' yard time and library schedule, I asked for your suggestion as to how the Saturday's library program (1100 – 1300 & 1330 – 1530) set aside specifically to meet the needs of priority users (DOM 53060.10):

1. Judicial Exception (JE) who have a verified, valid 30 day court deadline;
2. Inmates assigned to day work, training, or academic education,

should interface with respect to safety and security concerns i.e., OP 125 (custody shortage), mixing of housing units , and close custody count.

The Saturday program has been running for a few weeks at two times 1100 to 1300 will be for JE and/or assigned workers who are Med AIA. Close count inmates who are JE and/or assigned to work will be able to come to the library from 1300 – 1500.

For both Saturday library scheduled times the following safety and security procedures shall be followed:

1. All housing units custody officers *will sign-up and verify* JE and assigned workers;
2. All housing units custody officers *will call* Facility 3 library at ext. 6378 and give the list of qualified inmates' with passes to the library staff;
3. All housing units custody officers *will write* "inmate passes" for each qualifying inmate but because of *space availability (maximum occupancy ten (10) persons)*, inmates *will not be released* until library staff gives the okay;
4. The library staff *will document inmates' arrival and departure time* on the inmate's pass when the qualifying inmate arrives;
5. Should an inmate not come to the library, *immediately the library staff will notify* the housing unit custody officer and the program sergeant.

Your cooperation with this matter will be greatly appreciated.

# EXHIBIT COVER PAGE

H

EXHIBIT

**DESCRIPTION OF THIS EXHIBIT:**
Proof of exhaustion of administrative remedies for count one, citizen's complaint.

**NUMBER OF PAGES TO THIS EXHIBIT:** 15 **PAGES.**

**JURISDICTION: (Check only one)**

- [ ] CDCR Administrative Appeal
- [ ] California Victim Compensation And Government Claims Board
- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme
- [x] United States District Court
- [ ] United States Circuit Court
- [ ] United States Supreme Court

Approved for use with Judicial Council forms Jan 1997

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: FEB 04 2008

In re: Chester Wiseman, K65722
Richard J. Donovan Correctional Facility
at Rock Mountain
P.O. Box 799006
San Diego, CA 92179-9005

IAB Case No.: 0713281 Local Log No.: RJD-07-01598

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner S. Hemenway, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I APPELLANT'S ARGUMENT: It is the appellant's position that he is being denied access to the law library and to receive legal copies from Librarian K. Sterling. The appellant contends that Ms Sterling sounded her alarm because the appellant was using the inmate restroom, in the Facility III Law Library, while he was using the library. As a result, the appellant claims he is barred from the library preventing him from accessing the courts and receiving legal assistance. The appellant claims that this is not the first incident with Ms. Sterling.

The appellant is requesting an immediate investigation into his allegations, that Ms Sterling be reprimanded, removed and replaced with legally trained personnel for her unlawful actions to deny, delay and deprive the appellant access to the law library, courts and due process.

II SECOND LEVEL'S DECISION: The reviewer contacted the educational staff regarding the appellant's access to the Facility III Satellite Library. During the inquiry, it was discovered that there is no prohibition for the appellant to access the library. The appellant's request to have Library Technical Assistant, Ms. Sterling removed from the library and be reprimanded, does not fall within the scope of the appeals process.

III DIRECTOR'S LEVEL DECISION: Appeal is denied.

A. FINDINGS: The examiner at the Director's Level of Review (DLR) received a copy of the CDC Form 115, Rules Violation Report from the incident on June 16, 2007 involving the appellant. The appellant alleges he was innocently using the restroom when Ms. Sterling sounded her alarm for no reason. The appellant was found guilty of California Code of Regulations, Title 15, Section (CCR) 3005(b) "Conduct" specifically for "disobeying a direct order and out of bounds." The appellant further contends that he was barred from using the library subsequent to the incident of June 16, 2007.

Ms. Sterling sent the DLR examiner a schedule of the hours the Facility III, Law Library was open from May 25, 2007 to November 13, 2007 and the dates and hours the appellant used the library, plus the dates copies were produced for him by the library staff.

The appellant used the library four more times in June 2007, following the restroom incident, after he alleged he was barred from the library. According to the schedule, the appellant used the library the next day the library was open, following the incident of June 16th (Monday June 19th). He again used the library seven times in July, five times in August, and five times in September. The schedule reveals that the librarian called for the appellant on September 8, 2007; however, he did not show. Again, according to the schedule, he received library services five times in October and the library was closed from October 21, to October 29, 2007 due to the fires in the San Diego area. The examiner notes that on several occasions, the library staff reported that they provided the appellant with copies he requested. When the inmates are on Judicial Exception, it does not constitute unlimited access.

The Federal Reporter 2nd Vol. 776 page 858 states: "The Constitution does not guarantee a prisoner unlimited access to a Law Library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used."

The appellant, contrary to his belief, is receiving library access more than required by law. The time when the library was closed was due to emergencies, such as the San Diego area fires from October 21st through the 29th, and for lockdowns or required library staff training sessions. Other than the above library closures, the appellant is receiving adequate library access.

In this case, the appellant has failed to present compelling evidence and convincing argument to warrant modification of the decision reached by the institution. There is no compelling evidence to substantiate the appellant's claim that Library Technical Assistant, K. Sterling violated departmental rules or regulations.

There is no cause to intervene at the DLR.

**B. BASIS FOR THE DECISION:**
CCR: 3000, 3001, 3002, 3004, 3005, 3120, 3122, 3162, 3380, 3391
CDC Operations Manual Section: 101120.16

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, RJD
Appeals Coordinator, RJD

RECEIVED JUL 0 2 2007 RICHARD J. DONOVAN CORR. FAC. APPEALS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region: 1. RJD 2.

Log No. 1. 07-1598 2.

Category (10) ~~Staff Complaint~~ LEGAL

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Chester Wiseman | K-65722 | Unassigned | F3-B11-105 |

A. Describe Problem: See attached § 832.5 Personnel Citizen's Complaint. CCR title 15 § 3004 (c), § 3391 (a).

If you need more space, attach one additional sheet.

B. Action Requested: That an immediate investigation be conducted into the allegations herein, and the facility (3) law librarian Ms. K. Sterling be repramended, removed and replaced with legally-trained personnel, for her unlawful actions to deny, delay and deprive me access to the law library, to the courts and due process.

Inmate/Parolee Signature: Chet Wiseman Date Submitted: 6-16-07

C. INFORMAL LEVEL (Date Received: )

Staff Response: BYPASS

RECEIVED NOV - 5 2007 INMATE APPEALS BRANCH

Staff Signature: Date Returned to Inmate:

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: Date Submitted:

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: 07-1598

99

First Level ☐ Granted ☐ P. Granted ☑ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: JUL 05 2007 Due Date: AUG 14 2007

Interviewed by: Ms C. Van Cleave on August 1, 2007

See attached.

Staff Signature: Ms. C. Van Cleave Title: AVP Date Completed: 8-7-07

Division Head Approved: Signature: [signature] Title: AW Returned Date to Inmate: AUG 14 2007

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

The response is false and misconstrued to avoid the issue presented. There is no proof that I refused to go to the law library when I have (JE) status and pending court deadlines. However, the log will reflect Ms K. Sterling did not open the library.

Signature: Chest Wiseman Date Submitted: 8-21-07

Second Level ☐ Granted ☑ P. Granted ☐ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: AUG 23 2007 Due Date: SEP 21 2007

☑ See Attached Letter

Signature: M. STOUT, LT. Date Completed: 9/21/07

Warden/Superintendent Signature: Silvia H Garcia Date Returned to Inmate: SEP 25 20

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

There is no one in the facility 3 law library with any legal training to assist inmates in the preperation and filing of legal papers and the law librarian continues to refuse to open the facility 3 law library to allow inmates to access the inadequate law library that is on the (SNY) facility. There has been no direct access to the law library from 10-20-07 to 10-27-07

Signature: Chest Wiseman Date Submitted: 10-27-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☑ Denied ☐ Other FEB 04 2008

☑ See Attached Letter

Date:

CDC 602 (12/87)

# § 832.5 CITIZENS' COMPLAINTS AGAINST PERSONNEL; INVESTIGATION; DESCRIPTION OF PROCEDURE; RETENTION OF RECORDS.

(a) Each department or agency in this state which employs peace officers shall establish a procedure to investigate citizens' complaints against the personnel of such departments or agencies and shall make a written description of the procedure available to the public.

(b) Complaints and any reports or findings relating thereto shall be retained for a period of at least five years. (*Added by Stats. 1974, c. 29 §1. Amended by Stats. 1978, c. 630 §4.*) (All reference to California Penal Code 1994.)

## PERSONNEL COMPLAINT:

Complainant Chester Ray Wiseman (Pine)

Address R.J. Donovan Correctional Facility
P.O. Box 799003 F3-B11-105

City San Diego State Calif. Zip 92179-9003

Residence phone (______) ______

Business phone (______) ______

Date and time of incident June 16, 2007.

Location of incident Facility (3) law library

**☑ Check only one:**

1. ☐ Police Department
2. ☐ California Highway Patrol
3. ☐ U.S. Marshall
4. ☐ Sheriff's Department
5. ☐ Medical Staff
6. ☐ District Attorney
7. ☐ County Grand Jury
8. ☐ Internal Affairs
9. ☒ Department of Corrections
10. ☐ Bar Association

Personnel involved Facility (3) law librarian Ms. Stearling.

Names and addresses of witnesses The witnesses do not want their names used in fear of reprisal by staff and the facility (3) librarian. See staff witness Ms. Cathy Van Cleave and 3d watch staff who responded to the alarm at the facility (3) law library on 6-16-07.

Statement of complaint On 6-13-07, Facility (3) law librarian Ms. K. Sterling refused to open the law library to allow inmates library access, due process access to the courts, and to return my originals and copies given to her on 6-5-07. On 6-13-07, I personally made Ms. Cathy Van Cleave aware that I was being denied due process, access to the law library, and access to the court, and the legal copies taken by Ms. K. Sterling on 6-5-07. Ms. Cathy Van Cleave, is the academic vice principal with authority over Ms. K. Sterling and walked to the R.J. Donovan Correctional Facility with me to obtain the legal copies that I'd been waiting to be returned to me for over a week. Ms. K. Sterling refused to give me the legal copies to continue to deny me any and all direct access to the law library, due process, my legal copies for filing and access to the courts. On 6-16-07, Ms. K. Sterling as reprisal for bring her supervisor

and going over her head, knowingly, willfully, and prejudicely sounded the librarian personal alarm, to have correctional officers respond to the facility (3) law library, because I was using the inmate restroom inside of the law library while utalizing the law library. I have (JE) status with pending litigation in the courts and a court deadline, See attached copies. Correctional officers hand cuffed me and took me to the facility (3) program offices as a result of Ms. K. Sterling's unlawful actions See attached copies of incident report. As a result of the law librarian Ms. K. Sterling's unlawful actions, I am now barred from using the facility (3) law library, because the staff that made the false alarm and unlawful actions is working inside of the facility (3) law library as the librarian. I am now being denied all direct access to the law library, legal assistance, and access to the courts, and because of that fact the state must provide me with legal assistance at state expense or a lawsuit will be filed against the California Department of Corrections from the director of corrections down to the facility (3) librarian will be named as defendants. Ms. K. Sterling cannot legally justify her reason(s) for making staff respond to an alarm for an inmate using the inmate's restroom inside of the facility (3) law library, while that inmate is utalizing the law library and has (JE) user status. This is not the first incident on facility (3) that I've had with Ms. Sterling, See. 602 appeal log. No. RJD-3-07-450.

Use additional sheets of 8 1/2' x 11" white paper if necessary. Attach all relevant supporting documentation.)

I, the undersigned declare under penalty of perjury under the laws of the State of California that the foregoing complaint is true and correct and as to such facts averred upon information and belief, that I am so informed and believe the same to be true, and affix my signature hereto.

Dated this 16th day of June , ~~19~~ 2007

☐ Attachments

No. of pages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(Complainant Signature)

804 TO RECORDS BY: [handwritten signature] DATE: 6-29-07 GPL: 91

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| K-65722 | Wiseman | | RJDCF | F3-11-105L | F3-07-216 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCRS 3005(b) | Conduct and Obeying Orders | FIII Law Library | 06/16/07 | 1405 Hours |

CIRCUMSTANCES

On Saturday, June 16, 2007 at approximately 1405 hours, while performing my duties as a Library Technical Assistant (Safety), supervising the Facility III Law and General Reading Library, Inmate Wiseman, K-65722, F3-11-105L, refused a direct order not to go into the open, off-limits restroom that has no door, clearly marked "Out Of Bounds" in the library. He ignored the direct order from me and proceeded to go out of bounds. I gave another direct order to inmate Wiseman to leave the area immediately however, he continued his stride, went to the out of bounds area, refusing to exit, and began to urinate allowing all other inmates and myself to listen to him void He did not flush the toilet until after I pushed my alarm. Custody Officer Hodge escorted Inmate Wiseman to the Facility III Program Office. Inmate Wiseman is aware of this report.

Inmate Wiseman is a participant in the Mental Health Services Delivery System at the CCCMS level. A review by supervisory staff has determined that the behavior of Wiseman was not unusual, bizarre, or uncaracteristic in any way. Therefore, a Mental Health Assessment has not been ordered for this disciplinary.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| K. Sterling [signature] | 6-21-07 | Facility III Law & Gen Library | Th/Sun |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| T. Stricklin, Sergeant [signature] | 6-21-07 | DATE N/A LOC. N/A |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | F | 6/22/07 | E. Marrero, Facility Captain [signature] | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| ☒ CDC 115 | [signature] | 6-29-07 | 1315 | |

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: | | | | | | |

HEARING

HEARING: On Friday, July 13, 2007, at approximately 1445 hours, Inmate WISEMAN, K-65722, F3-11-105L, was present for this hearing, RVR Log# F3-07-216, and stated he was in good health. I introduced myself as the Senior Hearing Officer and explained to him that my position was to determine the facts of this matter based upon the evidence presented during this hearing and make a determination as to guilt or innocence based upon a preponderance of the evidence. He received all pertinent copies twenty-four (24) hours prior to this hearing, and was prepared to proceed. All charges were read to him and he was advised he would receive a final copy of this report after audit by the Chief Disciplinary Officer.

MENTAL HEALTH STATUS: Inmate WISEMAN is a participant in the Mental Health Services Delivery System at the CCCMS level of care. A CDC 115-X Mental Health Assessment was not prepared due to the defendant's behavior was not bizarre, unusual, or uncharacteristic behavior at the time of his offense.

STAFF ASSISTANT: It does not appear that this inmate requires staff assistance in this matter, pursuant to CCR 3315(d)(2)(A)1,2&3 see CDC 115-A.

INVESTIGATIVE EMPLOYEE: An IE was not assigned in this matter, pursuant to CCR 3315(d)(1)(A)1,2,&3 see CDC 115-A.

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| K. Spence, Correctional Lieutenant (SHO) | [signature] | 7/18/07 | 1800 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| E. Marrero, Facility Captain [signature] | 7/23/07 | E. Contreras, Associate Warden [signature] | 7/26/07 |

| | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | [signature] | 7-31-07 | 1905 |

CDC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE 02 OF 02

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| K-65722 | WISEMAN | F3-07-0216 | RJDCF | 07/13/07 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER

WITNESSES: Inmate WISEMAN requested L.T.A. Librarian K. Sterling as a witness in this matter. The following questions and answers were asked and given in the presence of the SHO:

Q1). "When did you tell Inmate WISEMAN if he could use the bathroom?"
A1). "I never allowed any Inmate to use the bathroom nor did I tell him that he could use the bathroom."
Q2). "Is there an Inmate bathroom in the Law Library?"
A2). "No, there is not."
Q3). "Was Inmate WISEMAN using the type-writer?"
A3). "Yes, he was on the typewriter at 1520 hours, and off at 1603 hours."
Q4). "Did Inmate WISEMAN ever ask to use the restroom prior to using it?"
→ A4). "No, he has asked to use it in the past and was informed to use the yard restroom in which he did."

EFFECTIVE COMMUNICATION: Inmate WISEMAN read the charges back to the SHO and articulated himself well in explaining the charges against him and the possible consequences to the SHO. The SHO established effective communication and continued with the hearing.

INMATE PLEA: Inmate WISEMAN pled not guilty and made the following statement: "She never said anything to me."

DUE PROCESS: The SHO notes no "Due Process" violation(s) in this matter: The defendant did receive his first copies within the 15-day requirement from the date of the offense. This hearing was convened within 30 days from the date that first copies were issued. The defendant claims a TABE/Reading Score at or above the mandatory minimum of 4.0. Therefore, all "Due Process" requirements were met and loss of Participation Credit is permitted in this matter.

FINDINGS: Guilty of CCR, Title 15, Section 3005(b), specifically, "CONDUCT: Disobeying a Direct Order/Out of Bounds" based upon the following:

1) The Circumstances Section of the RVR, authored by the Reporting Employee, K. Sterling, as noted above, which states in part: "On Saturday, June 16, 2007, at approximately 1405 hours,...Inmate WISEMAN, K-65722, F3-11-105L, refused a direct order not to go in to the open, off-limits restroom that has no door, clearly marked "Out of Bounds" in the library...I gave another direct order to inmate WISEMAN to leave the area immediately however, he continued his stride, went to the out of bounds area, refusing to exit, and began to urinate allowing all other inmates and myself to listen to him void he did not flush the toilet until after I pushed my alarm."

2) During testimony, Librarian K. Sterling was asked if she ever gave Inmate WISEMAN permission to use the restroom, and she replied, "I never allowed any inmate to use the bathroom nor did I tell him that he could use the bathroom."

These facts, when taken together, constitute a preponderance of evidence and support a finding of "GUILTY" in this matter.

DISPOSITION: Guilty as Charged. Inmate WISEMAN was thoroughly reprimanded, counseled and advised this type of behavior will not be tolerated. Assessed 30 days of Worktime Credit forfeiture for a Division "F" offense. Inmate WISEMAN was advised of his right to appeal this action per CCR 3084.1. He was further advised of the credit restoration request procedures per CCR 3327/3328, ~~and of the~~ disciplinary-free period requirements per CCR 3327(b).

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| [signature] E. SPENCE, CORRECTIONAL LIEUTENANT (SHO) | 7/18/07 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | [signature] | 7/31/07 | 1905 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| K-55722 | Wissman | RVRS ~~3313~~ 3005(b) | | 05/16/07 | RJDCF F3-07-216 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | |
| ☐ I REVOKE my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☒ NOT ASSIGNED | REASON: DOES NOT MEET CRITERIA PER CCRS 3315(d)(2) | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☒ NOT ASSIGNED | REASON: DOES NOT MEET CRITERIA PER CCRS 3315(d)(1) | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☒ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER ______ ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| K STERLING LIBRARIAN | ☒ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| INVESTIGATOR'S SIGNATURE | DATE |
|---|---|
| ▶ | |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) | TIME | DATE |
|---|---|---|---|
| | ▶ N Dam | 1315 | 6-29-07 |

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

OSP 03 74845

Attachment A Rev. 2/21/06

State of California

# Memorandum

Date : 7-2-07

To : SILVIA HUERTA-GARCIA
Chief Deputy Warden (A)
Richard J. Donovan Correctional Facility

Subject: **DETERMINATION OF STAFF COMPLAINT**

The attached appeal from inmate WISEMAN, CDC# K65722, dated 6/6/07 reflects a complaint against staff. Pursuant to Administrative Bulletin 05-03, please review the attached appeal and determine the following:

- ☐ The complaint warrants a request for an internal affairs investigation.
- ☐ The complaint shall be addressed by appropriate supervisory staff.
- ☑ The appeal does not meet the requirement for assignment as a staff complaint.

A. ~~Normal~~ Appeals Process:
- ☑ Routine Appeal Processing
- ☐ Second Level Response

B. Appeal Rejected:
- ☐ Reject with no appeal inquiry
- ☐ Reject: assign for review outside Appeal Process

C. Appeal Inquiry:
- ☐ Referred to for Appeal Inquiry.

The Original of the completed "Confidential Supplement to Appeal, Appeal Inquiry" (Attachment C) is to be forwarded to the Inmate Appeals Office to be filed with the appeal. **Inmates/Parolees will not be provided a copy of this confidential report.**

D. Formal Investigation:
- ☐ Refer to the Office of Internal Affairs, Central Intake Unit, for review and determination of action/ investigation

[signature]
J. T. STOVALL, CCII / Appeals Coordinator — Date: 7-2-07

[signature: Silvia H. Garcia]
SILVIA HUERTA-GARCIA, CDW (A) / Hiring Authority — Date: 7/3/07

# FIRST LEVEL REVIEW

DATE: August 6, 2007

NAME: WISEMAN, C

CDC NO: K65722

APPEAL NO: RJD-3-07-01598 FIRST LEVEL REVIEW

APPEAL ISSUE: DENIED

You are upset because Ms. Sterling, Library Technical Assistant (LTA), pressed her alarm because you used the bathroom in the library. You also want Ms. Sterling to be reprimanded, removed from the library, and be replaced with a legally-trained law librarian.

APPEAL RESPONSE: In reaching a decision on this issue, a thorough review of your appeal was conducted. Ms. C. Van Cleave, Vice-Principal, interviewed you on August 1, 2007. You allege that you are not allowed to go to the library. This is not correct. You have not been denied access to the Facility III Law Library. You have not returned to the library since you wrote this CDCR 602.

If the Education Department needs to talk with or retrain an employee, we do not report any of this information to any inmate. This is not the type of business to be discussed among employees and inmates.

Therefore, based upon the aforementioned information, the First Level of Review is **DENIED.**

C. Van Cleave
C. VAN CLEAVE
Academic Vice-Principal
R. J. Donovan C. F.

8-7-08
Date

E. Contreras
E. CONTRERAS
Associate Warden, Facilities I, III
And Education

8/10/07
Date

State of California Department of Corrections and Rehabilitation

# Memorandum

Date: September 21, 2007

To: Wiseman, C.
K65722
Richard J. Donovan Correctional Facility

Subject: **SECOND LEVEL APPEAL RESPONSE** **LOG NO.: RJD-07-01598**

**APPEAL ISSUE:**

It is the appellant's position that K. Sterling, Librarian Technical Assistant has denied him access to the Facility 3 Law Library.

The appellants requested remedy was that Ms. Sterling be removed from the Facility 3 Law Library and that she be reprimanded for her alleged unlawful actions. In addition, he requested to be permitted to use the Facility 3 Law Library.

**INTERVIEWED BY:** C. Van Cleave, Academic Vice Principle, on August 1, 2007, at the First Formal Level of Review.

**REGULATIONS:** The rules governing this issue are:

California Code of Regulations (CRC), Title 15, Section:

CCR, Section 3004 – Rights and Respect
CCR, Section 3122 – Inmate Law Library
CCR, Section 3391 – Employee Conduct

**APPEAL RESPONSE:**

A review of the "Effective Communication List for Inmates With Test of Adult Basic Education Reading Scores of 4.0 or Less" reveals that the inmate does not require assistance in order to achieve effective communication.

The Educational staff was contacted regarding the appellant's access to the Facility 3 Satellite Library and it was discovered that there is no prohibition for him to access the library. Therefore, the appellant is permitted access to the library.

The appellant's request to have Ms. Sterling removed from the Facility 3 Law Library and that she be reprimanded does not fall within the scope of the appeals process.

**APPEAL DECISION:** The appeal is granted in part at the Second Level of Review.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

Silvia H. Garcia
Chief Deputy Warden
California Department of Corrections and Rehabilitation
Richard J. Donovan Correctional Facility at Rock Mountain

# INMATE APPEAL ROUTE SLIP

To: EDUC

Date: July 5, 2007

From: INMATE APPEALS OFFICE

Re: Appeal Log Number RJD-3-07-01598 By Inmate WISEMAN, K65722

Please assign this appeal to appropriate staff for FIRST level response.

Appeal Issue: LEGAL
Due Date: 08/14/2007
Special Needs:

STAFF INSTRUCTIONS: Per Director's Rule 3084.5(f) (2) first level appeal review requires a personal interview with the inmate unless the appeal is granted. This policy is not within the institution's jurisdiction and cannot be waived. Director's Rule 3084.5(f) (3) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return appeal to the Appeals Office. All first level appeals require signature of the Division Head. Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.

Inmate Appeals Coordinator
Richard J. Donovan Correctional Facility

# INMATE APPEAL ROUTE SLIP

To: APPEALS Date: August 23, 2007

From: INMATE APPEALS OFFICE

Re: Appeal Log Number RJD-3-07-01598 By Inmate WISEMAN, K65722

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue: LEGAL
Due Date: 09/21/2007
Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.

Inmate Appeals Coordinator
Richard J. Donovan Correctional Facility

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

***Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:***

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.** [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| Chester Wiseman | Chester Wiseman | 6-16-07 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| Chester Wiseman | Chester Wiseman | K-65722 | 6-16-07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| | | | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

# EXHIBIT COVER PAGE

I

EXHIBIT

**DESCRIPTION OF THIS EXHIBIT:**
Proof of exhaustion of administrative remedies for claim 2 two

**NUMBER OF PAGES TO THIS EXHIBIT:** 11 **PAGES.**

**JURISDICTION: (Check only one)**

- [ ] CDCR Administrative Appeal
- [ ] California Victim Compensation And Government Claims Board
- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme
- [x] United States District Court
- [ ] United States Circuit Court
- [ ] United States Supreme Court

Approved for use with Judicial Council forms Jan 1997

FIRST LEVEL REVIEW

DATE: May 30, 2008

NAME: WISEMAN

CDC NO: K65722

APPEAL NO: RJD-2-08-00601 FIRST LEVEL REVIEW

APPEAL ISSUE: GRANTED

You are upset because you say that you have not been able to access the Law Library in Administration Segregation (Ad Seg) on Facility II. You want a complete and full investigation to be conducted to determine the willful denials of court access. You also wanted Judicial Exception (JE Status) for your three alleged court deadlines of June 3, 2008, June 3, 2008, and June 17, 2008. At that time, Ms. A. Peterson, Senior Librarian, stated that you were not eligible for JE Status, as you did not have court responses to these court dates. Within this past week, Ms. K. Sterling, LTA, has stated that you do now have the prior documents to allow you full use of JE Status.

APPEAL RESPONSE: In reaching a decision on this issue, a thorough review of your appeal was conducted. Ms. C. Van Cleave, Academic Vice-Principal interviewed you on May 15, 2008. No one has denied you access to the Ad Seg law library. Your Housing Unit, Building #6 on Facility II has not been open on the Fridays that you have been scheduled to go to Ad Seg, due to staff shortages, absences and illnesses, and correctional closures.

It has been determined that you have not received very many hours of law library access. To try to make up the difference in your law library access, Mr. J. Laguna, Library Technical Assistant, will make available to you the 1300 hours to 1500 hours time slots on Wednesdays, in addition to Fridays, from 1300 hours to 1500 hours. The Housing Unit Custody Supervisor will be apprised of the additional access of time that you will be permitted to utilize in the Ad Seg Law Library.

Therefore, based upon the aforementioned information, the First Level of Review is **GRANTED.**

C. VAN CLEAVE
Academic Vice-Principal
R. J. Donovan C. F.

5/30/08
Date

E. CONTRERAS
Associate Warden, Facilities I, III
And Education

5/30/08
Date

This is a staff complaint per: Penal Code [illegible]

RECEIVED
APR 1 6 2008
RICHARD J. DONOVAN CORR. FAC.
APPEALS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. RJD
2.

Log No.
1. 08-601
2.

Category
Staff complaint

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Chester Wiseman | K-63722 | Ad-seg. | 2-8-221 |

A. Describe Problem: See Alston v. DeBruyn, 13 F.3d 1036, "Inmate's fundamental constitutional right to access to the court is not diminished when he is in ad-seg. CCR title 15 § 3120 (a); 3122(a); 3160 (a); 3164 (a)(b)(c)(d). The first amendment prohibits jail and prison officials from retaliating against inmates who report complaints, file grievances or file lawsuits. See Allah v. Seiverling, 229 F.3d 220; Crawford-El v. Britton, 523 U.S. 588 n.10 (1998); Sisneros v. Nix, 95 F.3d 749; Madrid v. Gomez, 150 F.3d 1030 (9th cir. 1998), Ex Parte Hull, 312 U.S. 546, 61 S.Ct. 640 (1941) "Prisoners

If you need more space, attach one additional sheet. See attached page.

B. Action Requested: That this staff complaint be processed as a staff complaint per PC § 148.6. That a complete and full investigation be conducted to determine the willful denials of access complained of herein, why such denials occured and why I'm still being denied court access.

Inmate/Parolee Signature: Chester Wiseman Date Submitted: 4-15-08

C. INFORMAL LEVEL (Date Received: )

Staff Response:

BYPASS

Staff Signature: Date Returned to Inmate:

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: Date Submitted:

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

08-601

08-601

First Level ☒ Granted ☒ P Granted ☐ Denied ☐ Other ______ as of 5/30/08 cw 5/30/08

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: APR 21 2008 Due Date: MAY 29 2008

Interviewed by: Ms. C. Van Cleave, Academic Vice-Principal, on May 15, 2008.

See attached memo.

Staff Signature: Ms. C. Van Cleave Title: AVP Date Completed: 5/15/08

Division Head Approved: [signature] Title: [signature] Returned

Signature: ______ Date to Inmate: MAY 30 2008

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

On both 6-6-08, and 6-13-08, I was again denied all direct access to a law library, with JE status until 6-20-0[8] and legal papers ready to be copied for filing to the courts, since 6-4-08. Nothing has changed even after granted.

Signature: [signature] Date Submitted: 6-13-08

Second Level ☐ Granted ☐ P Granted ☐ Denied ☐ Other ______

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: ______ Due Date: ______

☐ See Attached Letter

Signature: ______ Date Completed: ______

Warden/Superintendent Signature: ______ Date Returned to Inmate: ______

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P Granted ☐ Denied ☐ Other ______

☐ See Attached Letter

Date: ______

CDC 602 (12/87)

Attachment 6 of 6 CO2 pages:

have a fundamental right to adequate, effective, and meaningful access to the courts to challenge violations of their constitutional rights. Canterino v. Wilson, 562 F.Supp. 106, 110-12 (W.D. Ky. 1983). (Inmates without library access must be given access to legally-trained personnel). The law rules, policies, regulations, and procedures are clear, that all inmates shall have access to a law library, legal assistance, due process and access to the courts, without any retaliation from jail or prison officials, for filing or maintaining a lawsuit. However, CDC rules, prevent such adequate research, copies and legal counseling, which has amounted to prejudice and has denied appellant all access to a law library, legal assistance, and access to the courts as a form of retaliation, to prevent access to the courts for filing a civil rights lawsuit against R.J.D.C.F. and law library personnel, including facility 3 librarian Ms K. Sterling. On 3-10-08, appellant was placed in ad-seg for alleged safety concerns, with pending litigation in (4) different cases, in 3 different courts and (JE) status for each pending case. On 3-10-08, appellant made a written request for law library access and from then to the present date, as retaliation for filing a civil rights lawsuit with Ms. K. Sterling as one of the defendants in the action, he has been denied any and all access to a law library, legal assistance, copies of legal documents for the courts, which are now overdue, due process and access to the courts, to prejudice him and the outcome of the proceedings pending before 3 different courts, in 4 different cases. Ms. K. Sterling has been made aware of the many requests for law library access and to up-date the (JE) status, but has continued to fail and refuse to have complainant called out for access, as further retaliation to deny or delay any and all access to the courts. As a result of these continued violations, complainant has missed court deadlines in (3) different courts, his access is significantly

being impaired by state prison officials acting under color of authority. See Demallory v. Cullen, 855 F.2d 442, "Where limitations on library use prevent filing of briefs in time for court's consideration, limitations are sufficiently prejudicial to sustain inmate's access-to-courts claim." See also Walters v. Thompson, 615 F. Supp. 330, 340 (N.D. Ill. 1985) "We require only that plaintiff "articulate" to some degree the basis for his claim that his access to the courts was significantly... impaired."

Both written requests and even ad.seg. personnel have made Facility 3 law librarian Ms. K. Sterling aware of my need for law library access or legal assistance as required by law to no avail.

This staff complaint shall be brought to the courts attention in each of the pending cases as to the reasons for such delays in filing overdue documents to the courts.

This complaint shall also serve as notice of a civil rights lawsuit to be filed, upon completion of administrative remedies. See Wright v. California (2004) 122 Cal. App. 4th 659, 19 Cal. Rptr. 3d 92; Bradley v. Hall, 64 F.3d 1276 (9th cir. 1995). Ziemba v. Wezner, 366 F.3d 161, 163-64; Hemphill v. State of New York, 380 F.3d 680 (2nd cir. 2004).

I have requested forms for the courts, summons, copies, case citing, and envelopes to mail documents to the courts and continue to be denied the requests without any justifiable cause, other then to prejudice me and the outcome of the court hearings, to ensure that complaintant will not have law library access or legal assistance, due process or access to the courts, facility 3 law librarian Ms. K. Sterling, refuses to come to ad.seg. on the days she is required to assist ad.seg. inmates.

# § 832.5 CITIZENS' COMPLAINTS AGAINST PERSONNEL; INVESTIGATION; DESCRIPTION OF PROCEDURE; RETENTION OF RECORDS.

(a) Each department or agency in this state which employs peace officers shall establish a procedure to investigate citizens' complaints against the personnel of such departments or agencies and shall make a written description of the procedure available to the public.

(b) Complaints and any reports or findings relating thereto shall be retained for a period of at least five years. (*Added by Stats. 1974, c.,29 §1. Amended by Stats, 1978, c. 630 §4.*) (All reference to California Penal Code 1994.)

## PERSONNEL COMPLAINT:

Complainant Chester Wiseman

Address R.J.D.C.F. 2-8-221

P.O. Box 799002 480 Alta Road

City San Diego State Ca. Zip 92179-9002

Residence phone (______) ______

Business phone (______) ______

Date and time of incident 3-10-08 throug present date

Location of incident R.J.D.C.F.

**☑ Check only one:**

1. ☐ Police Department
2. ☐ California Highway Patrol
3. ☐ U.S. Marshall
4. ☐ Sheriff's Department
5. ☐ Medical Staff
6. ☐ District Attorney
7. ☐ County Grand Jury
8. ☐ Internal Affairs
9. ☒ Department of Corrections
10. ☐ Bar Association

Personnel involved Ms K. Sterling law librarian.

Names and addresses of witnesses Ad. seg. sargeant J. Payne, c/o Burnhart, facility captain '2' B. Morris

480 Alta Road, San Diego Ca.

Statement of complaint On 3-10-08, complaintant was placed into ad. seg. with pending litigation in 3 different courts and (PLU) status which would allow him more law library access due to court deadlines. On 3-10-08, complaintant made a written request for law library access and from that date to the present date he has been denied any and all access to a law library, legal assistance, due process copies, and access to the courts as a form of retaliation for filing a civil rights action. as retaliation for filing a civil rights action Ms. K. Sterling one of the defendants in the action refuses to come to ad. seg. to provide

ad. seg. inmates with law library access, legal assistance and to ensure no access to the courts and denial of ... access while acting under color of authority. The on going denial of due process, law library access, access to legal assistance, and access to the courts has caused me to miss court deadlines in 3 different courts. I am still being denied access due to Ms. K. Sterlings failure and refusal to come to ad. seg. on the days she is required to be at ad. seg. to provide law library access or legal assistance.

se additional sheets of 8 1/2' x 11" white paper if necessary. Attach all levant supporting documentation.)

the undersigned declare under penalty of perjury under the laws of e State of California that the foregoing complaint is true and correct d as to such facts averred upon information and belief, that I am so formed and believe the same to be true, and affix my signature ereto.

ated this 15th day of April, ~~19__~~ 2008

Attachments
o. of pages 4

Chest Wiseman
(Complainant Signature)

STATE OF CALIFORNIA
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

***Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:***

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| | | | |
|---|---|---|---|
| COMPLAINANT'S PRINTED NAME: Chester Wiseman | COMPLAINANT'S SIGNATURE | DATE SIGNED: 4-15-08 | |
| INMATE/PAROLEE PRINTED NAME: Chester Wiseman | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER: K-65722 | DATE SIGNED: 4-15-08 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

Chester Ray Wiseman (Pine) K-65722
R.J.D.C.F. 2-8-221
P.O. Box 799002 480 Alta Road
San Diego, California 92179-9002

Chester Ray Wiseman Pine
Plaintiff In Pro Per:

FILED
LOS ANGELES SUPERIOR COURT
APR 09 2008
JOHN A. CLARKE, CLERK
BY J. NETZ, DEPUTY

RECEIVED
APR 09 2008
NORTH DISTRICT

Superior Court of California
County of Los Angeles

CHESTER RAY WISEMAN PINE,
Plaintiff,
v.
J. SEBOK (corrections officer),
Defendant.

Case No. 07C03491

MOTION TO AMEND CIVIL RIGHTS STATE TORT LAWSUIT TO ADD WHAT TYPE OF INJURY PLAINTIFF SUFFERED TO THE AMENDED COMPLAINT

6/3/08
830am
Dept. A 17

## MOTION

TO THE HONORABLE PRESIDING CARLOS BAKER JR, IN THE ABOVE ENTITLED COURT, IN THE ABOVE ENTITLED CAUSE OF ACTION. *PLAINTIFF MOVES THIS HONORABLE COURT FOR MOTION TO AMEND TO ADD THE TYPE OF INJURY PLAINTIFF SUFFERED TO HIS AMENDED STATE TORT CIVIL RIGHTS LAWSUIT.

The motion shall be based on this notice of motion, motion, all records, files, exhibits and any other oral or documentray evidence, that may be presented at the hearing of this motion.

"NOTICE IS GIVEN"

Plaintiff, submits to this court, that upon review of his copy of his civil rights state tort

Chester Ray Wiseman (Pine) K-65722
R.J.D.C.F. 2-8-221
P.O. Box 799002 480 Alta Road
San Diego California 92179-9002

Chester Ray Wiseman Pine
Plaintiff In Pro Per:

FILED
LOS ANGELES SUPERIOR COURT
APR 11 2008
JOHN A. CLARKE, CLERK
BY E. SIMMONS, DEPUTY

RECEIVED
APR 11 2008
NORTH DISTRICT

Superior Court of California
County of Los Angeles

Chester Ray Wiseman Pine,
Plaintiff,
v.
Calif. Dept. of Correc. et.al.,
Defendants.

Case No. MC018554

MOTION AND REQUEST FOR APPOINTMENT OF COUNSEL AT STATE EXPENSE WITH DECLARATION THEREIN

DATE: June 17, 2008
TIME: 8:30am
DEPT: A-16

MOTION

TO THE HONORABLE PRESIDING JUDGE BRIAN C. YEP, IN THE ABOVE ENTITLED COURT, IN THE ABOVE ENTITLED CAUSE OF ACTION *PLAINTIFF MOVES THIS COURT FOR MOTION FOR APPOINTMENT OF COUNSEL AT STATE EXPENSE.

The motion shall be based on this notice of motion, motion, all records, files, exhibits, papers and any other oral or documentray evidence that may be presented at the hearing of this motion.

"NOTICE IS GIVEN"

Plaintiff submits, that on 3-8-2008, he was placed into ad.seg. housing and released from ad.seg. and placed back into ad.seg. housing on 3-10-2008, away from all of his legal property, for pending litigation in the courts.

Chester Ray Wiseman (Pine) K-65722
R.J.D.C.F. F3-B15-112
P.O. Box 799003
San Diego. California 92179-9003

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 03 2008

JOHN A. CLARKE, CLERK
BY

Chester Ray Wiseman Pine
Plaintiff In Pro Per:

Superior Court of California
County of Los Angeles

Chester Ray Wiseman Pine,
Plaintiff,
v.
Calif. Dept. of Corrections et. al.,
Defendants.

Case No. NC018554

MOTION FOR DEFAULT AND REQUEST FOR SUMMARY JUDGMENT WITH DECLARATION THEREIN

DATE: June 3, 2008
TIME: 8:30am
Dept: A-16

MOTION

TO THE HONORABLE PRESIDING BRIAN C. YEP, IN THE ABOVE ENTITLED COURT, IN THE ABOVE ENTITLED CAUSE OF ACTION, * PLAINTIFF MOVES THIS HONORABLE COURT FOR MOTION FOR DEFAULT AND REQUESTS FOR SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF.

The motion shall be based on this notice of motion, motion, all records. files, exhibits, declaration, and any other oral or documentary evidence, that may be presented at the hearing of this motion.

"NOTICE IS GIVEN."

1). This action was first presented to this honorable court in case No. NC017759, which was dismissed without prejudice and resubmitted to

# Judicial Exceptions

Priority use of the Law Library (Judicial Exceptions) shall be made only to accommodate inmates who have a court deadline that is within thirty (30) days per DOM section 53060.16 as verified by the Librarian on duty at the time and approved by the Supervisor of Correctional Education Programs. Inmates must wait until they are within thirty (30) days of their court deadline to ask for or qualify for Judicial Exception.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central
TELEPHONE NUMBER: (619) 685-6062

PLAINTIFF(S) / PETITIONER(S): Robert J. Hernandez et.al.

DEFENDANT(S) / RESPONDENT(S): Chester Ray Wiseman et.al.

WISEMAN VS. HERNANDEZ

**NOTICE OF HEARING**

CASE NUMBER: 37-2007-00074747-CU-MC-CTL

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above. All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| OSC - Why Case Should Not be Dismissed | 06/20/2008 | 10:00 am | C-60 | Yuri Hofmann |

The hearing will be canceled if one of the following occurs prior to the hearing (California Rules of Court, Rule 225):
1) File a judgment or dismissal (see Superior Court Rules, Division II, if applicable).
2) File for structured settlement/dismissal pursuant to Superior Court Rules, Division II.
3) Transfer case to another court and pay appropriate fees.

If you are unable to comply with any of the above, you must appear. Failure to appear may result in a dismissal of the action on the court's own motion, without further notice to the parties.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>Central<br>330 West Broadway<br>San Diego, CA 92101 | |
|---|---|
| **SHORT TITLE:** Wiseman vs. Hernandez | |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**37-2007-00074747-CU-MC-CTL** |

I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at San Diego, California, on 05/22/2008.

Clerk of the Court, by: G. Recabo, Deputy

Chester Ray Wiseman
R.J. Donovan Correctional Facility K-65722; F3-B11-105
P.O.Box 799003
San Diego, CA 92179-9003

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. ____________
2. ____________

Log No.
1. ____________
2. ____________

Category: Legal

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Chester Wiseman | K-65722 | Ad. seg. | F2-8-102 |

A. Describe Problem: I am pro per in pending litigation in [illegible] [illegible] the [illegible] office to be copied, one copy sent to [illegible] coordinator and one copy sent to [illegible] [illegible] status. I have been and [illegible] due process, law library access, [illegible] the courts and equal protection [illegible] by state [illegible] officials [illegible]

If you need more space, attach one additional sheet. [illegible]

B. Action Requested: That an investigation be conducted into why I've continued to be denied JE law library access, legal assistance and access to the courts, and the matter corrected forthwith or upon completion of exhaustion of administrative remedies a lawsuit is imminent.

Inmate/Parolee Signature: Chester Wiseman Date Submitted: 5-14-08

C. INFORMAL LEVEL (Date Received: 6-10-08)

Staff Response: The library staff are extremely sorry that the Ad Seg Library has not been open enough hours to accomodate all of your library needs. You have been granted JE status. You will be given first choice with the J.E status to help you with the library time for your cases. A list of library closure days is enclosed.

Staff Signature: A. Peterson, Sr. Librarian Date Returned to Inmate: 6-12-08

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I had JE status that ended on 6-20-08, in which I had been denied all direct access to a law library on 6-6-08, 6-13-08, and finally gained access on 6-17-08, with inadequate time to prepare for court hearing set for 6-20-08, Dept. 60, 10:00 am. I've had no time to adequately prepare my case.

Signature: Chester Wiseman Date Submitted: ____________

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

inmates access to the courts. CCR title 15 § 3160(a) Inmate access to courts states in part: Inmates access to courts shall not be obstructed. Staff shall not in any way retaliate against or discipline any inmate for initiating or maintaining a lawsuit.

I have continued to be denied law library and legal assistance after being denied law library access. See Bounds v. Smith, 97 S.Ct. at 1498. "If the state denies a prisoner reasonable access to a law library, the state must provide that prisoner legal assistance."; Walters v. Thompson, 615 F. Supp. 330, 340. (N.D. Ill. 1985) "Rather when inmates have no access to a law library, they must be provided with assistance to trained, skilled and independent legal personnel."; Pilgrim v. Littlefield, 92 F. 3d 413. "Plaintiff [illegible] [illegible] that the inadequacy of the prison law library or the available legal assistance, cause such actual injury, as the late filing of a court document or dismissal of an otherwise meritorious claim." An action that was pending prior to me being placed in adseg was dismissed on 4-28-08 due to lack of legal assistance and law library access. CDCR Operations Manual sections 53060.1 - 53060.18 deal with court & law library [illegible]. CCR title 15 § 3164(a) states: Inmates confined in administrative segregation for any reasons will not be limited in their access to the courts. CCR title 15 § 3122 (b) Inmate law library states in part: Inmates with established court deadlines shall be given higher priority to access law library resources than those with longer deadlines or without a deadline. See Alston v. DeBruyn, 13 F. 3d 1036; "Inmates fundamental constitutional right to access to the courts, is not diminished when he is in adseg." Patrick v. Maynard, 11 F. 3d 991. "Affirmative obligations are imposed on states to ensure all inmates access to courts and assistance in preparation and filing of legal papers." Wilson v. Yaklich, 148 F. 3d 596. "Access to the

courts to be afforded inmates, must be adequate, effective and meaningful" I was denied law library access from 3-10-08 until 4-18-08 with JE status and now I have provided proof of a 6-3-08 court deadline and I am still being denied JE status and law library access; in violation of my civil rights.

As R.J.D.C.F. principle over education you did know or reasonably should have know, that K. Sterling has continued to fail and/or refuse to come to facility 2 on a daily, to allow inmates with court deadlines access to a law library. And as principle of education you have the power and legal duty, to provide a substitute or legal assistance, to ensure all inmates access to the courts; yet while acting under color of authority, has failed or refused to do so; resulting in the continued violation of my civil rights, to due process, law library access, access to legal assistance, access to the courts and the denial of equal protection under the laws; and causing the dismissals of pending court actions for lack of law library or legal assistance, to adequately prepare documents for the courts.

See, Milton v. Morris, 767 F.2d 1443, 1447, (9th cir. 1985), "Right of access violated by denial of access to the law library and legal assistance"; Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358 (1991), "State officials held subject to personal liability for damages under 42 U.S.C. §1983 based on official acts, where §1983 actions were brought against officials in their individual capacity"; Demallory v. Cullen, 855 F.2d 442, "where limitations on library use prevent filling of briefs in time for court's consideration, limitations are sufficiently prejudicial to sustain inmate's access-to-court claim"; Badea v. Cox, 931 F.2d 573 (9th cir. 1991), "A civil rights action in contrast is the proper method of challenging "conditions of confinement."

Richard J. Donovan Correctional Facility - AdSeg Law Library – 2 Hour Block Log

| S-Cell | Inmate's Name CDC # | HU-CELL | | | MONTH: |
|---|---|---|---|---|---|
| 1 | ONTIVEROS | 220 | Time In: | 1300 | DATE: Monday 3-10-08 |
| | | | Time Out: | 1405 | |
| | FRANKLIN | 142 | Time In: | 1300 | |
| | | | Time Out: | 1445 | |
| 3 | JONES | 234 | Time In: | 1300 | |
| | | | Time Out: | 1445 | |
| 4 | MINARD | 138 | Time In: | 1300 | |
| | | | Time Out: | 1405 | |
| 5 | BLACKMAN | 123 | Time In: | 1300 | |
| | | | Time Out: | 1455 | |
| | | | | Librarian's Signature: | [signature] |
| 1 | | | Time In: | | DATE: Tuesday 03/11/08 |
| | | | Time Out: | | |
| 2 | BRRWINGTON | 105 | Time In: | 1305 | |
| | | | Time Out: | 1505 | |
| 3 | HERNDON | 239 | Time In: | 1305 | |
| | | | Time Out: | 1505 | |
| 4 | PHAM | 109 | Time In: | 1310 | |
| | | | Time Out: | 1400 | |
| 5 | RAMA | 109 | Time In: | 1310 | |
| | | | Time Out: | 1400 | |
| | | | | Librarian's Signature: | [signature] |
| 1 | | | Time In: | | DATE: Wednesday 3-12-08 |
| | | | Time Out: | | |
| 2 | Cuevas | 232 | Time In: | 1345 | |
| | | | Time Out: | 1500 | |
| | Johnson | 245 | Time In: | 1345 | |
| | | | Time Out: | 1500 | |
| 4 | Telson | 234 | Time In: | 1345 | |
| | | | Time Out: | 1500 | |
| 5 | | | Time In: | | |
| | | | Time Out: | | |
| | | | | Librarian's Signature: | [signature] |
| 1 | QUINN | 132 | Time In: | 1305 | DATE: Thursday 03/13/08 |
| | | | Time Out: | 1505 | |
| 2 | ALVARADO | 115 | Time In: | 1305 | |
| | | | Time Out: | 1505 | |
| 3 | RAMIREZ | 104 | Time In: | 1305 | |
| | | | Time Out: | 1505 | |
| 4 | DONOVAN | 145 | Time In: | 1305 | |
| | | | Time Out: | 1505 | |
| 5 | | | Time In: | | |
| | | | Time Out: | | |
| | | | | Librarian's Signature: | [signature] |
| 1 | | | Time In: | | DATE: Friday 3-14-08 |
| | | | Time Out: | | |
| 2 | | | Time In: | | |
| | | | Time Out: | | |
| | | | Time In: | | |
| | | | Time Out: | | |
| 4 | | | Time In: | | |
| | | | Time Out: | | |
| 5 | | | Time In: | | |
| | | | Time Out: | | |

Construction in B-6 per C/O Ardono

NO INMATE MOVEMENT

| S-Cell | Inmate's Name CDC # | HU-CELL | | MONTH: |
|---|---|---|---|---|
| 1 | | | Time In: | DATE: Monday 3-17-08 |
| | | | Time Out: | |
| | | | Time In: | |
| | | | Time Out: | |
| 3 | NO | | Time In: STAFF | |
| | | | Time Out: | |
| 4 | | | Time In: | |
| | | | Time Out: | |
| 5 | | | Time In: | |
| | | | Time Out: | |
| | | | Librarian's Signature: | [illegible signature] |
| 1 | | | Time In: | DATE: Tuesday |
| | | | Time Out: | |
| 2 | PROGRAM | | Time In: CANCELED | |
| | | | Time Out: | |
| 3 | BY | | Time In: CUSTODY | |
| | | | Time Out: | |
| 4 | | | Time In: | |
| | | | Time Out: [illegible signature] | |
| 5 | | | Time In: | |
| | | | Time Out: | |
| | | | Librarian's Signature: | [illegible signature] |
| 1 | SLEUTH | 105 | Time In: 1300 | DATE: Wednesday 3-18-08 |
| | | | Time Out: 1500 | |
| 2 | Franco | 207 | Time In: 1300 | |
| | | | Time Out: 1500 | |
| 3 | Lopez | 214 | Time In: 1300 | |
| | | | Time Out: 1500 | |
| 4 | Bowman | 108 | Time In: 1300 | |
| | | | Time Out: 1500 | |
| 5 | DelaTorre | 238 | Time In: 1300 | |
| | | | Time Out: 1500 | |
| | | | Librarian's Signature: | [illegible signature] |
| 1 | BERG | 214 | Time In: 1305 | DATE: Thursday 03/20/08 |
| | | | Time Out: 1505 | |
| 2 | CHELBERG | 215 | Time In: 1305 | |
| | | | Time Out: 1505 | |
| 3 | JIMENEZ | 201 | Time In: 1305 | |
| | | | Time Out: 1505 | |
| 4 | MEDINA | 242 | Time In: 1305 | |
| | | | Time Out: 1505 | |
| 5 | ESTRADA | 114 | Time In: 1305 | |
| | | | Time Out: 1505 | |
| | | | Librarian's Signature: | [illegible signature] |
| 1 | | | Time In: | DATE: Friday 3/21/08 |
| | | | Time Out: | |
| 2 | | | Time In: | |
| | Two staff | | Time Out: absent | |
| | | | Time In: | |
| | No staff | | Time Out: in Ad Seg | |
| 4 | | | Time In: | |
| | | | Time Out: | [illegible signature] |
| 5 | | | Time In: | |
| | | | Time Out: | |

| S-Cell | Inmate's Name CDC # | HU-CELL | | | MONTH: |
|---|---|---|---|---|---|
| 1 | DIXON | 110 | Time In: | 1345 | DATE: Monday 3-24-08 |
| | | | Time Out: | 1510 | |
| | BECKER | 209 | Time In: | 1335 | |
| | | | Time Out: | 1535 | |
| 3 | WELLS | 213 | Time In: | 1325 | |
| | | | Time Out: | 1515 | |
| 4 | ROARK | 125 | Time In: | 1320 | |
| | | | Time Out: | 1425 | |
| 5 | FRANKLIN | 142 | Time In: | 1315 | |
| | | | Time Out: | 1420 | |
| | | | | Librarian's Signature: | [signature] |
| 1 | BREWINGTON | 105 | Time In: | 1305 | DATE: Tuesday 03/25/08 |
| | | | Time Out: | 1510 | |
| 2 | HERNDON | 239 | Time In: | 1305 | |
| | | | Time Out: | 1505 | |
| 3 | DIXON | 110 | Time In: | 1305 | |
| | | | Time Out: | 1515 | |
| 4 | RIDDLE | 201 | Time In: | 1305 | |
| | | | Time Out: | 1445 | |
| 5 | SCRUGGS | 120 | Time In: | 1305 | |
| | | | Time Out: | 1500 | |
| | | | | Librarian's Signature: | [signature] |
| 1 | | | Time In: | No Program Staff Committee | DATE: Wednesday 3/26/08 |
| | | | Time Out: | | |
| 2 | | | Time In: | | |
| | | | Time Out: | | |
| 3 | | | Time In: | | |
| | | | Time Out: | | |
| 4 | | | Time In: | | |
| | | | Time Out: | | |
| 5 | | | Time In: | | |
| | | | Time Out: | | |
| | | | | Librarian's Signature: | J. Lozano, LTA |
| 1 | GALELLA | 234 | Time In: | 1305 | DATE: Thursday 03/27/08 |
| | | | Time Out: | 1505 | |
| 2 | PHILLIPS | 124 | Time In: | 1305 | AQUIL 220 1345 |
| | | | Time Out: | 1335 | 1505 |
| 3 | CUEVAS | 247 | Time In: | 1305 | |
| | | | Time Out: | 1505 | |
| 4 | | | Time In: | | |
| | | | Time Out: | | |
| 5 | | | Time In: | | |
| | | | Time Out: | | |
| | | | | Librarian's Signature: | [signature] |
| 1 | | | Time In: | NO STAFF - DD SACRAMENTO | DATE: Friday 3-28-08 |
| | | | Time Out: | | |
| 2 | | | Time In: | | |
| | | | Time Out: | | |
| | | | Time In: | | |
| | | | Time Out: | | |
| 4 | | | Time In: | | |
| | | | Time Out: | | |
| 5 | | | Time In: | | |
| | | | Time Out: | | |

| AS-Cell | Inmate's Name CDC # | HU-CELL | | MONTH: |
|---|---|---|---|---|
| 1 | | | Time In: | DATE: Monday 3-31-08 |
| | | | Time Out: | |
| | CEZAR CHAVEZ DAY | | Time In: | |
| | | | Time Out: | |
| 3 | | | Time In: | |
| | | | Time Out: | |
| 4 | | | Time In: | |
| | | | Time Out: | |
| 5 | | | Time In: | |
| | | | Time Out: | |
| | | | Librarian's Signature: | |
| 1 | PARRA | 218 | Time In: 1310 | DATE: Tuesday 04/01/08 |
| | | | Time Out: 1515 | |
| 2 | GONZALEZ | 202 | Time In: 1305 | |
| | | | Time Out: 1500 | |
| 3 | MORRIS | | Time In: 1305 | |
| | | | Time Out: 1430 | |
| 4 | ARTEAGA | 150 | Time In: 1305 | |
| | | | Time Out: 1435 | |
| 5 | DIXON | 110 | Time In: 1305 | |
| | | | Time Out: 1455 | |
| | | | Librarian's Signature: | [signature] |
| 1 | OLMOS | 236 | Time In: 1306 | DATE: Wednesday 4-02-08 |
| | | | Time Out: 1500 | |
| 2 | ~~Smith~~ Winkler | 106 | Time In: 1300 | |
| | | | Time Out: 1500 | |
| 3 | William | 139 | Time In: 1305 | |
| | | | Time Out: 1400 | |
| 4 | ~~Alvarado~~ Vallecillos | | Time In: 1307 | |
| | | | Time Out: 1500 | |
| 5 | Quinn | 132 | Time In: 1300 | |
| | | | Time Out: 1500 | |
| | | | Librarian's Signature: | [signature] |
| 1 | MUNOZ | 113 | Time In: 1305 | DATE: Thursday 04/03/08 |
| | | | Time Out: 1445 | |
| 2 | WOOLSEY | 221 | Time In: 1305 | |
| | | | Time Out: 1445 | |
| 3 | BUE | 106 | Time In: 1305 | |
| | | | Time Out: 1445 | |
| 4 | OAKLEY | 130 | Time In: 1305 | |
| | | | Time Out: 1445 | |
| 5 | BERG | 214 | Time In: 1305 | |
| | | | Time Out: 1445 | |
| | | | Librarian's Signature: | [signature] |
| 1 | | | Time In: | DATE: Friday 4-4-08 |
| | | | Time Out: | |
| 2 | | | Time In: | |
| | | | Time Out: | |
| | | | Time In: | |
| | | | Time Out: | |
| 4 | | | Time In: | |
| | | | Time Out: | |
| 5 | | | Time In: | |
| | | | Time Out: | |

Just lockdown per custody NO JE NO inmate movement

[signature]

| S-Cell | Inmate's Name CDC # | HU-CELL | | | MONTH: |
|---|---|---|---|---|---|
| 1 | | | Time In: | | DATE: Monday 4-7-08 |
| | | | Time Out: | | |
| | JONES | 234 | Time In: | 1320 | |
| | | | Time Out: | 1420 | |
| 3 | DIXON | 110 | Time In: | 1310 | |
| | | | Time Out: | 1515 | |
| 4 | STRONG | 140 | Time In: | 1310 | |
| | | | Time Out: | 1345 | |
| 5 | ROARK | 140 | Time In: | 1310 | |
| | | | Time Out: | 1330 | |
| | | | Librarian's Signature: | | [signature] |
| 1 | ROSA | 201 | Time In: | 1305 | DATE: Tuesday 04/07/08 |
| | | | Time Out: | 1515 | |
| 2 | BEAKER | 131 | Time In: | 1305 | |
| | | | Time Out: | 1518 | |
| 3 | PARRA | 218 | Time In: | 1305 | |
| | | | Time Out: | 1515 | |
| 4 | SCOTT | 118 | Time In: | 1305 | |
| | | | Time Out: | 1515 | |
| 5 | | 110 | Time In: | 1305 | |
| | | | Time Out: | | |
| | | | Librarian's Signature: | | [signature] |
| 1 | Estrada | 114 | Time In: | 1320 | DATE: Wednesday 4-9-08 |
| | | | Time Out: | 1425 | |
| 2 | Chelberg | 215 | Time In: | 1520 | |
| | | | Time Out: | 1500 | |
| 3 | Winkler | 106 | Time In: | 1300 | |
| | | | Time Out: | 1425 | |
| 4 | CoaCella | 111 | Time In: | 1300 | |
| | | | Time Out: | 1500 | |
| 5 | Munoz | 115 | Time In: | 1300 | |
| | | | Time Out: | 1500 | |
| | | | Librarian's Signature: | | [signature] LTA |
| 1 | HALE | 246 | Time In: | 1305 | DATE: Thursday 04/10/08 |
| | | | Time Out: | 1500 | |
| 2 | FOX | 120 | Time In: | 1305 | |
| | | | Time Out: | 1500 | |
| 3 | RUIZ | 205 | Time In: | 1305 | |
| | | | Time Out: | 1500 | |
| 4 | | | Time In: | | |
| | | | Time Out: | | |
| 5 | SLEETH | 103 | Time In: | 1305 | |
| | | | Time Out: | 1500 | |
| | | | Librarian's Signature: | | [signature] |
| 1 | | | Time In: | | DATE: Friday 4-11-08 |
| | | | Time Out: | | |
| 2 | | | Time In: | | |
| | | | Time Out: | NO STAFF absent-sick | |
| | | | Time In: | | |
| | | | Time Out: | | |
| 4 | | | Time In: | | |
| | | | Time Out: | | |
| 5 | | | Time In: | | |
| | | | Time Out: | | [signature] |

Richard J. Donovan Correctional Facility - AdSeg Law Library – 2 Hour Block Log



| AS-Cell | Inmate's Name CDC # | HU-CELL | | | MONTH: |
|---|---|---|---|---|---|
| 1 | CUBICLE WAS BEING | | Time In: | | DATE: Monday 4-14-08 |
| | USED BY CUSTODY | | Time Out: | | |
| | FRAZIER | 247 | Time In: | 1310 | |
| | | | Time Out: | 1345 | |
| 3 | BECKER | 131 | Time In: | 1310 | |
| | | | Time Out: | 1520 | |
| 4 | MARTINEZ | 118 | Time In: | 1310 | |
| | | | Time Out: | 1415 | |
| 5 | DIXON | 110 | Time In: | 1310 | |
| | | | Time Out: | 1515 | |
| | | | | Librarian's Signature: | [signature] |
| 1 | | | Time In: | closed yard lockdown | DATE: Tuesday |
| | | | Time Out: | | |
| 2 | | | Time In: | | |
| | | | Time Out: | | |
| 3 | | | Time In: | | |
| | | | Time Out: | | |
| 4 | | | Time In: | | |
| | | | Time Out: | | |
| 5 | | | Time In: | | |
| | | | Time Out: | | |
| | | | | Librarian's Signature: | |
| 1 | DELATORRE | 233 | Time In: | 1305 | DATE: ~~Wednesday~~ Thursday 4-17-08 |
| | | | Time Out: | 1505 | |
| 2 | MCGHILL | 125 | Time In: | 1305 | |
| | | | Time Out: | 1505 | |
| 3 | ERUSTES | 233 | Time In: | 1305 | |
| | | | Time Out: | 1505 | |
| 4 | PHILIPP | 141 | Time In: | 1305 | |
| | | | Time Out: | 1505 | |
| 5 | OLMOS | 136 | Time In: | 1305 | |
| | | | Time Out: | 1505 | |
| | | | | Librarian's Signature: | [signature] |
| 1 | Motta | 215 | Time In: | 1300 | DATE: ~~Thursday~~ Wednesday |
| | | | Time Out: | 1430 | |
| 2 | Quinn | 132 | Time In: | 1300 | |
| | | | Time Out: | 1425 | |
| 3 | Saunders | 118 | Time In: | 1300 | |
| | | | Time Out: | 1425 | |
| 4 | Winkler | 111 | Time In: | 1300 | |
| | | | Time Out: | 1425 | |
| 5 | Harton | 148 | Time In: | 1300 | |
| | | | Time Out: | 1440 | |
| | | | | Librarian's Signature: | [signature], LTA |
| 1 | DUKES | 228 | Time In: | 1305 | DATE: Friday 4-18-08 |
| | | | Time Out: | | |
| 2 | | | Time In: | | |
| | | | Time Out: | | |
| | | | Time In: | | |
| | | | Time Out: | | |
| 4 | WISEMAN | 221 | Time In: | 1305 | |
| | | | Time Out: | | |
| 5 | SALGADO | 210 | Time In: | 1305 | |
| | | | Time Out: | | [signature], LTA |

(1) I, Tony J. Wayne, T-20904-2/8/103-Lower, is a Witness that on the date of 6-4-08, inmate Wiseman of 2/8/102-Lower, was taken out of his cell for Legal Property purposes only."

(2) And on the date of 6-5-08, inmate Wiseman was never removed from his cell quarter's, not on 2ND Watch, or 3rd-Watch;

I, I/M, Tony J. Wayne, T-20904, declare under the Penalty of Purjury, that as of a Witness to the factual Statement above, is true and correct to the best of my Knowledge, and this Statement was executed on 06/16/08/ at, R.J.D.C.F., F-2-8-103-L and also declare under Penalty of Purjury, no threats or Promises of any Kinds has been made Prior or Presently in I, Tony J. Wayne Submitting this Statement, and I further indicates all the above is true by my Signature and date as follows.

Name;
TONY J. Wayne 06/16/08/
Signature
Tony J. Wayne

1 Inmate William John Busch F47630 - 2/8/103 I am a witness of this Date of 6/4/08 That Sgt Miller spoke with inmate Wiseman of 2/8/102. On this Day i Heard Sgt Miller, Say He was going to take Inmate Wiseman to go get His Legal Property only.

2 On this Date of 6-5-08, I william Busch F47630 am a witness of Inmate Wiseman, that He was not Taken From His cell.

Inmate William Busch F47630 Declare all above statement's to Be correct and True under the penalty of purjury.

Name;
William Busch

Signature 6/16/08
William Busch

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

8-102

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| K-65722 | WISEMAN, C. | §3005(b) | 06/05/08 | RJDCF | F2-08-359 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. INMATE'S SIGNATURE ▶ DATE

☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. INMATE'S SIGNATURE ▶ DATE

DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION

☐ **I REVOKE** my request for postponement. INMATE'S SIGNATURE ▶ DATE

## STAFF ASSISTANT

STAFF ASSISTANT ☐ REQUESTED ☐ WAIVED BY INMATE INMATE'S SIGNATURE ▶ DATE

☐ ASSIGNED DATE NAME OF STAFF

☐ NOT ASSIGNED REASON

## INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE ☐ REQUESTED ☐ WAIVED BY INMATE INMATE'S SIGNATURE ▶ DATE

☑ ASSIGNED DATE [illegible] NAME OF STAFF [illegible]

☐ NOT ASSIGNED REASON

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| [illegible handwriting] | ☐ | ☐ | [illegible handwriting] | ☐ | ☐ |
| [illegible handwriting] | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 06-14-08, at approximately 2000 hours, I informed Inmate WISEMAN, C., K-65722, that I was a fact finder for the Senior Hearing Officer and my function was to gather pertinent information, question staff and /or inmates, and submit a written report. Inmate WISEMAN stated that he understood my position as the Investigative Employee and had no objections to my assignment.

**Inmate WISEMAN Statement:** "On 06-04-08 Capt. Morris had Sgt. Miller escort me to him for an interview. The interview was about a letter I had written to the Warden regarding the Capt's abusive authority. I explained to Capt. Morris that he did not have the authority to interview me, because the letter was against him. This 115 is a reprisal against me because I refused to allow Capt. Morris to interview me on 06-04-08. The 115 claims that on 06-05-08 I was taken out of my cell and then taken to the cages to choose a cellmate. I was never taken out of my cell. I never refused to take a cellie because I never was given an opprotunity to do so as the 115 claims.

**Officer/Staff Member's Statement:** "Inmate WISEMAN was taken to the cages on 06-05-08 to choose a cellie. He refused to do so. Inmate WISEMAN has refused to take a cellie several times.

**Staff Witness Statement:** Sergeant Miller: Did you escort Inmate WISEMAN to be interviewed by Captain Morris? Answer: Yes. Did, Inmate WISEMAN state to Captain Morris that he did not have the auhtority to question him regarding his letter to the Warden? Answer: Yes.

I/E continued on CDC-115 part C.

INVESTIGATOR'S SIGNATURE ▶ [signature] DATE [illegible]

☑ COPY OF CDC 115-A GIVEN INMATE BY: (STAFF'S SIGNATURE) ▶ TIME DATE

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

# SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS
(See Title 15, California Code of Regulations, for details)

A. **HEARING** — A serious rule violation may result in the loss of credits. A hearing will normally be held within thirty (30) days but not less than 24 hours, from the date you receive a copy of the Rules Violation Report. An exception is provided in the Californianl Code of Regulations when a case has been referred for possible prosecution and you have requested, in writing, and been granted, a postponement pending the outcome of such referral. Failure of staff to meet time constraints will usually act as a bar against denial or forfeiture of time credits, but will not bar against other authorized disciplinary actions. *(CCR 3320)*

B. **INVESTIGATIVE EMPLOYEE/STAFF ASSISTANCE** —

1. *General Information* — You may request to have an investigative employee and/or a staff assistant assigned to assist you in the investigation, preparation, or presentation of your defense at the disciplinary hearing if it is determined by staff that (1) you are illiterate, or (2) the complexity of the issues, or (3) your confinement status makes it unlikely that you will be able to collect and present the evidence necessary for an adequate comprehension of your case. *(CCR 3315–3318)*

2. *Staff Assistant* — A staff member will be assigned to assist you in the disciplinary process if you are deemed to be incapable of representing yourself. The assigned staff will assist you in preparing for the hearing and assist you at the hearing. The staff assistant will maintain any confidence you request about your past conduct. *(CCR 3318)*

3. *Investigative Employee* — An investigative employee, if assigned, will gather information, question staff and inmates, screen witnesses, and complete and submit a written, non-confidential report to the disciplinary hearing officer. You have the right to receive a copy of the investigative employee's report 24 hours before a hearing is held. *(CCR 3318)*

4. *Witnesses* — You may request the presence of witnesses at the hearing who can present facts related to the charges against you. You may also request the presence of the reporting employee and the investigative employee. You may, under the direction of the hearing officer, question any witness present at the hearing. The hearing officer may deny the presence of witnesses when specific reasons exist. *(CCR 3315)*

5. *Personal Appearance* — A hearing of the charges will not normally be held without your presence, unless you refuse to attend. *(CCR 3320)*

C. **REFERRAL FOR PROSECUTION** — Referrals for prosecution will not delay a disciplinary hearing unless you submit a request in writing for postponement of the hearing pending the outcome of such referral. You may revoke such request in writing at any time prior to the filing of accusatory pleadings by the prosecuting authority. A disciplinary hearing will be held within 30 days of staff receiving your written revocation of your request to postpone the hearing or within 30 days of receiving a response from the prosecuting authority. *(CCR 3316–3320)*

You have the right to remain silent at a disciplinary hearing and no inference of guilt or innocence will be drawn from your silence. Any statements you do make may be used against you in criminal proceedings.

D. **DISPOSITION** — At the end of the hearing, you will be advised of the findings and disposition of the charge. Within five working days, following review of the CDC 115 and CDC 115-A by the Chief Disciplinary Officer, you will be given a copy of the completed rule violation report, which will contain a statement of the findings and disposition and the evidence relied upon to support the conclusions reached. *(CCR 3320)*

E. **APPEAL** — If you are dissatisfied with the process, findings or disposition, you may submit an inmate appeal, form CDC 602, within fifteen days following receipt of the finalized copy of the CDC 115/CDC 115-A. When filing your appeal, be sure to attach a copy of the finalized CDC 115/CDC 115-A, if applicable; and any other pertinent documentation. *(CCR 3003)*

F. **ABBREVIATIONS** — HO-Hearing Officer; SC-Sub Committee; FC-Full Committee; SHO-Senior Hearing Officer; BPT-Board of Prison Terms.



OSP 05 89966

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| K-65722 | WISEMAN, C. | F2-08-359 | RJDCF | 06-14-08 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☒ IE REPORT ☐ OTHER______

**Inmate Witnesses:** Inmate WAYNE, T-20904, F2-08-103,. Question: Was Inmate WISEMAN, taken out of his cell, and taken to the cages to choose a cellie on 06-05-08. Answer: No Inmate WISEMAN was not taken out of his cell.
**Inmate WITNESS:** Inmate RODRIGUEZ, T-97231. Question: Was Inmate Wiseman, taken out of his cell to the cages to choose a cellie on 06-05-08. Answer: No he was not taken out of his cell and then brought to the cages, because I was out there and Idid not see him. Also, it was me who refused to take a cellie not WISEMAN.
End of report.

I.E. copy given to I/M on 6/14/08

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| CORRECTIONAL OFFICER C. FERGUSON [signature] | 06-14-08 |

| ☑ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | [signature] | 6/14/08 | 1800 |

CDC 115-C (5/95)

OSP 99 25082

# EXHIBIT COVER PAGE

J

EXHIBIT

**DESCRIPTION OF THIS EXHIBIT:**
A letter from defendant #C(12) explaining law library access procedures of CCR title 15 § 3120; 3122; and 3084. 1. (a).

**NUMBER OF PAGES TO THIS EXHIBIT:** 1 **PAGES.**

**JURISDICTION: (Check only one)**

- ☐ CDCR Administrative Appeal
- ☐ California Victim Compensation And Government Claims Board
- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☐ State Supreme
- ☒ United States District Court
- ☐ United States Circuit Court
- ☐ United States Supreme Court

Approved for use with Judicial Council forms Jan 1997

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date : June 4, 2008

To : C. Wiseman
K-65722
F2-08-102I

Subject: **LAW LIBRARY**

This memeorandum is in response to a letter dated 5-20-08 addresed to Chief Deputy Warden S. Huerta-Garcia concerning allegations of being denied your legal property, access to the Law Library and legal assistance.

Each warden shall ensure a library, law library and related services are maintained for the benefit of all inmates in their facility; including those inmates confined to segregated housing units. A library access schedule shall be approved by the warden and posted throughout the facility. (Attached is the library schedule)

Each facility shall provide legal materials through its law library to provide inmates with meaningful access to the courts. Inmates with established court deadlines shall be given higher priority to access law library resources than those with longer deadlines or without a deadline.

Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare. You are currently involved in the appeal process concerning these matters, Log Number RJD-2-08-00601.

D. K. MCBRIDE
Associate Warden (A)
Facilities II/IV, Records

Attachment

# EXHIBIT COVER PAGE

K

EXHIBIT

**DESCRIPTION OF THIS EXHIBIT:**
Court order dismissed without prejudice due to denials of access by the defendants.

**NUMBER OF PAGES TO THIS EXHIBIT:** 2 **PAGES.**

**JURISDICTION: (Check only one)**

- [ ] CDCR Administrative Appeal
- [ ] California Victim Compensation And Government Claims Board
- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme
- [x] United States District Court
- [ ] United States Circuit Court
- [ ] United States Supreme Court

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 04/28/08 | | | DEPT. ATV16 |
| HONORABLE BRIAN C. YEP | JUDGE | B FERGUSON | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| # NONE | Deputy Sheriff | S GONZAREZ | Reporter |

8:30 am MC018554

CHESTER RAY WISEMAN PINE

VS

CALIF.DEPT. OF CORREC ET AL

Plaintiff Counsel

Defendant Counsel

NO APPEARANCES

**NATURE OF PROCEEDINGS:**

1) CASE MANAGEMENT CONFERENCE

2) ORDER TO SHOW CAUSE RE: DISMISSAL OF UNSERVED DEFENDANTS

Matter called for hearing. There being no appearances, and no proof of service of any defendants, the Court orders the case dismissed without prejudice.

The Motion date of 6-3-08 and 6-17-08 are advanced and vacated.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 4-28-08 upon each party or counsel named below by depositing in the United States mail at the courthouse in Lancaster, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.



MINUTES ENTERED
04/28/08
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 04/28/08 | | | DEPT. ATV16 |
| HONORABLE BRIAN C. YEP | JUDGE | B FERGUSON | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| # NONE | Deputy Sheriff | S GONZAREZ | Reporter |

| | | |
|---|---|---|
| 8:30 am | MC018554<br>CHESTER RAY WISEMAN PINE<br>VS<br>CALIF.DEPT. OF CORREC ET AL | Plaintiff Counsel<br>Defendant Counsel<br>NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

Date: 4-28-08

John A. Clarke, Executive Officer/Clerk

By: B Ferguson, Judicial Assistant



MINUTES ENTERED
04/28/08
COUNTY CLERK

# EXHIBIT COVER PAGE

L

EXHIBIT

**DESCRIPTION OF THIS EXHIBIT:**

Declaration of plaintiff explaining the unlawful actions that denied him access to the courts in count (1) one.

**NUMBER OF PAGES TO THIS EXHIBIT:** 6 **PAGES.**

**JURISDICTION: (Check only one)**

- ☐ CDCR Administrative Appeal
- ☐ California Victim Compensation And Government Claims Board
- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☐ State Supreme
- ☒ United States District Court
- ☐ United States Circuit Court
- ☐ United States Supreme Court

Approved for use with Judicial Council forms Jan 1997

DECLARATION OF CHESTER RAY WISEMAN PINE

I, Chester Ray Wiseman Pine, Plaintiff, in the foregoing State Tort Civil Rights Lawsuit, being the first sworn does say and depose the following:

1). On December 26, 2006, plaintiff was transferred from California State Prison-Los Angeles County (C.S.P.-L.A.C.), to R.J. Donovan Correctional Facility, with pending litigation in both the state and federal courts, state case No. 06502207, No. MC017759, and federal case No. 06-89122.

2). From December 27,2006, through to the present date I, am being and have been denied direct access to an adequate law library, and/or access to legally trained personnel to assist me in the preparation and filing of legal papers to the courts.

3). On or about February 13, 2007, I received an order from the Ninth Circuit Court of Appeals, case No. 06-89122, and at the first available access date to the facility (3) (SNY) law library and/or law librarian, I immediately requested legal assistance to prepare and file a Petition for Review. Ms. K. Sterling, refused to call me to access the law library, to obtain legal assistance and research to adequately prepare a petition for review for filing in a timely manner.

4). On January 27, 2007, facility (3) (SNY) law librarian Ms. K. Sterling, came to the housing unit (B11-133) and failed to return my original court orders, personally given to her to up-date my law library user status (Proof of pending litigation) and deadlines. Ms. K. Sterling also refused to provide me with any legal assistance in the perparation, and filing of legal papers to the courts.

5). On February 2, 2007, I explained to the facility (3)(SNY) law librarial Ms. K. Sterling, that I had (2) two writs both state and federal, that I needed to be copied for filing to the courts, as soon as possible. Ms. K. Sterling, told me to get dressed and she would call me out to collect the court documents and walked away, before I could respond. I was already dressed when she came to the door to drop off the copies that I had made. But she refused to return and collect my legal papers for copies, to delay, prevent, deprive, and deny me access to the courts., while acting under color of authority, to inflect cruel and unusual punishment, and prejudicely deny me equal protection under the law.

6). On March 10, 2007, Ms. K. Sterling, came to the housing unit and knowingly, willingly, and prejudicely, refused to accept my (court orders), to up-date my library user status and verified court deadlines, and refused to listen to the legal questions that I'd asked to obtain legal assistance.

7). On March 12, 2007, Ms. K. Sterling, refused to accept my court orders for updating my law library user status, and refused to accept the copied case cite, so that I would not be wrongfully charged, for cases that should be available in the facility (3) (SNY) law library, and further acted in an unprofessional and prejudicial manner, while dealing with inmates (MYSELF).

8). On March 20, 2007, facility (3) (SNY) law librarian Ms. K. Sterling, knowingly, willfully, and prejudicely caused an unwanted argument with an inmate, because she did not know the answer to his legal question. The inmate walked out of the law library to avoid further problems with staff (Ms. K. Sterling),

and Ms. K. Sterling, immediately went to the law library door and called the inmate back into the law library, and once the inmate walked into the law library, Ms. K. Sterling, immediately pushed her personal alarm to cause CDC staff to respond to a false incident, and she further made and filed a false incident report.

9). On May 26, 2007, Ms. K. Sterling, denied me all direct access to the facility (3)(SNY) law library, and refused to provide me with large legal envelopes for mailing documents to the courts, to delay, deprive, and deny me due process, and access to the courts.

10). On May 29, 2007, facility (3)(SNY) law librarian Ms. K. Sterling, refused to open the facility (3) law library, to knowingly, willfully, and prejudicely deny me all direct access to the law library, due process, and access to the courts, inwhich I personally made the facility (3) Captain E. Marrero, aware of the law librarian's actions, and Captain made a "log" for the warden on this incident.

11).On both May 22, 2007, and May 23, 2007, Ms. K. Sterling refused to provide me with large legal envelopes for mailing legal documents to the courts, to delay, deprive, and/or deny me due process, and access to the courts.

12). On June 2, 2007, facility (3)(SNY) law librarian Ms. K. Sterling, refused to show up to open the facility (3) law library to allow inmates with established court deadlines, access to the prison law library, due process, copies, and access to the courts , while acting under color of authority.

13). On June 5, 2007, facility (3) law librarian took my original legal documents to be copied for the courts.

14). On June 9, 2007, facility (3) law librarian Ms. K. Sterling, failed to return my originals and copies of the legal documents to be mailed for filing to the courts, to deprive, delay, and/or deny me access to the courts.

15). On June 13, 2007, facility (3)(SNY) law librarian Ms. K. Sterling, arrived to the facility (3) law library at about 10:40 am. and refused to return or give me the legal originals and legal copies, that she had, had for over a week, prior to my request that they be returned to me for filing to the courts. I went to her supervisor Ms. C Van Cleave, and explained the problems with the return of my legal papers (originals & copies) that had been given to Ms. K. Sterling, for copies over a week prior to this date, and that I was being denied due process, and access to the courts, by the facility (3) law librarian. Ms. C Van Cleave, asks me to walk over to the facility (3) law library with her, and explained to Ms. K. Sterling, that my legal papers needed to be returned. Ms. K. Sterling, immediately attempted cause an incident with me, and became upset and she personally told me, that I should'nt have went over her head and gotten her supervisor. Ms. K. Sterling, then started pushing me out of the facility (3) law library, explaining that she would not talk about this in front of inmates, and told me to wait outside. I waited outside and shortly thereafter Ms. C Van Cleave, came out of the law library, followed by librarian Ms. K. Sterling at which time Ms. K. Sterling, told me, that she would make a list of those inmates who needed their copies returned and would give them to those inmates.

16). On June 16, 2007, I finally recieved my legal papers

and copies, but Ms. K. Sterling, refused to provide me with any large legal envelopes for mailing legal documents and papers to the courts, to delay, deprive, or deny me due process, and access to the courts.

17). On June 16, 2007, while utilizing the facility (3)(SNY) law library, I went to use the inmate rest room located inside of the facility (3) law library. In retaliation for getting supervisor Ms. C. Van Cleave, to have my legal copies returned, Ms. K. Sterling, knowingly, willfully, and prejudicely pressed her personal alarm, to have CDC staff respond to an incident. Ms. K. Sterling, then filed a false report alleging that she had told me (twice) that I could not use the inmate rest room and that I'd used that rest room anyway, disobeying a direct order.

18). On June 29, 2007, I received the CDC 115 for conduct & disobeying a direct order, for the alleged use of the facility (3) law library inmate rest room, which is a false report by Ms. K. Sterling, who has never told me that I could not use the inmate rest room, while utilizing the prison law library.

19). On July 13, 2007, a (115) hearing was held, in which facility (3) law librarian Ms. K. Sterling, was asked if I had asked her if I could use the inmate rest room in the facility (3) law library, in which her answer was (NO). (Proof of a false report). And that Ms. K. Sterling had never told me that I could not use the facility (3) law library inmate rest room, while utilizing the law library, because I'd never asked her if I could use the facility (3) law library inmate rest room.

20). On July 17, 2007, facility (3) law librarian Ms. K. Sterling, did not show up to open the law library, until 10:30am.

and did not allow any inmates inside of the law library until 10:42 a.m., when the law library was supposed to be opened at 9:00 a.m. through to 11:00 a.m. and 1:00 p.m. through to 3:00 p.m. and on Saturdays 11:00 a.m. through to 1:00 a.m. and 1:30 a.m. through to 3:30 a.m. .

I, Chester Ray Wiseman Pine, does declare under penalty of perjury that the foregoing is true and correct to the best of my own personal knowledge and beliefs and that this declaration was executed on this 7th day of June, 2008, at Sandiego, California.

Respectfully Submitted

Chester Ray Wiseman Pine

Chester Ray Wiseman (Pine)
Petitioner In Pro Per:

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILING FEE PAID Yes___ No___ IFP MOTION FILED Yes___ No___ COPIES SENT TO Court___ ProSe___

FILED JUL 14 2008 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY ___ DEPUTY

I (a) PLAINTIFFS

**Chester Ray Wiseman**

DEFENDANTS

**Hernandez, et al**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Chester Ray Wiseman**
**PO Box 799002**
**San Diego, CA 92179**
**K-65722**

ATTORNEYS (IF KNOWN)

'08 CV 1272 LAB NLS

II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

**42 U.S.C. 1983**

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

CONTRACT
- ☐ 110 Insurance
- ☐ Marine
- ☐ Miller Act
- ☐ Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ Other Contract
- ☐ 195 Contract Product Liability

TORTS — PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury- Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

LABOR
- ☐ 710Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

OTHER STATUTES
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☐ 890 Other Statutory Actions

REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Eiectmant
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

VIII. RELATED CASE(S) IF ANY (See Instructions): JUDGE Docket Number

DATE 7/14/2008 ~~SIGNATURE OF ATTORNEY OF RECORD~~

R.Mullen

CR