FILED
JUL 1 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

2254 ____ 1983 ✓
FILING FEE PAID
Yes ____ No ✓
IFP MOTION FILED
Yes ✓ No ____
COPIES SENT TO
Court ✓ ProSe ____

Chester Ray Wiseman (Pine)
R.J.D.C.F. Ad.seg. F2-8-102
P.O. Box 799002 K-65722
San Diego. California 92179-9002

Chester Ray Wiseman Pine
Plaintiff In Pro Se:

United States District Court
Southern District of California

Chester Ray Wiseman Pine,
Plaintiff.
v.
Robert J. Hernandez. et.al.
Defendants.

'08 CV 1272 LAB NLS
Case No. ____

REQUEST FOR APPOINTMENT OF COUNSEL UNDER THE CIVIL RIGHTS ACT OF 1964. 42 U.S.C. 2000e 5(f)(1); DECLARATION IN SUPPORT OF REQUEST

1. I. the plaintiff in the above-entitled employment discrimination action. request that the court appoint an attorney to represent me in this matter. In support of this request. I state as follows:

A. my claim is meritorious (that is I have a good case). and

B. I have made a reasonably diligent effort to obtain counsel. and

C. I am unable to find an attorney willing to represent me on terms that I can afford

2. I have talked with attorneys about handling my claims.

Law office of Rosen, Bien & Asaro, 155 Montgomery St. eighth floor, San Francisco, California, on or about April 2008, via writter request for legal representation at 33%.

Prison law office, director Donald Specter Attorney at Law, General Delivery, San Quentin, Calirornia, on or about April 2008, via written request for legal representation at 33%.

Legal Services For Prisoners, 1540 Market St, Ste. #490 San Francisco, California, on or about April 2008, via written request for legal representation at 33%.

Law office of Pinnock & Wakefield, L.L.P, 3033 fifth Avenue, Suite #410, San Diego, California, via written request for representation at 33% on or about May 2008.

None of these attorneys were able to handle my claims at 33%, since I am indigent.

3. I have also written to the U.S. Dept. of Justice Civil Rights Division, Special Litigation Section, 950 Pennsylvania Avenue, N.W. Washington D.C.; American Civil Liberties Union National Prison Project, 733 15th Street, N.W. Washington, D.C.; Lawyers Committee for Civil Rights Under Law, 1401 New York Avenue, Suite #400, Washington, D.C.; Institute for Justice, 1717 Pennsylvania Avenue, N.W. suite #200 Washinoton, D.C.

4. I have not been represented by any attorney, other then court appointed Cara DeVito. at 6520 Platt Avenue, Suite #834, West Hills, California, within the past (10) years, to represent me on appeal to the U.S. Court of Appeals for the Ninth Circuit of California, in case No. 02-57100. D.C. No. CV-02-00090-RMT.

5. I am presently housed in administrative segregation ad.seg. for alleged safety concerns. I have been denied all adequate, direct access to a law library, legal assistance and access to the courts, while housed in ad.seg. between March 10, 2008, to May 13, 2008, even with imminent court due deadlines.

6. I have received assistance from a fellow inmate in ad.seg. to help me to prepare this request for appointment of counsel.

7. I am receiving Mental Health Treatment at the (CCCMS) level of care, for psychological injury (Depression), (Mental Anguish) and actual injury suffered as a result of the defendants unlawful actions and unconstitutional conduct.

8. I cannot afford to obtain a private attorney for the following reasons.

A. I am indigent and unemployed by the R.J. Donovan Classification Committee assignments.

B. I have not been employed since 11-10-1978.

C. I have received SSI supplemental income from March 1, 1979, to December 1, 1995.

D. Within the past 12 months I have not received any income from a business, profession, or other form of self-employment or in the form of rent payments, interest, dividends, retirement of annuity payments or other sources.

E. I have no cash on hand or money in savings or checking accounts.

F. I do not own any real estate, stocks, bonds, notes, automobiles or valuable property, including household furnishings.

G. I have no obligations or debts, my marital status is single or divorced and I have -0- dependents who depend on my support. I have no monthly bills, bank loans, creditors or charge accounts, etc.

9. I declare under penalty of perjury that the above is true and correct.

Dated: 6-15-2008.

Chester Ray Wiseman Pine
Signature of Declarant In Pro Se:
Chester Ray Wiseman Pine

William Bu[illegible]
Signature of fellow inmate

STATE OF CALIFORNIA ADULT CORRECTIONAL AGENCY ARNOLD SCHWARZENEGGER GOVERNOR

DEPARTMENT OF CORRECTIONS
RICHARD J. DONOVAN CORRECTIONAL FACILITY AT ROCK MOUNTAIN
480 Alta Road
San Diego, CA. 92179

INMATE: Chester Wiseman (Pine)

CDC#: K-65722

DATE OF COMMITTMENT: 8-29-97.

The above named inmate is currently incarcerated within the above named prison in the State of California.

I am an employee of this prison and by my signature subcribed to the bottom of this document I am verifying that this inmate is currently incarcerated.

[signature]
AUTHORIZED EMPLOYEE

JOB TITLE: SC7

# Declaration of Chester Ray Wiseman Pine

I, Chester Ray Wiseman Pine declare, depose and say as follows:

1). On 3-7-08, I was ordered to serve all of the defendants with a summons, complaint and exhibits by judge Yuri Hofmann, Superior Court of California, case No. 74747-CU-MC-CTL, via telephonic appearance with the next court hearing date set for 4-7-08, Dept. 60, at 10:00 am.

2). On 3-8-2008, I took all of my summons, the complaint and exhibits to be served on the defendants to be copied for service as ordered by the court.

3). On 3-8-2008, I explained to correctional staff that my cell mate had pulled a knife on me while in the cell, which resulted in my being placed into ad. seg. for alleged safety concerns, and all of my personal and legal property to be rolled up and taken to R&R ad. seg. property for storage.

4). On 3-10-2008, I was released from ad. seg. and placed back into the same building with the same person whom had pulled the knife on me. I made building 15, third watch floor staff aware of the problem and requested to be moved to another building to avoid further proplems with that prisoner. Prison officials refused to find or allow any bed move to correct the problem and were willing to put me back into the cell with the inmate who pulled a knife on me if we both agreed to get along. I later refused to move back into the same cell with

the same inmate who had pulled a knife on me just days prior. I was escorted to the facility 2 program office so a move could be done to make bed space. Another inmate named Johnson was going back to ad. seg. due to enemy concerns. Program lieutenant Sanchez, orders the inmate clerk to do a lock up order for me, based on and the same as inmate Johnson's lock up order, in which I did not have any enemy concerns, causing a false report and lock up order. with false statements therein.

5). On 3-12-2008, I filed an inmate 602 appeal/grievance, concerning the false statements made of enemy concerns initiated by lieutenant Sanchez, to have me placed in ad. seg. with no justifiable cause and mailed the complaint with a letter explaining to the warden of R.J.D.C.F. Robert J. Hernandez, confidential mail. The response to that 602 appeal is still outstanding, to deny exhaustion of remedies.

6). On both 3-10-2008, and 3-12-2008, I put in both written and verbal request for my legal property per: CCR title 15 § 3164 (b); and access to a law library per: CCR title 15 § 3122 (a); 3160 (a); 3164 (a) to no avail, with up coming court due dates in (3) different courts and deadlines.

7). On 3-17-2008, judge Brian C. Yep, ordered me to serve the defendants in that civil rights action, with a summons, complaint, and exhibits via telephonic appearance, and set a hearing date for 4-28-2008, in

Dept. A16, 8:30 am, to present proof of service and to dismiss the unserved defendants in that civil rights action case No. MC018554.

8). On 3-17-2008, I made a verbal request directly to ad.seg. sergeant J. Payne, for all my legal property, due to pending litigation in progress prior to being placed in ad.seg. and legal materials in my legal property needed for copies; to serve the defendants as ordered by the court. Sergeant J. Payne, explained that I would have to see R&R ad.seg. legal officer A. Warran, to get the needed legal documents.

9). On 3-17-2008, I put in a third written request to R.J.D.C.F. Central library, requesting legal documents given to librarian Ms. K. Sterling, on 3-8-2008, and access to a law library to no avail.

10). On 4-3-08, ad.seg. sergeant J. Payne listened in on a telephonic appearance, as judge Carlos P. Baker Jr. ordered me to serve the defendant in that civil rights action, with a summons, complaint, exhibits, and to provide the court with case citations mentioned during the telephonic appearance within (7) days, in case No. 07C03491. I still had not received any of my legal property to get the correct papers needed to serve the defendants as ordered on 3-17-08, in case No. MC018554.

11). On 4-3-2008, upon hearing judge Carlos P.

Baker Jr. order me to serve the defendant and to produce case citation located in my legal property, ad. seg. sergeant J. Payne immediately called ad. seg. R&R property officer A. Warran, and requested all of my legal property be brought to building 8, facility 2, upon the conclusion of the telephonic court appearance.

12). On 4-7-2008, I made ad. seg. sergeant Miller B.N. aware that I had a standing order to produce via telephonic appearance, and a court hearing set for 4-7-08, Dept. 60, at 10:00 am in case No. 74747-CU-MC-CTL. I was denied all access to the court by prison officials, who alleged the R.J.D.C.F. litigation coordinator Robert Cobb, denied that such an order to produce existed.

13). On 4-18-2008, I was finally granted law library access, at which time the law librarian Ms. K. Sterling, became up set, because I had gained law library access and no longer had Judicial Exception (JE) library user status. Ms. K. Sterling, had refused to come to ad. seg. to allow those inmates in ad. seg. law library access, to punish me for naming her as a defendant in a civil rights action case No. 74747-CU-MC-CTL, and to prejudice me and the outcome of the hearings and case.

14). On 4-18-2008, I made both written and verbal requests to ad. seg. R&R legal property officer A. Warran, requesting my legal property, to obtain the

correct legal documents and exhibits, to serve the defendants as ordered by the court in case No. MC018554. Officer A. Warran, requested to see proof of pending litigation, in which I presented 3 pending court orders and due court deadlines, to no avail. Officer A. Warran, still refused to bring me my legal property, to prejudice me and the outcome of the case.

15). On 4-28-2008, I made ad.seg. prison officers aware that I had a court date set for 4-28-2008, Dept. A16, at 8:30 am, with a standing court order to produce via telephonic appearance, during the pendency of the litigation, in case No. MC018554. Prison officials failed or refused to allow me to be heard by the court via telephonic appearance, resulting in the dismissal of my civil rights action. The court stated (there being no appearances, and no proof of service of any defendants, the court orders the case dismissed without prejudice).

16). On or about 5-5-2008, facility 2 captain B. Morris, was making rounds from cell to cell. I stopped capt. Morris when he got to my cell and explained to him, that I had been denied legal property, law library access, legal assistance, and I showed him imminent court due dates and deadlines. Captain B. Morris stated to me, to get a cell mate move to building 6 and I could have all the law

library access I wanted. I explained to captain Morris, that access to the courts is a right not a privilege and as facility captain, he had the power and a legal duty, to ensure all inmates on facility 2 under his direct supervision, access to a law library or legal assistance, due process and access to the courts. Captain B. Morris walked away from my cell with nothing more to say.

17). On or about 5-6-2008, I filed a 602 appeal against R&R ad.seg. legal property officer A. Warran, for failing and refusing to bring me my legal property to obey the courts' orders. Officer Warran, explained to me that R&R was being refitted to keep mice out of the property and he would not be getting any legal property for at least two or three weeks. I further explained to officer Warran, that as a result of being denied my legal property one of my civil rights cause of action had been dismissed by one of the courts. Officer A. Warran then stated to me (if thats the case you don't need your legal property) and walked away. The 602 appeal is still outstanding on the informal level to prevent exhaustion of administrative remedies.

18). On 4-15-2008, I filed a citizen's complaint against law librarian Ms. K. Sterling, for failing and refusing to come to ad.seg. to allow ad.seg. inmates law library access. I had made a large number of both written and verbal requests to no avail.

19). On 5-9-2008, facility 2 captain B. Morris, was again making rounds from cell to cell, and was again stopped by me when he got to my cell. I explained to captain Morris, that I was still being denied legal property, access to a law library, legal assistance, due process, and access to the courts, by prison officials, when I had litigation in progress prior to being placed in ad. seg. Captain Morris, asked me if I had talked to the legal officer of ad. seg.? I told captain Morris, that not only had I talked to the ad. seg. legal officer, but he had filed copies of up coming court due dates, deadlines, requiring that I receive (judicial exception) (JE) law library user status, and I was still being denied access to the courts. Captain B. Morris, then stated to me, (you still don't have a cellie do you)? I told captain B. Morris, immediately that here my civil rights are being violated by prison officials, to prejudice me and the outcome of my court proceedings, and all you want to know is why I don't have a cellie, so I can be moved to another building. Captain B. Morris, then walked away from me and my cell with no response.

20). On 5-12-2008, I filed a citizen's complaint against captain B. Morris, for abuse of authority, to both punish an inmate for not having a cellmate, by not allowing him law library access, to obtain legal property, due process, legal assistance, and access to the courts; is abuse of authority. And to further act or

failures to act, while having the power and legal duty to ensure all inmates law library access, as both an individual and prison official acting under color of law, abused his authority by failing/refusing to provide me with what is mandated by law.

21). On 5-15-2008, R.J.D.C.F. Education Vice Principal Ms. C. Van Cleave, came to ad.seg. to interview me, concerning the citizen's complaint filed against librarian Ms. K. Sterling. Ms. Cheryl Van Cleave, informed me that she had checked the records and that it was determined, that Ms. K. Sterling, had indeed refused to come to ad. seg. to allow inmates law library access. as complained of in the citizen's complaint. Ms. C. Van Cleave, assured me that I would receive law library access, even if a librarian had to come from another yard. I then showed Ms. C. Van Cleave, both confirmed and filed copies of court due dates, and deadlines, inwhich I should have been allowed (JE) law library user status, in two different cases. Ms. C. Van Cleave, made copies of the court documents returned the originals to me and the interview was concluded.

22). On 5-20-2008, I sent confidential letters to R.J.D.C.F. Warden Robert J. Hernandez, Chief Deputy Warden Ms. Sylvia H. Garcia, and Associate Warden D.K. Mcbride, explaining the continued denials and violations of my civil rights to possess my legal property, due process, law library access, access to legal assistance, and access to

the courts, as a form of punishment, for not having a cell mate, while housed in facility 2, building 8 ad. seg. to no avail.

23). On 6-2-2008, I personally mailed via U.S. postal, a confidential letter with the original citizen's complaint against captain B. Morris, which was rejected by the R.J.D.C.F. appeals coordinator's office, who tried to change the issue presented "to law library access issue", not abuse of authority; the issue presented. I sent a letter and explained how the appeals coordinator's office had failed/refused to process the complaint for abuse of authority, the issue presented in the citizen's complaint. I requested that the warden review the complaint and explained it was sent to the warden to ensure it would be processed, as abuse of authority and as a citizen's complaint. and not rejected as an issue of law library access, which was not presented as an issue, but presented to explain the abuse of authority issue, and how the abuse occured.

24). On 6-3-2008, via telephonic appearance, judge Carlos P. Baker Jr. granted a motion I'd filed in case No. 07C03491. At the conclusion of the appearance I made a verbal request, directly to the ad. seg. lieutenant who was present, during the court hearing, for my legal property, in which he immediately called R&R ad. seg. property and requested all of my legal property.

25). On 6-4-2008, I received my legal property all but my legal books, that should have also been with my legal property. While receiving my legal property ad.seg. sergeant Miller B.N. requested that I call up, that the captain wanted to see me. I was escorted to where captain B. Morris, was located, and in violation of due process, CDCR rules, regulations, policies and procedures, captain Morris made an attempt, to try to conduct an improper interview with me, regarding a letter I sent to the warden. I made captain B. Morris, aware that he did not have the authority to interview me, the complaint was a bypass and did not require informal response, but a formal response from an associate warden or a higher ranking prison official. Captain Morris, again attempted to further interview me on law library access, which was no longer an issue, but the issue raised by the appeals coordinator's office, to reject the citizen's complaint. I again made captain Morris aware the interview was improper. Captain Morris, then asked me if I had sent a letter to the warden? I said yes and captain Morris, explained that he was there to interview me concerning the letter sent to the warden. I made captain B. Morris, clearly aware, that the interview was unlawful, improper, had required a response from a higher ranking official, that I had also sent a citizen's complaint with the letter to the warden, which requires procedural

due process, a bypass formal response, and that my civil rights were being violated and I had nothing more to say. Ad. seg. sergeant Miller B.N. then escorted me back to get my legal property and to my cell.

26). On 6-4-2008, after I refused to have my right to procedural due process violated, captain Morris, "intentionally abused his authority," by personally causing on CDC prison record, that I be placed on double cell inmate status, as reprisal for exercising my rights to the court, and refusing to be improperly interviewed, in violation of due process and exhaustion of administrative remedies.

27). On 6-12-2008, I received a CDC disciplinary 115 alleging that on 6-5-2008, I was taken out of my cell to talk to other inmates about being a cellmate and that I had refused to take a cellie. On 6-5-2008, I was not taken out of my cell for any reason on second or third watch, which is supported by declarations. On 6-12-2008, I immediately filed a 602 appeal for the reprisal by captain B. Morris, for filing a citizen's complaint, to inflict undue cruel and unusual punishment by causing a false CDC disciplinary 115, to intentionally further abuse his legal authority, to attempt to creat a paper trail to further cause a (SHO) term for being a program failure because I did not have a cellie.

28). On 6-13-2008, I resubmitted the citizen's complaint, concerning law library access which had been granted at the first level, but I was still being

deprived of library access, legal assistance, due process, and access to the courts with legal papers ready to be copied for filling to the courts, since 6-4-2008, and my (JE) law library user status had not been honored, and would expire on 6-20-2008.

29). On or about 6-14-2008, I received a letter from associate warden D.K. Mcbride, in response to my letter complaining about my lack of law library access, legal assistance, due process, and access to the courts. D.K. Mcbride, responded citing CCR title 15 § 3120 (a); 3122 (a); and 3084.1 (a), which only made it clear that he did know or reasonably should have known of CDCR rules, regulations, policies and procedures, and should have also known the rules in CDCR Opperations Manual D.O.M. sections S3060.2 - through to S3060.18. and while having the power and legal duty to correct the undue violations, to ensure all inmates access to a law library as mandated, failed/refused to do so, as an individual and as a state prison official.

30). On 6-30-2008, associate warden Mcbride, came to interview me about the complaint filed to the warden, "against captain B. Morris," with only the letter and not the citizen's complaint, that was attached to and enclosed inside of the envelope when mailed. as confidential mail. Correctional Officer Huff was present during the interview and had escorted me to be interviewed. Associate warden D.K.

Mcbride, made every attempt to change the issue complained of (abuse of authority), to denial of law library access, which was not the issue presented. I made it clear that first the citizen's complaint which was attached to the letter was not there (the subject of interview) not the content of the letter, so he could not adequately respond to my complaint without the citizen's complaint and its content and reasons for the complaint therein. He made an attempt to convence me, that based on the letter (warden's) my complaint was about law library access and he asked me, if I had been receiving any library access;? in which there is a court order "standing," dated and signed by a judge on 6-3-08, ordering the warden of R.J. Donovan Correctional Facility to either grant me law library access or provide me with trained-skilled legal assistance at state expense, during the pendency of the case. I explained that I have had law library access, and the issue presented was still "abuse of authority," not legal access to a law library, D.K. Mcbride, decided that he would go back to warden Robert J. Hernandez, with a story of his own, rather then follow procedural due process and respond, so I can go to the second level of review with the citizen's complaint. and the interview was concluded.

31). On orabout 6-30-2008, I sent R.J.D.C.F. warden Robert J. Hernandez, the 602 appeal on reprisal, which was sent back to me by the appeals coordinator's office, alleging I had too many issues presented, when it has continued to be misconstrued, that explaining how the violations occured, "is not the issue" complained of or presented. I explained how the appeals coordinator's office staff are "intentionally denying me", exhaustion of administrative remedies, since my complaints are against higher ranking prison officials. The letter also explained that because of the ongoing denials by the appeals coordinator's office, to process my grievances. I'm being denied due process and exhaustion of administrative remedies, and that the 602 appeal was enclosed to ensure due process would not be violated. I also explained the incidents that occured with captain Morris on 6-4-08 including the improper interview and attached the CDC disciplinary 115 as proof of abuse of authority, with the date therein, when captain B. Morris caused on the record for me to be placed as double inmate cell status dated 6-4-08, and the (IE) investigation report with statements therein including from ad.seg. sergeant Miller B.N. were attached.

32). On or about 7-1-2008, I received a copy of the court order signed by Superior Court Judge

honorable Carlos P. Baker Jr. ordering the warden of R. J. Donovan Correctional Facility to either grant me direct access to a law library or provide me with skilled-trained legal assistance at state expense, during the pendency of the litigation, in case No. 07C03491. Order signed by judge Carlos P. Baker Jr. on 6-3-2008, attached copy of order:

33). On 6-30-2008, through 7-4-2008, I was denied all direct access to a law library, legal assistance, due process, access to the courts, and delayed in obtaining legal copies of documents ready for filing to the court.

34). Any further or delays in filing this 42 USC§1983 to this court after 7-7-2008, are due to CDCR staff's failure or refusal to provide me with the certified trust account statement, for this civil rights action which has been ready for filing to this court since 6-21-2008.

I, Chester Ray Wiseman Pine, does hereby declare under penalty of perjury under the laws of California, that the foregoing is true and correct to the best of my own personal knowledge, and that this declaration was executed on this 7th day of July 2008, at San Diego.

Respectfully Submitted

Dated: 7-7-2008.

Chester Ray Wiseman Pine

Chester Ray Wiseman Pine
Plaintiff In Pro Se:
Declarant: