**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHESTER RAY WISEMAN,<br><br>    Plaintiff,<br>vs.<br><br>ROBERT J. HERNANDEZ, Warden; et al.,<br><br>    Defendant. | CASE NO. 08cv1272-LAB (NLS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

**I.    Introduction**

Plaintiff Chester Ray Wiseman is a California prisoner currently incarcerated at Pleasant Valley State Prison in Coalinga, CA. The defendants are prison officials at R.J. Donovan Correctional Facility in San Diego, CA (where Wiseman was previously incarcerated), officials with the California Department of Corrections and Rehabilitation, and the Department of Corrections itself. Wiseman alleges that his constitutional rights were violated when he was denied access to the law library and deprived of outdoor exercise while incarcerated at R.J. Donovan.

The Court **ADOPTS** the R&R almost in its entirety. The only point of departure is that the Court does not believe amendment is justified with respect to certain defendants and claims.

//

## II. Procedural History

Wiseman filed this lawsuit on July 14, 2008, and pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and (d) it was referred to Magistrate Judge Nita Stormes for a Report and Recommendation ("R&R"). On March 11, 2009, Wiseman filed a second amended complaint. The defendants filed a motion to dismiss two weeks later, on March 25, 2009. Judge Stormes issued her R&R on November 24, 2009, recommending that the motion to dismiss be granted in part and denied in part. Wiseman filed an objection on December 10, 2009. The defendants did not file an objection.

## III. Legal Standards

This Court has jurisdiction to review the R&R pursuant to Rule 72 of the Federal Rules of Civil Procedure. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The district judge "must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Because Wiseman is a prisoner and is proceeding pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## IV. Wiseman's Claims

Wiseman divides his claims into three "counts." The first alleges he was "denied, prevented, delayed, and deprived of his rights to due process, access to a law library, legal assistance, access to the courts, equal protection under the laws, and subjected to cruel and

unusual punishment." (Compl. at 3(a).[1]) At root, this claim concerns three pending cases in state and federal court that Wiseman alleges he could not litigate because he was denied library access and basic legal assistance. On the Court's reading, this claim is only directed at defendants Hernandez, Garcia, Contreras, Marrero, Clardy, Van Cleave, Peterson, and presumably Sterling.[2] (*See* Compl. at 3(b)–(f).)

The second claim, very similar to the first, alleges that Wiseman "was denied, prevented, delayed, deprived of his rights to due process, access to his legal property, access to a law library, access to legal assistance, access to the courts, equal protection under the laws and subjected to undue cruel and unusual punishment." (Compl. at 4(a).) The section of Wiseman's complaint devoted to his second claim is lengthy and reads as a running commentary of grievances, but the core grievance appears to be that his legal property (presumably papers and research relating to his pending cases) was taken from him, stored, and never properly returned when he was placed in administrative segregation. Unlike his first claim, which names the specific defendants at whom the claim is directed, the second claim only references certain defendants in its running commentary: Hernandez, Morris, Warren, Van Cleave, Sterling, Cobb, and McBride.

Wiseman's third claim alleges that when he was housed in administrative segregation, for a period of six months, he was deprived of outdoor exercise. The third claim, like the second, does not explicitly name the defendants at whom it is directed, but in the accompanying statement of facts Wiseman names Hernandez, Garcia, Morris, McBride, Hubbard, and Moore.

//
//

---

[1] The Court will use the same pagination scheme as the R&R in referring to Wiseman's complaint.

[2] It may be that a page is missing from Wiseman's complaint that names Morris and Warren under count one. The section devoted to count one names the defendants in sequential order and from page 3(d) to page 3(e) skips from Marrero to Clardy. Sterling is only *presumably* implicated by count one because she isn't directly named, but rather referenced in the supporting statement of facts.

**V.     Defendants' Motion to Dismiss and the Report and Recommendation**

Defendants state six grounds upon which Wiseman's claims should be dismissed. The first two are grounds upon which certain defendants cannot be held liable in the first instance. The Department of Corrections, defendants argue, is absolutely immune under the Eleventh Amendment, and defendants Hernandez, Garcia, Contreras, Marrero, Clardy, Peterson, McBride, Moore and Hubbard cannot be held liable under a theory of respondeat superior. Defendants also argue that Wiseman has failed to exhaust his administrative remedies for his cruel and unusual punishment claim based upon his alleged deprivation of outdoor exercise. Finally, they argue that Wiseman has failed to state a claim for denial of access to the courts, denial of due process, and denial of equal protection.

The R&R mostly goes along with the motion to dismiss. It recommends dismissing Contreras, Marrero, Clardy, Hubbard, Moore, and Peterson, but not Hernandez, Garcia, or McBride. It also recommends dismissing Wiseman's cruel and unusual punishment claim, access to courts claim, due process claim, and equal protection claim, but without prejudice and with leave to amend.

**VI.    Discussion**

   **A.     Liability of the California Department of Corrections**

The R&R concluded the California Department of Corrections is immune as a state agency under the Eleventh Amendment. This is right, and Wiseman did not object anyway. The defendants' motion to dismiss the Department as a party is therefore **GRANTED**.

   **B.     Supervisory Liability of Individual Defendants**

Wiseman's case against the individual defendants is a section 1983 action, and as a general rule there is no respondeat superior liability under the section. "[T]here must be a showing of personal participation in the alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This may include knowledge of the deprivation coupled with the failure to stop it, or even failing to train or supervise the personnel who are responsible for the deprivation. *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984).

The R&R recommends dismissing Contreras, Marrero, Clardy, Hubbard, Moore, and Peterson, but not Hernandez, Garcia, or McBride, on supervisory liability grounds. Defendants did not object to the R&R's conclusion with respect to Hernandez, Garcia, and McBride, and the Court agrees with the R&R that Wiseman's complaint alleges these individuals knew of the alleged deprivations and failed to prevent them. Therefore, Defendants' motion to dismiss this action as against Hernandez, Garcia, and McBride is **DENIED**.

Wiseman does not object to the R&R's conclusion with respect to Contreras, Marrero, Clardy, and Peterson, and defendants' motion to dismiss them from this case is therefore **GRANTED**, without leave to amend. Wiseman does object, on the other hand, to the R&R's conclusion with respect to Hubbard and Moore.

Wiseman's sole allegation against Hubbard in his complaint is that she "is responsible for policy making and did know or reasonably should have known of the unconstitutional prison condition which caused plaintiff to have to suffer undue cruel and unusual punishment for six months with no opportunity for any outdoor exercise yard as mandated." (Compl. at 5.) By itself, this is insufficient to survive a motion to dismiss because, as the R&R observes, it is a "threadbare recital" of the standard for respondeat superior liability, and is simply too conclusory. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). Defendants' motion to dismiss Hubbard is therefore **GRANTED**, but without prejudice and with leave to amend given that Wiseman alleges in his objection to the R&R that he "made defendant Hubbard aware of the denials of outdoor exercise yard at RJDCF with a letter and citizen's complaint . . . ." (Obj. to R&R at 2.)

**C .   Exhaustion of Cruel and Unusual Punishment Claims**

The Prison Litigation Reform Act requires inmates to exhaust administrative remedies before filing suit. 42 U.S.C. § 1997e(a). This certainly applies to Wiseman's claim that he was deprived of outdoor exercise in violation of his Eighth Amendment rights. The R&R concludes, however, that "Defendants have shown by the best evidence available that Plaintiff did not pursue his grievance beyond the first level of appeal." (R&R at 18.) In other

1  words, Wiseman has not exhausted his Eighth Amendment claim. The Court agrees with
2  this conclusion. Wiseman explains in his objection to the R&R that he attempted to exhaust
3  the second level of review, but he cites to Exhibit C1 of his complaint, which relates to his
4  grievance that he was denied access to the law library and to legal assistance.

5        Part of the problem here, as the R&R notes, is that Wiseman's complaint is 145
6  pages long and not very well organized. The Court simply does not see in his many pages
7  of exhibits the appeal he claims he has filed that would prove he has exhausted his cruel and
8  unusual punishment claim. Without proof of that appeal, the Defendants' evidence that
9  there was no appeal, based upon a thorough search of the Inmate Appeal Tracking System,
10 is overwhelming. Defendants motion to dismiss Wiseman's cruel and unusual punishment
11 claim is **GRANTED**, but the claim is **DISMISSED WITHOUT PREJUDICE AND WITH**
12 **LEAVE TO AMEND.** The Court notes that in Wiseman's objection to the R&R he alleges
13 that "his ability to exhaust administrative remedies was impaired more then [sic] once by
14 state prison officials." (Obj. to R&R at 3.) The opportunity to amend his complaint will allow
15 Wiseman to make that point in the first instance and direct the Court to the evidence that
16 substantiates it.

17       **D.**    **Access to Courts**

18       There is no doubt that inmates have a right of access to the courts under the First and
19 Fourteenth Amendments to the Constitution. *Lewis v. Casey*, 518 U.S. 343, 346 (1996).
20 The R&R makes very clear, though, that "[t]o state a claim for denial of access to the courts,
21 Plaintiff must allege a specific actual injury involving a non-frivolous direct appeal, habeas
22 corpus proceeding or section 1983 action." (R&R at 19.) It then explains, by a thorough
23 review of Wiseman's complaint, where Wiseman has failed to make these necessary
24 allegations, and the Court approves the R&R's analysis. In his objection to the R&R, it's
25 worth adding, Wiseman just repeats in broad strokes that he has a constitutional right to
26 access the courts and that inmates are entitled to assistance in preparing and filing legal
27 papers, but he is utterly unresponsive to the specific deficiencies with his complaint
28 highlighted by the R&R.

The motion to dismiss Wiseman's access-to-courts claim is **GRANTED**, but **WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**. The Court encourages Wiseman to go through the R&R and understand what he must plead in order state a claim that can survive a motion to dismiss. The Court recommends, if Wiseman chooses to amend his complaint, that he devote a small section to each case of his that he believes suffered on account of the defendants' alleged misbehavior. Each section should explain why the case is not frivolous and how the defendants' actions caused him to either lose the case or lose the ability to litigate it. The R&R's survey of the relevant case law is thorough, and Wiseman is urged to familiarize himself with it before filing an amended complaint.

### E. Due Process Claims

Wiseman incorporates a due process claim into each of his three counts in his complaint. That is, he asserts that his due process rights were violated when he was allegedly denied library access and legal assistance, when his legal documents were allegedly taken from him and not returned, and when he was allegedly placed in segregated housing and denied outdoor exercise. It is far from clear, however, what factual allegations constitute the basis of Wiseman's due process claim; it is obviously not enough to just allege a violation of due process up front and leave it to the defendants and the Court to discern the basis for the claim.

As best the Court can tell, Wiseman alleges a violation of his right to procedural due process when defendant Morris attempted to interview him about a complaint he filed against Morris regarding access to the law library; Wiseman insists the complaint necessitated a formal response from the higher ranking official to whom it was sent. (Compl. at 4(j)–(k).) Wiseman also alleges a violation of his due process rights when, as a result of not consenting to an interview by Morris, he was forced "to become double cell inmate status." (Compl. at 4l.) Finally, in count three of his complaint, Wiseman accuses defendant Moore of violating his right to procedural due process "by responding to the formal citizen's complaint with an informal letter response." (Compl. at 5.)

//

1       The R&R explains well that a procedural due process claim requires the deprivation of a liberty or property interest protected by the Constitution. *See Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000). In the prison context, these interests "will generally be limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). Wiseman's due process claims fail for this reason: The alleged improper handling of a grievance, and being forced to share a cell with another inmate, are not atypical and significant hardships in the broader context of prison life. Nor do they infringe on Wiseman's liberty or property. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure"); *Bell v. Wolfish*, 441 U.S. 520, 542 (1979) (no "'one man, one cell' principle lurking in the Due Process Clause").

Wiseman responds in his objection to the R&R that his due process claims have been misunderstood and that he contends "defendant Morris denied him due process, law library access and meaningful access to the courts as a form of punishment for refusing to accept a cellmate in retaliation." (Obj. to R&R at 4.) The Court does not find this response very availing. In fact, the Court is very satisfied with the R&R's analysis of Wiseman's due process claims, and accordingly **GRANTS** the defendants' motion to dismiss them, but **WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**.

### F.     Equal Protection Claims

The R&R states the legal standard for pleading an equal protection claim and shows clearly that Wiseman's complaint fails to meet it. The motion to dismiss the equal protection claim is therefore **GRANTED**. The R&R suggests that Wiseman be granted leave to amend his equal protection claim, but his objection to the R&R   Wiseman does not object to this analysis. The equal protection claim is therefore **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**.

//

//

**G.     Request for Injunctive Relief**

Because Wiseman is no longer housed at R.J. Donovan Correctional Facility, his request for injunctive relief is indeed moot. The motion to dismiss this request is **GRANTED**.

**H.     Violations of Rule 8 and Local Rule 8.2**

The Court approves of the manner in which the R&R handles the defendants' argument that Wiseman's complaint should be dismissed because it is too long and confusing. At 145 pages, Wiseman's is not a model complaint; there is no doubt about that. But it would be entirely too severe to dismiss the complaint outright on account of its length. More than many that this Court sees, Wiseman's complaint actually does a fair job of informing the defendants of the claims against them. With the R&R and this order to rely on going forward, the Court believes Wiseman can plead a briefer, more lucid complaint with the leave to amend he has been granted. Wiseman is hereby on notice, however, that the Court expects a concise and coherent complaint the next time around, and it will not freely grant leave to amend after receiving the motion to dismiss that the defendants will inevitably file. The Court urges Wiseman to only attach those exhibits to his amended complaint that are absolutely necessary.

**VII.    Conclusion**

It will be useful to the parties to summarize the Court's conclusions in list form, similar to the R&R.

- The California Department of Corrections is dismissed as a defendant. Because amendment would be futile, this dismissal is with prejudice.
- Defendants Contreras, Marrero, Clardy, and Peterson are also dismissed from this case, without leave to amend.
- The motion to dismiss defendants Hernandez, Garcia, and McBride is denied. Wiseman has alleged sufficient facts to include them in this lawsuit.

- Defendants Hubbard and Moore[3] are dismissed, but without prejudice. Wiseman may name them as defendants in his amended complaint.
- Wiseman's claim that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment is dismissed, but with leave to amend to show that he has in fact exhausted his administrative remedies.
- Wiseman's access-to-courts and due process claims are dismissed, but without prejudice and with leave to amend.
- Wiseman's equal protection claim is dismissed *with* prejudice and *without* leave to amend.

Wiseman may file an amended complaint no later than 30 calendar days from the date this order is entered.

**IT IS SO ORDERED**.

DATED: February 26, 2010

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[3] The Court did not fully address Moore above because the R&R's analysis of his place in this lawsuit spanned two different discussions. The R&R recommended denying the defendants' motion to dismiss Moore on the ground that Wiseman alleged sufficient facts to give rise to respondeat superior liability on his part. (R&R at 13.) It recommended dismissing Moore, however, because Wiseman failed to exhaust his administrative remedies for his cruel and unusual punishment claim, which implicated Moore. Because the Court will grant leave to amend the cruel and unusual punishment claim, it will grant leave to include Moore in an amended complaint.