# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER RAY WISEMAN,<br><br>                            Plaintiff,<br>  vs.<br><br>ROBERT J. HERNANDEZ, Warden; et al.,<br><br>                            Defendant. | CASE NO. 08cv1272-LAB (NLS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

### I.     Introduction

This is a prisoner civil rights case, filed under 42 U.S.C. § 1983.  Plaintiff Chester Wiseman alleges that his First and Eighth Amendment rights were violated at R.J. Donovan Correctional Facility (where he was previously incarcerated) when he was denied access to the law library and deprived of outdoor exercise.  The defendants are prison officials at Donovan.

Pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and (d), Wiseman's complaint was referred to Magistrate Judge Nita Stormes for a report and recommendation ("R&R").  Defendants moved to dismiss the present complaint on May 26, 2010.  Judge Stormes issued her R&R on December 8, 2010, recommending that the motion to dismiss be granted.  Wiseman filed an objection to the R&R on January 18, 2011.

//

## II. Legal Standards

This Court has jurisdiction to review the R&R pursuant to Rule 72 of the Federal Rules of Civil Procedure. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The district judge "must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Because Wiseman is a prisoner and is proceeding pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## III. Discussion

The R&R concludes that Wiseman's claims should be dismissed because he has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a). Prisoners in California must proceed through several levels of administrative review: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second level appeal to the institution head; and (4) third level appeal to the Director of the California Department of Corrections. *Barry v. Ratelle*, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997). On a motion to dismiss, a court can look beyond the pleadings to resolve factual issues regarding exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

### A. Denial of Access to the Courts

Wiseman's claim that he was denied access to the Courts is based on the allegation that prison staff at Donovan refused to provide him with his legal papers, and with library access, after he was placed in an "Administrative Segregation" unit.

Wiseman maintains he made an informal verbal request for his papers, and for library access, when he was initially moved into AdSeg on March 10, 2008. (TAC ¶ 15.) He followed this up with a written request on March 12, 2008, which was never answered. (TAC ¶ 16.) He made another verbal request on March 17, 2008. (TAC ¶ 18.) On April 15, 2008, Wiseman filed a written appeal. (TAC ¶ 21.) On May 5, 2008, he made another verbal request. (TAC ¶ 25.) He filed a second written appeal on May 6, 2008. (TAC ¶ 26.) He made another verbal request on May 9, 2008. (TAC ¶ 27.) He filed yet another inmate appeal on May 12, 2008, which was refused on the ground that an appeal was already pending. (TAC ¶ 28.) On June 13, 2008, Wiseman appealed to Hernandez, alleging that he was still being denied his legal property and meaningful library access *and* asking Hernandez to take action. (TAC ¶ 30.) Wiseman received a response to his June 13, 2008 letter on July 11, 2008; he was told that his treatment by prison staff was consistent with prison policy. (TAC ¶ 32.) If this is all true, and the Court must accept that it is, then Wiseman arguably worked his way through the first, second, and third levels of review.[1]

But Wiseman did not appeal to the California Department of Corrections. In fact, he "concedes that his appeals were never decided at the third level." (R&R Obj. at 2.) The declarations of prison officials who track inmate appeals confirms this. (*See* Foston Decl. ¶ 8; Franklin Decl. ¶¶ 11–12.) Instead, Wiseman takes the position that this would have been fruitless because he never received any meaningful response to his first-level appeals:

> In this case, Plaintiff "properly filed" his inmate appeals by either giving them directly to the officer involved or sending them to the Inmate Appeals Office. None of the appeals in question have ever received responses. Once Plaintiff placed the appeals in the hands of prison officials, he lost all control over how they were handled. Once they failed to respond to the appeals within time constraints established by prison regulations, Plaintiff had no more remedies available for him to exhaust.

(Opp'n Br. at 5.) Wiseman is correct that a failure to exhaust may be excusable when a

---

[1] Wiseman's account of his successive grievances in his complaint is roughly consistent with an account in a declaration attached to his opposition to the pending motion to dismiss. (*See* Doc. No. 59-1.) The Court says "roughly" because Wiseman, in his declaration, mentions an April 6, 2008 appeal that is not mentioned in his complaint. (Wiseman Decl. ¶ 2.) According to his complaint, Wiseman filed his first appeal on April 15, 2008. (TAC ¶ 21.)

prisoner's conscientious efforts to exhaust are obstructed by prison staff. *See Nunez v. Duncan*, 591 F.3d 1217, 1224–26 (9th Cir. 2010); *Ngo v. Woodford*, 539 F.3d 1108 (9th Cir. 2008). The Court sees no reason, however, to excuse Wiseman's failure to take his grievance to the California Department of Corrections. However unresponsive Wiseman believes the Donovan staff was to his first-level appeals, the fact is that *on his own account* he submitted a second-level appeal to Warden Hernandez and that appeal was answered.[2] (TAC ¶¶ 30, 32.) If that answer was unsatisfying, Wiseman could have, and should have, appealed to the Director of the California Department of Corrections. There is no indication, in his complaint or other briefing, that *that* third-level appeal would have been pointless to even attempt.[3] Thus, the Court agrees with the R&R's conclusion that "[b]ecause Plaintiff does not offer any evidence or argument that he even attempted to submit a "Director's Level" appeal he has failed to exhaust his administrative remedies." (R&R at 10.) Wiseman did not make "every effort to make full use of the prison grievance process." *Nunez*, 591 F.3d at 1224.

//

---

[2] The Court is not even convinced that the Donovan staff was as unresponsive as Wiseman seems to believe. On April 4, 2008 he was given some of his legal papers. (TAC ¶ 20.) On April 18, 2008 he was escorted to the library and allowed to work there for two hours. (TAC ¶ 22.) Around May 6, 2008 he was told that because of work in the property room, there would be a delay in the delivery of his legal property. (TAC ¶ 26.) And on May 15, 2008 he was assured, in response to his inmate appeal, that he would receive library access. (TAC ¶ 29.) These may not have been the responses Wiseman was looking for, and they may have even exacerbated his alleged injuries in his view. But they do *not* suggest that the Donovan staff was obstructing the administrative channels by which Wiseman could have his grievances heard. Along these lines, the declarations submitted by Wiseman and his cellmate Vencil Green (whose statements are not very helpful to Wiseman) merely suggest that Wiseman submitted his first-level appeals and did not receive a meaningful response; this does not entitle Wiseman to throw up his hands and proclaim that there would be no point in pursuing his grievances up the administrative ladder.

[3] In his objection to the R&R, Wiseman takes issue with its statement that "the record demonstrates that Plaintiff was familiar with the requirements of the administrative review process having submitted twelve "Director's Level" appeals between 2001 and 2009, and additionally having sixteen appeals screened out for various flaws." (R&R at 9–10.) The Court agrees that Wiseman's mere awareness of the administrative review process has minimal relevance to whether he exhausted all of his administrative remedies in the present case. That said, in context Judge Stormes's statement was a response to Wiseman's point that he has "no more remedies available . . . to exhaust," which implies an ignorance of the Director-level review.

Even if the Court were unable to agree with the R&R in this regard, it is persuaded by the R&R's analysis of the substantive merits of Wiseman's claim that he was denied access to the Courts. He has not adequately pleaded: (1) the loss of a nonfrivolous underlying claim; (2) the official acts frustrating the litigation; and (3) some remedy that is available as recompense but that is not otherwise available in a future suit. *Christopher v. Harbury*, 536 U.S. 403, 413–14 (2002). Wiseman offers no meaningful argument in rebuttal, other than referencing the arguments he raised in his opposition to the motion to dismiss. (R&R Obj. at 4.)

### B. Deprivation of Outdoor Exercise

The R&R couples the exhaustion of Wiseman's outdoor exercise claim with his denial of access claim, but in the Court's judgment they call for separate discussions. Wiseman claims that on April 15, May 9, and June 30 of 2008 he complained verbally about his lack of outdoor exercise. (TAC ¶¶ 34–36.) On July 14, 2008, he formalized his complaints in a letter to the Warden, Chief Deputy Warden, and Associate Warden of Donovan. (TAC ¶ 38.) He went one level higher, on August 17, 2008, by submitting a letter to the Secretary of the California Department of Corrections. (TAC ¶ 39.) And he received a response to this letter on August 17, 2008 from the Associate Director of the California Department of Corrections, who said "[Donovan] realizes the need for additional yard space in these unforeseen overflow units and is currently in the process of building additional yard areas to accommodate inmate yard access needs within the ASU." (TAC ¶ 40.) On this account, Wiseman was arguably more thorough in his exhaustion of his outdoor exercise claim than his denial of access claim, because he actually reached out to the California Department of Corrections in what might be construed as a third-level appeal.[4] But Wiseman admits, nonetheless, that he never exhausted his third-level appeals, and the declarations of Foston

---

[4] This account, the Court notes, is somewhat at odds with that in the declaration Wiseman submitted with his opposition to the motion to dismiss. In that declaration, Wiseman claims to have submitted actual written appeals contesting his lack of outdoor exercise on May 12, 2008 and April 15, 2008. (Wiseman Decl. ¶¶ 6, 8.) He makes no mention in the declaration of the verbal complaints or his letters of July 14, 2008 and August 17, 2008.

and Franklin confirm this. The Court therefore reaches the same conclusion about Wiseman's lack of exercise claim as his lack of access claim: Wiseman failed to exhaust his administrative remedies.

**IV.     Conclusion**

The Court **ADOPTS** the R&R. The Defendants' motion to dismiss for failure to exhaust (and, as to the lack of access claim, for failure to state a claim) is **GRANTED**.

**IT IS SO ORDERED**.

DATED: March 25, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge